## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ORIENTAL BANK**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MANFRED PENTZKE LEMUS;**<br>**AUGUSTO LEMUS BERRIOS;**<br>**CARLOS M PENTZKE CHAMORRO;**<br>**LIGIA MARIA LEMUS DE PENTZKE;**<br>**JONATAN BEN DAVID PRIETO RUIZ DE VAL;**<br>**RODOLPHO PAGESY ROUSSEL;**<br>**HENDRICK SOCORRO SANCHEZ ORTA;**<br>**ALBERTO COUVERTIE HERRERA;**<br>**ALEX GOTAY CONCEPCION;**<br>**ALEXANDRA DAVILA ORTIZ;**<br>**ALEXIS PANTOJA DIAZ;**<br>**ANGEL FEBUS MUÑOZ;**<br>**ANGEL MALARET BELEN;**<br>**ANGEL MARIA MARTINEZ MARTINEZ;**<br>**ARNALDO BAEZ BETANCOURT;**<br>**ARNALDO DAVILA RIVERA;**<br>**ARNALDO RODRIGUEZ CAMACHO;**<br>**BETZAIDA ORTIZ GARCIA;**<br>**BRIAN ONIEL BLASSINI;**<br>**CARLOS ENRIQUE NEVAREZ CORREA;**<br>**CARLOS JOSE ARISTIZABAL;**<br>**CARLOS NEGRON FLORES;**<br>**CARLOS PENA SANTIAGO;**<br>**CAROLYN GONZALEZ MARRERO;**<br>**CESY CASIANO SANTIAGO;**<br>**CHRISTIAN RIVERA RENOVALES;**<br>**CHRISTOPHER MOLINA CHEVERE;**<br>**CRUZ PEREZ GUZMAN;**<br>**CRYSTAL SINGH VARGAS;**<br>**DACHIRA RIJOS RIVERA;**<br>**DENISE TORRES POLONIO;**<br>**DENISSE RODRIGUEZ DE JESUS;**<br>**DIVAD ROMAN ESTRADA;**<br>**EDGAR RODRIGUEZ TORRES;**<br>**EDUARDO PASTRANA MORALES;**<br>**EDWIN MELENDEZ RODRIGUEZ;** | **CIVIL NO.: 24-1550**<br><br>**ACTION FOR VIOLATIONS OF THE ORGANIZED CRIME CONTROL ACT OF 1970 (RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO), 18 U.S.C. §§ 1961 – 1968); COLLECTION OF MONEY; DAMAGES**<br><br>**JURY TRIAL IS DEMANDED** |

**EDYEL LEON RIVERA;**
**ELVEEN PADILLA BAEZ;**
**ELIAS DIAZ DELGADO;**
**ELIAS M LLABRES GALLIANO;**
**ELIMADIER JIMENEZ ORTIZ;**
**ELISEO HERNANDEZ ORTEGA;**
**EMMANUEL MAYSONET CRUZ;**
**EUGINE IRIZARRY IRIZARRY;**
**FELIX LARA VAZQUEZ;**
**FELIX R RIVERA NEGRON;**
**FREDDIE CORTORREAL SOTO;**
**GAMALIEL RIVERA APONTE;**
**GEOVANNY CINTRON RIVERA;**
**GEOVANNY VILLANUEVA HERNANDEZ;**
**GIOVANNI HERNANDEZ COLLAZO;**
**GIOVANNI RIVERA REYES;**
**GLENDA DEL CARMEN MELENDEZ;**
**GUSTAVO ANTONIO RIVERA DAVILA;**
**HAROLD SANCHEZ SANTIAGO;**
**HECTOR MARTINEZ ORTIZ;**
**HECTOR SANTIAGO DIAZ;**
**HILLARY SANCHEZ SANTIAGO;**
**HOMAR JAVIER HORTA TORRES;**
**IRIS DIAZ PEREZ;**
**ISAAC ADORNO POLONIO;**
**ISMAEL RAMIREZ ZAYAS;**
**IVELISSE NIEVES IRIZARRY;**
**JAN GARCIA SANCHEZ;**
**JAN HERNANDEZ MARTINEZ;**
**JANCARLO MORALES;**
**JANELLE I COONEY DELGADO;**
**JAPHET SANTIAGO GOMEZ;**
**JASMIN RIVERA COLON;**
**JAVIER VELEZ TORRES;**
**JAYSON PASTRANA ROMAN;**
**JENSSEN LOPEZ SANTIAGO;**
**JESUS EMMANUEL COTTO ZAYAS;**
**JESUS RODRIGUEZ MAYSONET;**
**JESUS SIERRA TORO;**
**JESUS SOTO LOZADA;**
**JIOVANNIE GARCIA SANCHEZ;**
**JOSE CARLOS CARMONA MORALES;**
**JOSE DANIEL DIAZ NIEVES;**
**JOSE FRANCISCO CAMPOS JOVEL;**
**JOSE MANUEL ORTIZ COTTE;**
**JOSEARYAM GOTAY LEON;**

**JOSEPH MORALES SANTIAGO;**
**JUAN MONSERRATE SANTIAGO;**
**JUAN RIVERA MUNDO;**
**JULIA CECILIA SANTIAGO SALGADO;**
**JULIA E PASTRANA ROMERO;**
**JULIANNETTE MALDONADO AMARO;**
**JULIO VERAS DE JESUS;**
**KARISHNA AYALA OTERO;**
**KATTY DE LEON DELGADO;**
**KEMUEL ANDRADE CANDELARIA;**
**KENNED VELAZQUEZ TOLEDO;**
**KENNY BAEZ MEDERO;**
**KIARA SIERRA BERMUDEZ;**
**LILLIAM COLLAZO PEREZ;**
**LUIS BURGOS DAVILA;**
**LUIS ANTONIO COLON ROSARIO;**
**LUIS GONZALEZ BLASSINI;**
**LUIS ONAD LEBRON;**
**LUIS PASTRANA ROMAN;**
**LUIS REYES SANDOVAL;**
**LUIS RODRIGUEZ DE JESUS;**
**MANUEL NEGRON ACOSTA;**
**MARANGELIS RIVERA RIVERA;**
**MARIA ORTIZ GARAY;**
**MARLA PEREIRA MEDINA;**
**MAXIMINO VERA RIVERA;**
**MAYRA MIRANDA COX;**
**MICHAEL PAGAN RUIZ;**
**MICHELLE CRESPO BLANCO;**
**MIGUEL ALICEA GONZALEZ;**
**NANCY ARROYO QUEVEDO;**
**NELSON NORIEGA SOTOMAYOR;**
**NELSON RODRIGUEZ VEGA;**
**NESTOR SABATER RIVERA;**
**NICOLE SUAREZ PADILLA;**
**NILDA BETANCOURT FIGUEROA;**
**NORBERTO TORRES COLON;**
**OMAR NIEVES AYALA;**
**OMAR ORLANDO SANTANA RODRIGUEZ;**
**ORLANDO ROMAN NIEVES;**
**OSCAR LOPEZ CRUZ;**
**PABLO ANDRES ALEMANY NIEVES;**
**PEDRO LINARES SANTIAGO;**
**RAFAEL GONZALEZ CASALDUC;**
**RAFAEL MACHUCA CRUZ;**
**RAFAEL MEJIAS GONZALEZ;**

**RAFAEL SOSA GIERBOLINI;**
**RAYMOND BOSQUE DEL TORO;**
**REBECCA SERRANO MARTINEZ;**
**REYNALDO LOPEZ AGRINZONI;**
**RICARDO GARAYUA ROLON;**
**RICARDO RAMOS MOYET;**
**RICARDO S SANTIAGO RODRIGUEZ;**
**ROBERTO FRAGOSO NEGRON;**
**ROBERTO GOTAY CONCEPCION;**
**ROBERTO LUIS LOPEZ CESAREO;**
**ROLANDO SANJURJO ROSARIO;**
**ROSA CASANOVA SALGADO;**
**ROSARIO POLONIO BAEZ;**
**RUBEN RAFAEL GONZALEZ RODRIGUEZ;**
**RUTH TRINIDAD DE LEON;**
**SAUL MALDONADO ACOSTA;**
**SERGIO LEON PEREZ;**
**SHEILA A GARCIA PEREZ;**
**STEFANIA VELEZ ECHEVARRIA;**
**STEPHANIE RUIZ MARTINEZ;**
**TASHIA MAYSONET MASSO;**
**TATIANA MARI LEBRON;**
**TOMAS CATALA SUAREZ;**
**VERONICA VAZQUEZ MOLINA;**
**VICENTE BAEZ MEDERO;**
**VICTOR LUIS GONZALEZ BARBOSA;**
**VIRNABIA RUIZ DE JESUS;**
**WANDA RODRIGUEZ FELICIANO;**
**WENDEE CEDENO ROSA;**
**WILFREDO JOSSET VAZQUEZ RIVERA;**
**WILFREDO RIVERA SALGADO;**
**WILLIAM VALLEJO TAGLE;**
**XAVIER SIERRA BLAS;**
**YADISHA MORALES SANTAGO;**
**YAHNZEE PUIG MAYSONET;**
**YANIRA I MORALES VALDERRAMA;**
**YEIMILIZ DIAZ PASTRANA;**
**YOEL RIVERA HERNANDEZ;**
**CTO, INC.;**
**CUBA BASEBALL CENTER INC.;**
**GARAGE ROOKIE INC.;**
**MGE LLC;**
**MAJOR GROUP, INC.;**
**SOCIAL CLUB LLC**

**Defendants**

<u>**COMPLAINT**</u>

**TO THE HONORABLE COURT**:

**COMES NOW** Plaintiff, Oriental Bank (hereinafter, "Oriental"), through the undersigned attorneys, and respectfully states, alleges and prays as follows:

## I.    INTRODUCTION

1.    The Coronavirus Aid, Relief, and Economic Security Act is a federal law enacted in March 2020 that was designed to provide emergency financial assistance to Americans suffering the economic effects caused by the COVID-19 pandemic.

2.    One form of such assistance was the authorization of United States taxpayer funds in forgivable loans to small businesses for job retention and certain other expenses, through a program, referred to as the Paycheck Protection Program ("PPP").

3.    To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, signed by an authorized representative of the business. The PPP loan application required the small business, through its authorized representative, to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, the small business, through its authorized representative, was required to provide, among other things, its average monthly payroll expenses and number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

4.    PPP loan applications were processed by participating financial institutions, such as Oriental. If a loan application was approved, the participating lender funded the PPP loan using

its own monies, which were 100% guaranteed by the United States Small Business Administration ("SBA").

5.    PPP loan proceeds could only be used by the business on certain permissible expenses, such as payroll costs, interest on mortgages, rent and utilities. Furthermore, the PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on the allowable expenses within a designated period of time and used a certain percentage of the PPP loan proceeds towards payroll expenses.

6.    However, the Defendants combined, conspired and devised a scheme and artifice to defraud Oriental and to obtain PPP funds by means of false and fraudulent pretenses and representations, by submitting and causing to be submitted false and fraudulent applications for PPP funds that contained materially false and fraudulent information and supporting documentation.

7.    Defendants utilized the fraudulently obtained PPP loan proceeds to benefit themselves and others, including for expenses prohibited under the requirements of the PPP program, and to make kickback payments to those Defendants that participated and conspired in the obtention of the fraudulent PPP loans.

8.    While most of the Defendants have been indicted for the racketeering activity that is further described below, Oriental is now forced to vindicate its right to be compensated for the full amount of its losses in Court.

## II.    THE PARTIES

9.    Oriental is a banking institution duly organized and existent under the laws of the Commonwealth of Puerto Rico, having its principal place of business in #254 Muñoz Rivera

Avenue, San Juan, Puerto Rico 00918. Oriental's mailing address is PO Box 195115, San Juan, Puerto Rico 00919-5115.

10.     Codefendant Alberto Couvertie Herrera is of legal age, from unknown civil status, unknown profession, and resident of Toa Baja, Puerto Rico. His mailing address is Urb. Calle Valparaíso Calle 10 E-32, Toa Baja, Puerto Rico 00949. His other known address is E32 C-10 Urb. Dos Ríos, Cataño, Puerto Rico 00949. In addition, his email address is nikocouvertie@gmail.com.

11.     Codefendant Alex Gotay Concepción is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Bo. Caimito Alto, Carr. 842 Km. 6 Hm 3, San Juan, Puerto Rico 00926. His other known address is Rr6 Box 10700, San Juan, Puerto Rico 00926. In addition, his email address is alexgotayc@gmail.com.

12.     Codefendant Alexandra Dávila Ortiz is of legal age, from unknown civil status and unknown profession, and resident of San Lorenzo, Puerto Rico. Her mailing address is Urb. Alt de San Lorenzo E-3 Calle 3, San Lorenzo, Puerto Rico 00754. In addition, her email address is alexandra3588@gmail.com.

13.     Codefendant Alexis Pantoja Díaz is of legal age, from unknown civil status and unknown profession, and resident of Goodyear, Arizona. His mailing address is 2601 S. Wood Blvd, Goodyear, Arizona. His other known addresses are: Urb. Los Montes 422 Calle Aguila, Dorado, Puerto Rico 00646; and Urb. Levittown Lakes CG 35 C/Dr Francisco Vasallo, Toa Baja, Puerto Rico 00950. In addition, his email address is a.pantoja5pr@gmail.com.

14.     Codefendant Ángel Febus Muñoz is of legal age, from unknown civil status and unknown profession, and resident of Guaynabo, Puerto Rico. His mailing address is D Condado Plaza Torrimar L 107 Carr. Los Filtros, Guaynabo, Puerto Rico 00969. His other known address

is 110 Ave. Los Filtros Plazas de Torrimar 1 Ste. 4107, Bayamón, Puerto Rico 00959. In addition, his email address is febus.ae@gmail.com.

15.     Codefendant Ángel Malaret Belén is of legal age, from unknown civil status, unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. EL Coquí Calle A A3, Bayamón, Puerto Rico 00961-7354. His other known address is Camino El Mundo Carr 176 R844 Km 4.5, San Juan, Puerto Rico 00926. In addition, his email address is a.malaretbelen@gmail.com.

16.     Codefendant Ángel María Martínez Martínez is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. His known address is Barrio Obrero 231 Calle Ruiz Belvis, San Juan, Puerto Rico 00915.

17.     Codefendant Arnaldo Báez Betancourt is of legal age, from unknown civil status, unknown profession, and resident of Gurabo, Puerto Rico. His mailing address is Urb. Valle de Ensueño D-4 Calle 3, Gurabo, Puerto Rico 00778. His other known address is HC 2 Box 13203, Gurabo, Puerto Rico 00778. In addition, his email address is baezhealth@gmail.com.

18.     Codefendant Arnaldo Dávila Rivera is of legal age, from unknown civil status and unknown profession, and resident of Vega Alta, Puerto Rico. His mailing address is Santa Rita F-6, Vega Alta, Puerto Rico 00692. In addition, his email address is nardy196@gmail.com.

19.     Codefendant Arnaldo Rodríguez Camacho is of legal age, from unknown civil status and unknown profession, and resident of Guaynabo, Puerto Rico. His mailing address is Cond. Atrium Park 37, Calle Regina Medina Apt. 208, Guaynabo, Puerto Rico 00969-6003. In addition, his email address is axavier171@icloud.com.

20.     Codefendant Augusto Lemus Berríos is of legal age, from unknown civil status and unknown profession, and resident of Miami, Florida. His mailing address 11540 SW 2nd St Apt.

58, Miami, FL 33174. In addition, his email address is alemus@majorgrouppr.com.

21.    Codefendant Betzaida Ortiz García is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. Her mailing address is Caimito Bajo Carr 842 Km2 Hm7 Camino Tabonucal San Juan, Puerto Rico 00926. In addition, her email address is betzaidaog97@gmail.com.

22.    Codefendant Brian Oniel Blasini is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is X 12 C 28 Bella Vista Gardens, Bayamón, P.R. 00957. In addition, his email address is elitalianoblasinni@gmail.com.

23.    Codefendant Carlos José Aristizabal is of legal age, from unknown civil status, unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. Bella Vista G-10 Calle 10A, Bayamón, Puerto Rico 00957-6015. His other known address is N-11 Sierra Bayamón, Bayamón, PR 00961. In addition, his email address is carlosaristizabalpr@gmail.com.

24.    Codefendant Carlos Negrón Flores is of legal age, from unknown civil status and unknown profession, and resident of Toa Alta, Puerto Rico. His mailing address is Terrazas del Toa 2H23 Calle 14, Toa Alta, Puerto Rico 00953-4803. In addition, his email address is authenticairduct2@gmail.com.

25.    Codefendant Carlos Enrique Nevárez Correa is of legal age, from unknown civil status and unknown profession, and resident of Guaynabo, Puerto Rico. His mailing address is Torrimar Calle Alhambra 17-25, Guaynabo, Puerto Rico 00969. In addition, his email address is cnevarezcorrea@outlook.com.

26.    Codefendant Carlos Pentzke Chamorro is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. Sierra

Taína 8A Calle 1, Bayamón, Puerto Rico 00956. In addition, his email address is carlos@majorgrouppr.com.

27.    Codefendant Carlos Peña Santiago is of legal age, from unknown civil status and unknown profession, and resident of Caguas, Puerto Rico. His mailing address is Urb. El Mirador de Bairoa, 205 Calle 19, Caguas, Puerto Rico, 00725. In addition, his email address is carlospena1025@gmail.com.

28.    Codefendant Carolyn González Marrero is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. Her mailing address is Sec. Marcelo Caimito Alto, Calle 10 SE 1178 Caparra Terrace, San Juan, Puerto Rico 00921. In addition, her email address is cmarrero830@gmail.com.

29.    Codefendant Cesy Casiano Santiago is of legal age, from unknown civil status and unknown profession, and resident of Dorado, Puerto Rico. Her mailing address is Paseos de Dorado Corales 1 G-36, Dorado, Puerto Rico, 00646. In addition, her email address is cecilcasiano.cc@hotmail.com.

30.    Codefendant Christian Rivera Renovales is of legal age, from unknown civil status and unknown profession, and resident of Juana Díaz, Puerto Rico. His mailing address is Casa Blanca Carr 535 Bo. Rio Canas Abajo, Juana Díaz, Puerto Rico, 00795. His other known address is PO Box 3502 PMB 1122, Juana Díaz, Puerto Rico, 00795. In addition, his email address is renovales14@yahoo.com.

31.    Codefendant Christopher Molina Chévere is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Rexville Aq-23 Calle 50, Bayamón, P.R. 00957-4219. In addition, his email address is christophermolina69@gmail.com.

32.     Codefendant Cruz Pérez Guzmán is of legal age, from unknown civil status and unknown profession, and resident of Manatí, Puerto Rico. His mailing address is Urb. Monte Verde, F-17 Carr 670 Km 4, Manatí, Puerto Rico, 00674. In addition, his email address is sperez.guzman77@gmail.com.

33.     Codefendant Crystal Lee Singh Vargas is of legal age, from unknown civil status, unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. El Cortijo Calle 3 NN-12, Bayamón, Puerto Rico 00956. In addition, his email address is cristal.singh27@gmail.com.

34.     Codefendant CTO, Inc. is an institution duly organized and existing under the laws of the Commonwealth of Puerto Rico. The mailing address of CTO, Inc. is Urb. Monte Verde A10 Calle 1, Toa Alta, Puerto Rico 00953-3530. In addition, the email address of CTO, Inc. is omar@ctofl.com.

35.     Codefendant Cuba Baseball Center, Inc. is an institution duly organized and existing under the laws of the Commonwealth of Puerto Rico. The mailing address of Cuba Baseball Center, Inc. is RR 10 Box 10536. The other known address is Urb. Caminos Del Bosque Ed 5 Car 842 Km 73, San Juan, Puerto Rico 00926.In addition, the email address of Cuba Baseball Center, Inc. is cubamisuno@gmail.com.

36.     Codefendant Dachira Rijos Rivera is of legal age, from unknown civil status, unknown profession, and resident of Dorado, Puerto Rico. Her mailing address is Urb. Los Silos Hacienda Dorado Solar 5A Carr 667 Km1 Hm6 Int, Dorado, Puerto Rico 00646. His other known address is Haciendas Del Dorado 5A, Dorado, PR 00646. In addition, his email address is dachira_87@hotmail.com.

37.     Codefendant Denise Torres Polonio is of legal age, from unknown civil status and

unknown profession, and resident of Bayamón, Puerto Rico. Her mailing address is Urb. Bella Vista X-12 Calle 28, Bayamón, Puerto Rico 00957. In addition, her email address is dmtorre1217@gmail.com.

38.    Codefendant Denisse Yanira Rodríguez De Jesús is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. Her mailing address is Bo. Caimito Bajo Cam. Tabonucal, Carr.1 R 842 Km2 7, San Juan, Puerto Rico 00926. Her other known address is 24 Camino Tabonucal, San Juan, Puerto Rico 00926. In addition, her email address is deni12sse@hotmail.com.

39.    Codefendant Divad Román Estrada is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Parcelas Carraizo 181 A Calle 4 Km4, San Juan, Puerto Rico, 00926. His other known addresses are: Rr 36 Box 8197, San Juan, Puerto Rico 00926-9961; and Cupey Bajo Camino El Mudo, Carr. 844 Km 4.5, San Juan, Puerto Rico 00926. In addition, his emails addresses are: miragejdm@hotmail.com and divad9028@gmail.com.

40.    Codefendant Edgar Rodríguez Torres is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. His known address is Urb. Santiago Iglesias Calle J Rivera Gautier #1754, San Juan, Puerto Rico 00921. In addition, his email address is edgarrafael242@gmail.com.

41.    Codefendant Eduardo Pastrana Morales is of legal age, from unknown civil status and unknown profession, and resident of Trujillo Alto, Puerto Rico. His mailing address is Urb. Villas de Carraizo, Q11 C/46, Trujillo Alto, Puerto Rico 00977. His other known address is Urbanización Villas de Carraizo Calle 46, San Juan, Puerto Rico 00926. In addition, his email address is eduardopastrana38@gmail.com.

42.    Codefendant Edwin Meléndez Rodríguez is of legal age, from unknown civil status, unknown profession, and resident of Río Grande, Puerto Rico. His mailing address is Bo Zarzal Car 3 R966 K2 JH9, Río Grande, Puerto Rico 00745. His other known address is HC4 12577, Río Grande, PR 00745. In addition, his email address is edwinmelendez1313@gmail.com.

43.    Codefendant Edyel León Rivera is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Cond. Caminos Verdes 6501 Carr. 844 Apto. 1301, San Juan, Puerto Rico, 00926. In addition, his email address is edyiversonsr@gmail.com.

44.    Codefendant Elías Díaz Delgado is of legal age, from unknown civil status and unknown profession, and resident of Carolina, Puerto Rico. His mailing address is Cond. Torres del Escorial II, Apt. 304, Carolina, Puerto Rico 00987. In addition, his email address is eliasmdiaz@gmail.com.

45.    Codefendant Elías Llabres Galliano is of legal age, from unknown civil status, unknown profession, and resident of Guaynabo, Puerto Rico. His mailing address is Parque Mediterraneo Calle Sicilia G7, Guaynabo, Puerto Rico 00966.. In addition, his email address is eliasfut.llabres@gmail.com.

46.    Codefendant Elimadier Jiménez Ortiz is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Calle 14 L 29 Urb. Cortijo, San Juan, Puerto Rico 00956. In addition, his email address is elimadierj@gmail.com.

47.    Codefendant Eliseo Hernández Ortega is of legal age, from unknown civil status, unknown profession, and resident of Trujillo Alto, Puerto Rico. His mailing address is Lc 04 C1 Urb. Montecillos II Encantada, Trujillo Alto, Puerto Rico 00976. His other known address is PO

Box 890, Trujillo Alto, PR 00977. In addition, his email address is eliho74@yahoo.com.

48.    Codefendant Elveen Padilla Báez is of legal age, from unknown civil status, unknown profession, and resident of Naranjito, Puerto Rico. His mailing address is Barrio Nuevo Sector Mulitas Carr 164 R815 Km 3 H5, Naranjito, Puerto Rico 00719. In addition, his email address is elveen09@icloud.com.

49.    Codefendant Emmanuel Maysonet Cruz is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. Villa Contesa P-16 Calle Kent, Bayamón, Puerto Rico 00956-2738. In addition, his email address is shak6speed@gmail.com.

50.    Codefendant Eugine Irizarry Irizarry is of legal age, from unknown civil status, unknown profession, and resident of Arecibo, Puerto Rico. His mailing address is Islotes 2 Buzón 199, Arecibo, Puerto Rico 00612. His other known address is Bo Islote II #199 Carr 2 R681 Km 3.4, Arecibo, PR 00612. In addition, his email address is yinoirizarry89@gmail.com.

51.    Codefendant Félix Damián Lara Vázquez is of legal age, from unknown civil status and unknown profession, and resident of Trujillo Alto, Puerto Rico. His mailing address is Antigua Vía Cupey Bajo, Carr. 176 R845, K3 H1 Int, Trujillo Alto, Puerto Rico 00976. His other mailing address is Urb. Fair View, Calle Fray A Marchena 698, Trujillo Alto, Puerto Rico 00976. In addition, his email address is dlara11@outlook.es.

52.    Codefendant Félix Rivera Negrón is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. His mailing address is PO Box 260188, San Juan, Puerto Rico 00926. His other known address is Cond Portal de la Reina 301 Apt, San Juan, PR 00924. In addition, his email address precisionpaintingpr@yahoo.com.

53.    Codefendant Freddie Cortorreal Soto is of legal age, from unknown civil status,

unknown profession, and resident of Carolina, Puerto Rico. His mailing address is Urb. Vistamar 697 Calle Segovia, Carolina, Puerto Rico 00983-1438. His other known address is Urb. Estancias Del Sol Calle Rubi Casa 8, Río Grande, Puerto Rico 00745. In addition, his email address is freddycortorreal@gmail.com.

54.    Codefendant Gamaliel Rivera Aponte is of legal age, from unknown civil status, unknown profession, and resident of Naranjito, Puerto Rico. His mailing address is Bo Nuevo Sector Mulitas, Naranjito, Puerto Rico 00719. His other known address is Hc73 Box 5779, Naranjito, PR 00719. In addition, his email address is gamalielrivera.og@gmail.com.

55.    Codefendant Garage Rookie Inc. is an institution duly organized and existing under the laws of the Commonwealth of Puerto Rico. The mailing address of Garage Rookie Inc. is Carr #2 KM 17.4 Bo Candelaria, Toa Alta, Puerto Rico 00949.In addition, the email address of Garage Rookie Inc. is rookiepaint@gmail.com.

56.    Codefendant Geovanny Cintrón Rivera is of legal age, from unknown civil status, unknown profession, and resident of Toa Alta, Puerto Rico. His mailing address is Bo Quebrada Cruz Sec El Cuco Carr 825 Km 7, Toa Alta, Puerto Rico 00953. In addition, his email address is geovannycintron@icloud.com.

57.    Codefendant Geovanny Villanueva Hernández is of legal age, from unknown civil status, unknown profession, and resident of Toa Alta, Puerto Rico. His mailing address is Bucarabones Villa Juventud Parcela 206, Toa Alta, Puerto Rico 00953-9721. His other known address is Rr1 Box 11701, Toa Alta, Puerto Rico 00953. In addition, his email address is geovillageovilla@hotmail.com.

58.    Codefendant Giovanni Hernández Collazo is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is

Valle de Cerro Gordo, Calle Onix U-19, Bayamón, Puerto Rico 00957. In addition, his email address is chiky2279@gmail.com.

59.    Codefendant Giovanni Manuel Rivera Reyes is of legal age, from unknown civil status, unknown profession, and resident of Río Grande, Puerto Rico. His mailing address is Alt de Río Grande X-1244 Calle 23, Río Grande, Puerto Rico 00745-3232. In addition, his email address is riveragiovanni754@gmail.com.

60.    Codefendant Glenda Del Carmen Meléndez Pérez is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. Her physical and mailing address is Urb. Las Flores de Montehiedra 636 Calle Don Diego, San Juan, Puerto Rico 00926. In addition, her email address is jcapack1@gmail.com.

61.    Codefendant Gustavo Antonio Rivera Dávila is of legal age, from unknown civil status, unknown profession, and resident of Toa Alta, Puerto Rico. His mailing address is Palacios de Marbella F-4 Calle Andrés Segovia, Toa Alta, Puerto Rico 00953. In addition, his email address is griveradavila1520@gmail.com.

62.    Codefendant Harold Sánchez Santiago is of legal age, from unknown civil status and unknown profession, and resident of Toa Alta, Puerto Rico. His mailing address is Villa María B-10, Toa Alta, Puerto Rico, 00953. His other known address is PO Box 402, Toa Alta, Puerto Rico 00953. In addition, his email address is haroldsanchez1998@gmail.com.

63.    Codefendant Héctor Martínez Ortiz is of legal age, from unknown civil status and unknown profession, and resident of Manatí, Puerto Rico. His mailing address is Urb. Monte Verde F-17 Calle Britto, Manatí, Puerto Rico, 00674. His other known address is Calle Ext Sur #527, Dorado, Puerto Rico, 00646. In addition, his email address is hector.mortiz29@gmail.com.

64.    Codefendant Héctor Santiago Díaz is of legal age, from unknown civil status and

unknown profession, and resident of Trujillo Alto, Puerto Rico. His mailing address is Urb. Lago Alto I-161 Calle Patillas, Trujillo Alto, Puerto Rico 00976-4024. His other known address is Calle Lealtad 1018 Condominio Victoria Apt. B436, San Juan, Puerto Rico 00923. In addition, his email address is hectorsantiago1993@gmail.com.

65.    Codefendant Hendrick Socorro Sánchez Orta is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Carretera 842 Km. 7.3 Caimito, Alto San Juan, Puerto Rico 00926. In addition, his email address is hendricksanchezorta@gmail.com.

66.    Codefendant Hillary Sánchez Santiago is of legal age, from unknown civil status and unknown profession, and resident of Toa Alta, Puerto Rico. Her mailing address is Villa María B-10, Toa Alta, Puerto Rico 009532311. Her other known address is PO Box 402, Toa Alta, Puerto Rico, 00954. In addition, her email address is santiahillary@gmail.com.

67.    Codefendant Homar Javier Horta Torres is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. Teresita Calle 38 AJ-12, Bayamón, Puerto Rico  00961-8301. His other known address is Carr #2 Km. 17.4 Bo. Candelaria, Toa Alta, Puerto Rico 00949. In addition, his email address is rookiepaint@gmail.com.

68.    Codefendant Iris Díaz Pérez is of legal age, from unknown civil status and unknown profession, and resident of Trujillo Alto, Puerto Rico. Her mailing address is Urb. Lago Alto I161 Calle Patillas, Trujillo Alto, Puerto Rico, 00976-4024. Her other known addresses are: Carr. 844 Km. 4.5 Cupey Bajo, San Juan, Puerto Rico 00926; and Rr Box 8155, San Juan, Puerto Rico 00910-0155. In addition, her email address is irisyolanda12@hotmail.com.

69.    Codefendant Isaac Adorno Polonio is of legal age, from unknown civil status and

unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. Bella Vista X12 Calle 28, Bayamón, Puerto Rico 009526. In addition, his email address is lsdami232@gmail.com.

70.    Codefendant Ismael Ramírez Zayas is of legal age, from unknown civil status and unknown profession, and resident of Dorado, Puerto Rico. His mailing address is Bo. Espinosa Carr. 2 Km 25 2, Dorado, Puerto Rico 00646. His other known address is Urb. Santa Rosa, Calle 22 39-10, Bayamón, Puerto Rico 00959. In addition, his email address is ismaelram@hotmail.com

71.    Codefendant Ivelisse Nieves Irizarry is of legal age, from unknown civil status and unknown profession, and resident of Caguas, Puerto Rico. Her mailing address is Urb. Jose Delgado C-7 Calle 9, Caguas, Puerto Rico 00725-3134. In addition, her email address is nieves_ivelisse@yahoo.com.

72.    Codefendant Jan Daniel García Sánchez is of legal age, from unknown civil status, unknown profession, and resident of Toa Alta, Puerto Rico. His mailing address is Urb. Monte Verde D6 Calle 1, Toa Alta, Puerto Rico 00953. In addition, his email address is jandgarcia1008@gmail.com.

73.    Codefendant Jan Hernández Martínez is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is 6 Cond. Colinas de Bayamón Apt D, Bayamón, Puerto Rico 00956. His other known addresses are: Hacienda Flonda Calle Sauce C3, San Lorenzo, Puerto Rico 00754; and Urb. Estancias Reales, Calle Principal Alberto #45, Guaynabo, Puerto Rico 00969. In addition, his email address is janalexis14@icloud.com.

74.    Codefendant Jancarlo Morales is of legal age, from unknown civil status and unknown profession, and resident of Toa Alta, Puerto Rico. His mailing address is Toa Alta

Heights, Calle 27 AE1, Toa Alta, Puerto Rico 00953. In addition, his email address is mjancarlo3@gmail.com.

75.    Codefendant Janelle Cooney Delgado is of legal age, from unknown civil status and unknown profession, and resident of Guaynabo, Puerto Rico. Her mailing address is Urb. Parkville Sur, E18 Calle Adams, Guaynabo, Puerto Rico 00969. In addition, her email address is jcooney787@gmail.com.

76.    Codefendant Japhet Santiago Gómez is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Valle Collores Los Campos 714 Montehiedra, San Juan, Puerto Rico 00926. His other known address is Ave. Hostos 592 Urb. Baldrich, San Juan, PR 00918. In addition, his email address is japhet.santiago@yahoo.com.

77.    Codefendant Jasmin Rivera Colón is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Cond. El Comandante Apts Apt. 3, San Juan, Puerto Rico 00924. In addition, his email address is jasmin5978@gmail.com.

78.    Codefendant Javier Vélez Torres is of legal age, from unknown civil status and unknown profession, and resident of Las Piedras, Puerto Rico. His mailing address is Urb. Dorilina 17, Calle 3, Las Piedras, Puerto Rico 00771. His other known address is Urb. Quintas de Humacao, Calle B6, Humacao, Puerto Rico 00791. In addition, his email address javielito_1994@hotmail.com.

79.    Codefendant Jayson Pastrana Román is of legal age, from unknown civil status, unknown profession, and resident of Barceloneta, Puerto Rico. His mailing address is Parcelas Punta Palmas Calle Pescadores 112, Barceloneta, Puerto Rico 00617 In addition, his email address

is eldoradito2020@gmail.com.

80.    Codefendant Jenssen López Santiago is of legal age, from unknown civil status, unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Parc 340 Calle 7 Este R-11, Bayamón, Puerto Rico 00956. In addition, his email address is jenssenlopez5@gmail.com.

81.    Codefendant Jesús Emmanuel Cotto Zayas is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Urb. Paradise Hills Calle Pedernales 1653, San Juan, Puerto Rico 00926-3126. In addition, his email address is cottomiami@gmail.com.

82.    Codefendant Jesús Rodríguez Maysonet is of legal age, from unknown civil status, unknown profession, and resident of Vega Alta, Puerto Rico. His mailing address is Urb. Santa Rita, Calle #2 F6, Vega Alta, PR, 00692. In addition, his email address is jesusmrodriguezmaysonet@gmail.com.

83.    Codefendant Jesús Sierra Toro is of legal age, from unknown civil status, unknown profession, and resident of Guaynabo, Puerto Rico. His mailing address is Villas de Parkville 2 55 Ave. Lopetegui Apt. 259, Guaynabo, Puerto Rico 00969. In addition, his email address is nixary@gmail.com.

84.    Codefendant Jesús Soto Lozada is of legal age, from unknown civil status and unknown profession, and resident of Juncos, Puerto Rico. His mailing address is Urb. Hacienda de Tenas, Calle Caguax, Juncos, Puerto Rico 00777. In addition, his email address is chu626@yahoo.com.

85.    Codefendant Jiovannie García Sánchez is of legal age, from unknown civil status, unknown profession, and resident of Toa Alta, Puerto Rico. His mailing address is Urb. Monte

Verde D-6 Calle 1, Toa Alta, Puerto Rico 00953. In addition, his email address is jiovanniemar1591@gmail.com.

86.     Codefendant Jonatan Ben David Prieto Ruiz de Val is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Urb. University Gardens, 781 Calle Harvard, San Juan, Puerto Rico 00927. His other known address is PO Box 6980, Bayamón, Puerto Rico, 00960. In addition, his email address is jonathan_prieto@hotmail.com.

87.     Codefendant José Francisco Campos Jovel is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Cond. El Taíno 1308 Calle Luchetti Apt. 904, San Juan, Puerto Rico 00907. In addition, his email address is fco.campos@yahoo.com.

88.     Codefendant José Carlos Carmona Morales is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. Rio Hondo II Calle Rio Humacao AF-1, Bayamón, Puerto Rico 00961-3232. In addition, his email address is jo_chek420@yahoo.com.

89.     Codefendant José Daniel Díaz Nieves is of legal age, from unknown civil status, unknown profession, and resident of Toa Baja, Puerto Rico. His mailing address is Urb. Levittown Q-7 Calle Luz Este, Toa Baja, Puerto Rico 00949-4650. In addition, his email address is pipostransport@gmail.com.

90.     Codefendant José Manuel Ortiz Cotte is of legal age, from unknown civil status, unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. Rexville Za-11 Calle 21, Bayamón, Puerto Rico 00956. In addition, his email address is jose.2023jo@icloud.com.

91.     Codefendant Josearyam Gotay León is of legal age, from unknown civil status and unknown profession, and resident of Guaynabo, Puerto Rico. His mailing address is Bo. Fraile Sector Melia Carr 838 Km1 3, Guaynabo, Puerto Rico 00965. His other known addresses are: Bo. Alejandrino Carr 20 Ramal 839 Km 1 HM 3, Guaynabo, Puerto Rico 00971; and HC 03 Box 9077, Guaynabo, Puerto Rico 00971. In addition, his email address is jgotayleon@gmail.com.

92.     Codefendant Joseph Morales Santiago is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Bo. Caimito Bajo, Carr. 842 Sect. Chiclana #2, San Juan, Puerto Rico 00926. In addition, his email address is jousanta99@gmail.com.

93.     Codefendant Juan Monserrate Santiago is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. His mailing address is 559 Ave. De Hostos Urb. Baldrich, San Juan, Puerto Rico 00918. In addition, his email address is jcmonserrate@gmail.com.

94.     Codefendant Juan Rivera Mundo is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Bo. Caimito Sect. Chiclana 2, Carr. 842 Km 3 1, San Juan, Puerto Rico 00926. His other known addresses are: Villa de Lomas Verde Edif. C404, San Juan, Puerto Rico 00926; and RR 6 Box 9899, San Juan, Puerto Rico 00926. In addition, his email address is juan.luiad@gmail.com.

95.     Codefendant Julia Pastrana Romero is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. Her mailing address is Cupey Alto Carr. 176 Km 9 1, San Juan, Puerto Rico, 00926. Her other known address is RR #6 Box 10925, San Juan, Puerto Rico 00926. In addition, her email address is juliapastrana@majorgrouppr.com.

96.     Codefendant Julia Cecilia Santiago Salgado is of legal age, from unknown civil

status and unknown profession, and resident of Toa Baja, Puerto Rico. Her mailing address is Urb. Levittown Seef 17 Calle Jose Alegría, Toa Baja, Puerto Rico 00949-3453. Her other known address is Urb. Levittown Lakers, C Dr. Quevedo Báez BT 19, Toa Baja, Puerto Rico 00949. In addition, her email address is juliasantiago702@gmail.com.

97.    Codefendant Juliannette Maldonado Amaro is of legal age, from unknown civil status, unknown profession, and resident of Trujillo Alto, Puerto Rico. His mailing address is Urb. Entrerios Via Enramada Er45, Trujillo Alto, Puerto Rico 00976. In addition, his email address is j.maldonadoamaro@gmail.com.

98.    Codefendant Julio Veras De Jesús is of legal age, from unknown civil status and unknown profession, and resident of Caguas, Puerto Rico. His mailing address is Urb. Valle Tolima D 27, Juan Morales, Caguas, Puerto Rico 00725. In addition, his email address is jc_veras@live.com.

99.    Codefendant Karishna Nicole Ayala Otero is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. Her mailing address is BB1 Calle Rio Amazonas, Bayamón, Puerto Rico 00961-3269. In addition, her email address is karishnamakeup@gmail.com.

100.    Codefendant Katty De León Delgado is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. Her mailing address is Cupey Bajo Carr 844 Cam El Mundo K4 5, San Juan, Puerto Rico 00926. Her other known address is RR36 Box 8197, San Juan, Puerto Rico 00926. In addition, her email address is kattydeleon2011@gmail.com.

101.    Codefendant Kemuel Andrade Candelaria is of legal age, from unknown civil status, unknown profession, and resident of Río Grande, Puerto Rico. His mailing address is Cond

Lomas de Río Grande Apt 2804 Edif N, Río Grande, Puerto Rico 00745. In addition, his email address is rosacasanova715@gmail.com.

102.    Codefendant Kenned Velázquez Toledo is of legal age, from unknown civil status and unknown profession, and resident of Trujillo Alto, Puerto Rico. His mailing address is Bo. Carraizo Alto, Carr 175 K5 H0, Trujillo Alto, Puerto Rico 00976. His other known address is Urb. San Angel, Calle San Gabriel 84, San Juan, Puerto Rico 00926. In addition, his email address is kenamir1104@gmail.com.

103.    Codefendant Kenny Báez Medero is of legal age, from unknown civil status, unknown profession, and resident of Carolina, Puerto Rico. His mailing address is Urb. Villa Carolina 117 26 Calle 75, Carolina, Puerto Rico 00985-4176. In addition, his email address is baezkenny6@gmail.com.

104.    Codefendant Kiara Sierra Bermúdez is of legal age, from unknown civil status and unknown profession, and resident of Cataño, Puerto Rico. Her mailing address is 5090 Bda Puente Blanco Calle D 256, Cataño, Puerto Rico 00961. Her other known address is Barrio Palmas Edificio 27, Áptero 264, Cataño, Puerto Rico 00962-5090. In addition, her email address is kiarasierra17@gmail.com.

105.    Codefendant Ligia Maria Lemus de Pentzke is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. Her mailing address is Urb. Sierra Taína 8A Calle 1, Bayamón, Puerto Rico 00956. Her other known address is PO Box 6980, Bayamón, Puerto Rico 00960. In addition, her email address is ligia@majorgrouppr.com.

106.    Codefendant Lilliam Collazo Pérez is of legal age, from unknown civil status and unknown profession, and resident of Vega Baja, Puerto Rico. Her mailing address is 298 Jardín Del Bosque, Vega Baja, Puerto Rico 00693-3930. In addition, her email address is

lcollazo24@hotmail.com.

107.    Codefendant Luis Burgos Dávila is of legal age, from unknown civil status and unknown profession, and resident of Cataño, Puerto Rico. His mailing address is Bo. Puente Blanco 21 Int Principal Puente Blanco, Cataño, Puerto Rico, 00962. His other known address is Barrio Palmas Edif. 27 Apt. 264, Cataño, Puerto Rico 00962. In addition, his email address is luiscustoms10@gmail.com.

108.    Codefendant Luis Antonio Colón Rosario is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Urb. Santiago Iglesias 1814 Belén Burgos B, San Juan, Puerto Rico 00921. His other known address is Torre de los Frailes Apt 10M, Guaynabo, Puerto Rico 00969. In addition, his email address is luiscolonrosario@yahoo.com.

109.    Codefendant Luis González Blassini is of legal age, from unknown civil status and unknown profession, and resident of Toa Baja, Puerto Rico. His mailing address is Urb. Covadonga 1G1 C-3 Calle Cervantes, Toa Baja, Puerto Rico 00949. His other known address is Urb. Bellavista Calle 26 X12, Bayamón, Puerto Rico 00957. In addition, his email address is mtx212@hotmail.com.

110.    Codefendant Luis Onad Lebron is of legal age, from unknown civil status, unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. Santa Rosa Calle 24 Bloque 35-12, Bayamón, Puerto Rico 00956. His other known address is Urb. Santa Juanita Secc II Calle Robles Ej 9 Apt #4, Bayamón, Puerto Rico 00956-5236. In addition, his email address is onadlebron@yahoo.com.

111.    Codefendant Luis Pastrana Román is of legal age, from unknown civil status, unknown profession, and resident of Barceloneta, Puerto Rico. His mailing address is Parc Punta

Palmas Carr 684 Km 5 Ho Int, Barceloneta, Puerto Rico 00617. His other known address is Parc Punta Palmas Calle Pescadores 112, Arecibo, Puerto Rico 00612. In addition, his email address is wichy00@gmail.com.

112.    Codefendant Luis Reyes Sandoval is of legal age, from unknown civil status and unknown profession, and resident of Caguas, Puerto Rico. His mailing address is Urb. Valle Tolima N14 Calle Mona Marti, Caguas, Puerto Rico 00727-2347. In addition, his email address is luiomara@hotmail.com.

113.    Codefendant Luis Rodríguez De Jesus is of legal age, from unknown civil status and unknown profession, and resident of Cidra, Puerto Rico. His mailing address is Bo. Bayamón Carr 173 35 Parc Gandaras 2, Cidra, Puerto Rico 00739. In addition, his email address is luisrodriguez_2@yahoo.com.

114.    Codefendant Major Group, Inc. is an institution duly organized and existing under the laws of the Commonwealth of Puerto Rico. The mailing address of Major Group, Inc.  is PO Box 1637, Guaynabo, Puerto Rico 00970. The other known address of Major Group, Inc., is Urb. Sierra Taína CI 8a Rm, Bayamón, Puerto Rico 00956. In addition, the email address of Major Group, Inc. is manfred@majorgrouppr.com.

115.    Codefendant Manfred Arno Pentzke Lemus is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. Sierra Taína 8-A Calle 1, Bayamón, Puerto Rico 00956-3041. In addition, his email address is manfred@majorgrouppr.com.

116.    Codefendant Manuel Negrón Acosta is of legal age, from unknown civil status, unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Reparto Flamingo H8 Calle Central, Bayamón, Puerto Rico 00959-4941. In addition, his email address is

ema.4114@gmail.com.

117.    Codefendant Marangelis Rivera Rivera is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. Her mailing address is Ave. Hostos #592 Urb. Baldrich, San Juan, Puerto Rico 00918. Her other known address is Urb. Los Campos de Montehiedra 714 Valle de Collores, San Juan, PR 00926. In addition, her email address is mararivera27@yahoo.com.

118.    Codefendant María Ortiz Garay is of legal age, from unknown civil status, unknown profession, and resident of Bayamón, Puerto Rico. Her mailing address is Urb. Rexville Calle 6 G-9, Bayamón, Puerto Rico 00957. In addition, her email address is amarispromesa@gmail.com.

119.    Codefendant Marla Pereira Medina is of legal age, from unknown civil status and unknown profession, and resident of Manatí, Puerto Rico. Her mailing address is Bo. Cantito Carr. 616 Km 0 3 #22, Manatí, Puerto Rico, 00674. Her other known address is Bo. Tierras Nuevas Buzón 22 Carr. 616 Km 0.3, Manatí, Puerto Rico 00674. In addition, her email address is lilwizardmusic@gmail.com.

120.    Codefendant Maximino Vera Rivera is of legal age, from unknown civil status and unknown profession, and resident of Caguas, Puerto Rico. His mailing address is Valle Tolima D27, Calle Juan M Morales, Caguas, Puerto Rico 00727-2314. In addition, his email address is maximinoveras29@gmail.com.

121.    Codefendant Mayra Paola Miranda Cox is of legal age, from unknown civil status, unknown profession, and resident of Bayamón, Puerto Rico. Her mailing address is Urb. Alturas de Flamboyán Calle 30A Qq46, Bayamón, Puerto Rico 00959. Her other known address is Urb. Estancias del Río H5 Calle Río Mayagüez, Cabo Rojo, Puerto Rico 00623. In addition, her email

address is mayra7miranda@icloud.com.

122.    Codefendant MGE, LLC is an institution duly organized and existing under the laws of the Commonwealth of Puerto Rico. The mailing address of MGE, LLC is PO Box 1637, Guaynabo, Puerto Rico 00970. The other known address of MGE, LLC, is Urb. Sierra Taína CI 8a Rm, Bayamón, Puerto Rico 00956. In addition, the email address of MGE, LLC is manfred@majorgrouppr.com.

123.    Codefendant Michael Pagán Ruiz is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Colinas Del Sol 6 Calle 4 Apt. 632, Bayamón, Puerto Rico 00957-6929. In addition, his email address is michey_2695@hotmail.com.

124.    Codefendant Michelle Crespo Blanco is of legal age, from unknown civil status and unknown profession, and resident of Cabo Rojo, Puerto Rico. Her mailing address is Quintas de Cabo Rojo, Calle Canario 105, Cabo Rojo, Puerto Rico 00623-4202. Her other mailing addresses are: Calle Oviedo #22 Torrimar, Guaynabo, Puerto Rico 00966-3005; and PO Box 6980, Bayamón, Puerto Rico 00960. In addition, her email address is michelle@majorgrouppr.com.

125.    Codefendant Miguel Ángel Alicea González is of legal age, from unknown civil status, unknown profession, and resident of Naranjito, Puerto Rico. His mailing address is Bo. Anones Carr 813 Km4 Hm5, Naranjito, Puerto Rico 00719. His other known address is 1785 Calle Jose Ferrer y Ferrer Millenia Park Apt 611, San Juan, PR 00921. In addition, his email address is gordo_1414@yahoo.com.

126.    Codefendant Nancy Arroyo Quevedo is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. Her mailing address is Urb. Colina de Cupey 9 Calle O3, San Juan, Puerto Rico 00926. In addition, her email address is

nancymaq@gmail.com.

127.    Codefendant Nelson Daniel Noriega Sotomayor is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Villa Kennedy Edif. 25 Apt. 382, San Juan, Puerto Rico 00915-4815. In addition, his email address is playhardmusic.pr@gmail.com.

128.    Codefendant Nelson Rodríguez Vega is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. Lomas Verdes 2x10 Calle Jacinto, Bayamón, Puerto Rico 00956.

129.    Codefendant Nestor Sabater Rivera is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Rr6 Box 9698, San Juan, Puerto Rico 00926. His other known address is Bo. Caimito Baho Carr. 842 km 2.1, San Juan, PR 00926. In addition, his email address is cafeteriasabater@gmail.com.

130.    Codefendant Nicole Suarez Padilla is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. Her mailing address is Urb. El Coqui A-10 Calle A, Bayamón, Puerto Rico 00961-7354. Her other address is Parkeast 100 Apt 9 Bayamón, Puerto Rico 00961. In addition, her email address is n.suarez0113@gmail.com.

131.    Codefendant Nilda Esther Betancourt Figueroa is of legal age, from unknown civil status, unknown profession, and resident of Trujillo Alto, Puerto Rico. Her mailing address is Carraizo Alto Carr 843 K4 H5, Trujillo Alto, Puerto Rico 00976. In addition, her email address is trapichester@gmail.com.

132.    Codefendant Norberto Torres Colón is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. Miraflores 40-7 Calle 45, Bayamón, Puerto Rico, 00957-3811. In addition, his emails addresses are

torresnorberto1972@gmail.com and cascoburger2017@gmail.com.

133.    Codefendant Omar Nieves Ayala is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. His mailing address is PO Box 190612, San Juan, Puerto Rico 00919-0612. His other known address is Urb. Silos de Hacienda de Dorado 5A Carr 667 Km1 Hm6, Dorado, Puerto Rico 00646. In addition, his email address is on.ayala@live.com.

134.    Codefendant Omar Orlando Santana Rodríguez is of legal age, from unknown civil status, unknown profession, and resident of Toa Alta, Puerto Rico. His mailing address is Urb. Monte Verde A10 Calle 1, Toa Alta, Puerto Rico 00953. In addition, his email address is omar@ctofl.com.

135.    Codefendant Orlando Román Nieves is of legal age, from unknown civil status, unknown profession, and resident of Toa Alta, Puerto Rico. His mailing address is Urb. Estancias de la Fuente Calle Lirios #42, Toa Alta, Puerto Rico 00953. In addition, his email address is orlygram69@gmail.com.

136.    Codefendant Oscar López Cruz is of legal age, from unknown civil status and unknown profession, and resident of Juncos, Puerto Rico. His mailing address is Bo. Ceiba Norte Carr 189 Km 18 6, Juncos, Puerto Rico 00777. His other address is HC-22 Box 7317, Juncos, Puerto Rico 00777. In addition, his email address is raqueloscar16@gmail.com.

137.    Codefendant Pablo Andrés Alemany Nieves is of legal age, from unknown civil status, unknown profession, and resident of Guaynabo, Puerto Rico. His mailing address is 70 Calle Alamanda, Apt 5166 Alamanda Oeste, Guaynabo, Puerto Rico 00969. His other known address is PO Box 11467, San Juan, PR 00926. In addition, his email address is pblalemany@gmail.com.

138.    Codefendant Pedro Miguel Linares Santiago is of legal age, from unknown civil status, unknown profession, and resident of Naranjito, Puerto Rico. His mailing address is Hc-72 Box 4088, Naranjito, Puerto Rico 00719. His other known address is Brisas de Campanero II E8 Calle 7, Toa Baja, Puerto Rico 00949. In addition, his email address is bordadosboricua@gmail.com.

139.    Codefendant Rafael González Casalduc is of legal age, from unknown civil status, unknown profession, and resident of Guaynabo, Puerto Rico. His mailing address is Urb. Prado Alto Calle 1 F-8, Guaynabo, Puerto Rico 00966. In addition, his email address is rafa_gonzalez2008@hotmail.com.

140.    Codefendant Rafael Machuca Cruz is of legal age, from unknown civil status, unknown profession, and resident of Carolina, Puerto Rico. His mailing address is Cond. Intersuites Marginal Baldorioty Apt 6L, Carolina, Puerto Rico 00979. His other known address is Calle 155 Co 16 Urb. Jardines de Country Club, Carolina, Puerto Rico 00983. In addition, his email address is machuking734@gmail.com.

141.    Codefendant Rafael Mejías González is of legal age, from unknown civil status and unknown profession, and resident of San Lorenzo, Puerto Rico. His mailing address is Urb. Alturas de San Lorenzo, Calle 3 E-3, San Lorenzo, Puerto Rico 00754. In addition, his email address is mejias1631@gmail.com.

142.    Codefendant Rafael Sosa Gierbolini is of legal age, from unknown civil status, unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. Santa Juanita Dg 12 Calle Babilonia, Bayamón, Puerto Rico 00956-5311. In addition, his email address is rafaelososa29@gmail.com.

143.    Codefendant Raymond Bosque Del Toro is of legal age, from unknown civil status,

unknown profession, and resident of Arecibo, Puerto Rico. His mailing address is Bo Islote II 160 Calle 1, Arecibo, Puerto Rico 00612. His other known address is Islotes 2 Calle 1 Casa 160, Arecibo, Puerto Rico 00612. In addition, his email address is rbdt77@yahoo.com.

144.    Codefendant Rebecca Serrano Martínez is of legal age, from unknown civil status and unknown profession, and resident of Vega Alta, Puerto Rico. Her mailing address is Cond. Vistas de la Vega, Edif 3 Apt. 343, Vega Alta, Puerto Rico 00692. Her other addresses are: PO Box 16197, San Juan, Puerto Rico 00908; and Res. Hector Ruiz Martínez Edif 6 Apt 45, Barceloneta, Puerto Rico 00617. In addition, her email address is Rebecca_serrano@hotmail.com.

145.    Codefendant Reynaldo López Agrinzoni is of legal age, from unknown civil status and unknown profession, and resident of Trujillo Alto, Puerto Rico. His mailing address is Cond Vistas del Rio, Apt 1-1422, Trujillo Alto, Puerto Rico 00976. In addition, his email address is rey29lopez@gmail.com.

146.    Codefendant Ricardo Garayúa Rolón is of legal age, from unknown civil status, unknown profession, and resident of Corozal, Puerto Rico. His mailing address is Hc 01 Box 5349, Corozal, Puerto Rico 00783. His other known address is Sector La Línea, Morovis, Puerto Rico 00687. In addition, his email address is ricardogarayua@me.com.

147.    Codefendant Ricardo Ramos Moyet is of legal age, from unknown civil status and unknown profession, and resident of Caguas, Puerto Rico. His mailing address is Urb. José Delgado C7 Calle 9, Caguas, Puerto Rico 00725-3134. In addition, his email address is rickymayombe@yahoo.com.

148.    Codefendant Ricardo Santiago Rodríguez is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Quantum Metro Center, 120 Ave. Chardón 1503 N, San Juan, P.R. 00918. In addition, his email address is

ricky.bpr@gmail.com.

149.    Codefendant Roberto Argenis Fragoso Negrón is of legal age, from unknown civil status and unknown profession, and resident of Toa Baja, Puerto Rico. His mailing address is Urb. La Inmaculada E-26 Bloque 305, Toa Baja, Puerto Rico 00949. In addition, his email address is arge_fn521@hotmail.com.

150.    Codefendant Roberto Gotay Concepción is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Morcelo Caimito Carr 842 Km3 6, San Juan, Puerto Rico 00926. His other address is BOX 10000700 San Juan, Puerto Rico 00926. In addition, his email address is rovertitogotay19@gmail.com.

151.    Codefendant Roberto Luis López Cesareo is of legal age, from unknown civil status, unknown profession, and resident of Bayamón, Puerto Rico. His physical address is Estancia de Río Hondo, Calle Río Manatí AM-11, Bayamón, PR 00961. His mailing address is PO Box 51453, Levittown Station, Toa Baja, Puerto Rico 00949. In addition, his email address is robertolpzpr@gmail.com.

152.    Codefendant Rodolpho Pagesy Roussel is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. His known addresses are Urb. Hacienda Las Ceibas A-1, San Juan, Puerto Rico 00926; 138 Winston Churchill Ave., PMB 309, San Juan, Puerto Rico 00926. In addition, his email address is rpagesy@hotmail.com.

153.    Codefendant Rolando Jaime Sanjurjo Rosario is of legal age, from unknown civil status, unknown profession, and resident of Río Grande, Puerto Rico. His mailing address is Alturas de Río Grande W1204 Calle 22, Río Grande, Puerto Rico 00745-3235. In addition, his email address is rolosanjurjo@yahoo.com.

154.    Codefendant Rosa Yamaris Casanova Salgado is of legal age, from unknown civil

status and unknown profession, and resident of Río Grande, Puerto Rico. Her mailing address is Cond. Lomas de Rio Grande, Edf N Apt 2804, Río Grande, Puerto Rico 00745. In addition, her email address is rosacasanova715@gmail.com.

155.    Codefendant Rosario Polonio Báez is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. Her mailing address is Urb. Bella vista X12 Calle 28, Bayamón, Puerto Rico 00957-6101. In addition, her email address is rosariopolonio@gmail.com.

156.    Codefendant Rubén Rafael González Rodríguez is of legal age, from unknown civil status, unknown profession, and resident of Toa Baja, Puerto Rico. His mailing address is Urb. Valparaiso H33 Calle 7, Toa Baja, Puerto Rico 00949-4031. In addition, his email address is rubenrgonzalez87@gmail.com.

157.    Codefendant Ruth Denise Trinidad De León is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. Her mailing address is Caimito Cam. Los Guayabos Carr. 842 Km6 5, San Juan, Puerto Rico 00926. In addition, her email address is denisetrinidad86@gmail.com.

158.    Codefendant Saúl Leonel Maldonado Acosta is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Rexville An 37 Calle 58, Bayamón, Puerto Rico 00957-4213. In addition, his email address is saul373@gmail.com.

159.    Codefendant Sergio André León Pérez is of legal age, from unknown civil status and unknown profession, and resident of Aguas Buenas, Puerto Rico. His mailing address is Bo. Sumidero Sec La Capilla Carr 173 Km 7 8 Int, Aguas Buenas, Puerto Rico 00703. His other address is HC4 Box 8212 C, Aguas Buenas, Puerto Rico 00703. In addition, his email address is

sergio.andre.14@hotmail.com.

160.    Codefendant Sheila García Pérez is of legal age, from unknown civil status, unknown profession, and resident of Trujillo Alto, Puerto Rico. Her mailing address is Cond Montecillo II Apt Lc4, Trujillo Alto, Puerto Rico 00976. Her other known address is PO Box 890, Trujillo Alto, Puerto Rico 00977. In addition, his email address is sheilis24@gmail.com.

161.    Codefendant Social Club LLC is an institution duly organized and existing under the laws of the Commonwealth of Puerto Rico. The mailing address of Social Club LLC is PO Box 1637, Guaynabo, Puerto Rico 00970. In addition, the email address of Social Club LLC is manfred@majorgrouppr.com.

162.    Codefendant Stefania Vélez Echevarría is of legal age, from unknown civil status, unknown profession, and resident of Toa Alta, Puerto Rico. Her mailing address is Montecasino Heights 357 Calle Río Guamaní, Toa Alta, Puerto Rico 00953 In addition, her email address is stephania_velez@yahoo.com.

163.    Codefendant Stephanie Deliz Ruiz Martínez is of legal age, from unknown civil status and unknown profession, and resident of Toa Baja, Puerto Rico. Her mailing address is Urb. Valparaiso D5 Calle 8, Toa Baja, Puerto Rico 00949-4033. In addition, her email address is sdruiz789@gmail.com.

164.    Codefendant Tashia Chezette Maysonet Massó is of legal age, from unknown civil status, unknown profession, and resident of Toa Alta, Puerto Rico. Her mailing address is Bo. Quebrada Cruz Carr. 165 Km 4.1, Toa Alta, Puerto Rico 00953. Her other known address is Villa Real A3 Calle 1, Vega Baja, Puerto Rico 00693. In addition, his email address is tashiapr793@gmail.com.

165.    Codefendant Tatiana Mari Lebrón is of legal age, from unknown civil status and

unknown profession, and resident of Bayamón, Puerto Rico. Her mailing address is San Fernando Apartments, Apt. 707, Bayamón, Puerto Rico 00961. In addition, her email address is giltatiana0929@gmail.com.

166.    Codefendant Tomás Catala Suárez is of legal age, from unknown civil status and unknown profession, and resident of Guaynabo, Puerto Rico. His mailing address is Villas de Mabo Edif 17 110, Guaynabo, Puerto Rico 00969. In addition, his email address is kingcatala30@gmail.com.

167.    Codefendant Verónica Vázquez Molina is of legal age, from unknown civil status and unknown profession, and resident of Manatí, Puerto Rico. Her mailing address is Bo Palo Alto 13 Carr 670 K 1 H 2, Manatí, Puerto Rico 00674-6912. Her other address is 110 Ave. Los Filtros Plaza de Torrimar 1 Suite 4107, Bayamón, Puerto Rico 00959. In addition, her email address is veronicavazquezmolina@gmail.com.

168.    Codefendant Vicente Báez Medero is of legal age, from unknown civil status, unknown profession, and resident of Canóvanas, Puerto Rico. His mailing address is Urb. Las Haciendas 15002 Vereda Real, Canóvanas, Puerto Rico 00729. His other known address is Calle Mayagüez 23, San Juan, Puerto Rico 00918. In addition, his email address is vicente@vicentebaez@.com.

169.    Codefendant Victor Luis González Barbosa is of legal age, from unknown civil status and unknown profession, and resident of Bayamón, Puerto Rico. His mailing address is Urb. River view, O2 Calle 12, Bayamón, Puerto Rico 00961-3823. His other addresses are: Urb Covadonga Calle 14 3B23, Toa Baja, Puerto Rico 00949; and PO Box 6891 Bayamón, Puerto Rico 00960. In addition, his email address is vlgonzalez12@yahoo.com.

170.    Codefendant Virnabia Ruiz De Jesús is of legal age, from unknown civil status,

unknown profession, and resident of Cayey, Puerto Rico. Her mailing address is Calle Los Almendros C17, Cayey, Puerto Rico 00736. Her other known address is Urb. La Milagrosa M-17 Calle 8, Bayamón, Puerto Rico 00959-4818. In addition, her email address is vi.crear@yahoo.com.

171.    Codefendant Wanda Mabel Rodríguez Feliciano is of legal age, from unknown civil status and unknown profession, and resident of San Lorenzo, Puerto Rico. Her mailing address is Bo. Quemados Carr 181 R788 Km 1 Hm 6, San Lorenzo, Puerto Rico 00754. Her other address is HC-60 Box 41868, San Lorenzo, Puerto Rico 00754. In addition, her email address is wanda.mabel6871@gmail.com.

172.    Codefendant Wendee Patricia Cedeño Rosa is of legal age, from unknown civil status and unknown profession, and resident of Carolina, Puerto Rico. Her mailing address is Urb. Jardines de Country Club, Bh1 Calle 112, Carolina, Puerto Rico 00983-2014. Her other address is Santa Elena Apt. 37 Edificio A, San Patricio 900 San Juan, Puerto Rico 00921. In addition, her email address is wendeecede14@gmail.com

173.    Codefendant Wilfredo Rivera Salgado is of legal age, from unknown civil status, unknown profession, and resident of Dorado, Puerto Rico. His mailing address is Urb. Nueva Comunidad Arenales 273 Calle Joyudas, Dorado, Puerto Rico 00646-6154. In addition, his email address is willyyvale95@gmail.com.

174.    Codefendant Wilfredo Josset Vázquez Rivera is of legal age, from unknown civil status, unknown profession, and resident of Toa Baja, Puerto Rico. His mailing address is Urb. Valparaiso K-27 Calle 1, Toa Baja, Puerto Rico 00949. In addition, his email address is eversolutions.wil@gmail.com.

175.    Codefendant William Antony Vallejo Tagle is of legal age, from unknown civil status, unknown profession, and resident of San Sebastián, Puerto Rico. His mailing address is 26

Calle Altos Paralelo 38, San Sebastián, Puerto Rico 00685. His other known address is Cond El Centro 2 Muñoz Rivera 500 Apt 507, San Juan, PR 00918-3300. In addition, his email address is vallejotagle1992@gmail.com.

176.    Codefendant Xavier Jesús Sierra Blas is of legal age, from unknown civil status, unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Condominio Baldorioty Gardens 501 Calle Elisa Colberg Apt C6, San Juan, Puerto Rico 00907. In addition, his email address is xavierjblas@gmail.com.

177.    Codefendant Yadisha Morales Santiago is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. Her mailing address is Bo. Caimito Chinchana 2, Carr. 742 Km 3.1, San Juan, Puerto Rico 00926-9440. Her other address is RR 6 Box 9899, San Juan, Puerto Rico 00926. In addition, her email is yadishamorales8215@gmail.com.

178.    Codefendant Yanhzee Puig Maysonet is of legal age, from unknown civil status and unknown profession, and resident of Toa Baja, Puerto Rico. Her mailing address is Urb. Covadonga 3B3 Calle Clarin, Toa Baja, Puerto Rico 00949-5320. Her other address is Urb. River View 02 Calle 12, Bayamón, Puerto Rico 00959. In addition, her email address is yanhzee@yahoo.com.

179.    Codefendant Yanira Morales Valderrama is of legal age, from unknown civil status, unknown profession, and resident of Ciales, Puerto Rico. Her mailing address is PO Box 633, Ciales, Puerto Rico 00638. Her other known address is Ext Palmer 2, Ciales, Puerto Rico 00638-2002. In addition, her email address is yaniramorales@gmail.com.

180.    Codefendant Yeimyliz Díaz Pastrana is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. Her address is Car 176 k9 #1 Cupey

Alto, San Juan, Puerto Rico 00926. Her other address RR6 Box 10925, San Juan, Puerto Rico 00926. In addition, her email address is yeiiyeii16@gmail.com.

181.    Codefendant Yoel Rivera Hernández is of legal age, from unknown civil status and unknown profession, and resident of San Juan, Puerto Rico. His mailing address is Bo. Cupey Alto Carr 176 Km 5 2 Int, San Juan, Puerto Rico 00926. His other address is Rr 9 Box 1679, San Juan, Puerto Rico 00926. In addition, his email address is rfigueroa3089@gmail.com.

### III.    JURISDICTION AND VENUE

182.    This Honorable Court has original subject matter jurisdiction for federal questions under 28 USC § 1331, arising from RICO (codified at 18 U.S.C. §§ 1961-1968), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over causes of action under Puerto Rico law.

183.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that a substantial part of events or omissions alleged herein occurred in this District and a substantial part of the property subject to this action is situated in this District. Venue is also proper in this District pursuant to 18 U.S.C. § 1965(a), in that each Defendant resides, is found, has an agent, or transacts its affairs in this District. Venue is additionally proper under 18 U.S.C. § 1965(b) given that the "ends of justice" provides for joint trials for claims against related parties, for the conservation of judicial resources, and to avoid inconsistent verdicts.

### IV.    STATEMENT OF FACTS

184.    The Paycheck Protection Program ("PPP") was created with the enactment of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") on March 27, 2020, as a result of the decreased economic activity in the United States due to the COVID-19 pandemic.

185.    The Act appropriated funds to the Small Business Administration ("SBA") and authorized the agency to fund and guarantee loans requested by business owners and self-

employed individuals to pay operational costs including, but not limited to, employee payroll, covered mortgage interest payments, covered rent payments, and covered utilities expenses.

186.    Loan applicants under the PPP originated loans through SBA authorized financial institutions, such as Oriental, who subsequently filed the completed applications with the SBA.

187.    The PPP program was modified in December 2020, through the Consolidated Appropriations Act of 2021, which assigned additional funds, modified the requirements for granting loans, and allowed borrowers who obtained a first PPP loan to apply for a second draw.

188.    In order to expedite the process of granting PPP loans to affected individuals and entities affected by the pandemic and thus avoid further economic decline, SBA approved specific regulations for the PPP loan application and approval process that required less "strict" review of financial history and credentials of prospective borrowers, in some cases only requiring general tax documentation and relying on borrowers' certification that the information provided was correct.

189.    Oriental followed SBA regulations regarding PPP loans at all times and implemented internal procedures to process and audit PPP loans.

190.    One of the Oriental's employees tasked with processing PPP loan applications was Business Banker Rodolpho Pagesy, a co-defendant in this Complaint.

191.    Pagesy was regarded as a knowledgeable, responsible employee, and was trusted by Oriental officials and clients alike. He was the most successful loan originator in his department. However, he was terminated from his employment on July 16, 2021, for unrelated reasons.

192.    Around July 2021, Oriental detected various PPP loan files containing supporting documents that were suspicious in nature. For example, the 480.6SP forms on various loan files were visually different than the official form, which had changed that year, some documents

seemed manipulated using digital means, and others were strikingly similar among the various loan files.

193.    As a result, in August 2021 Oriental discovered a scheme that involved Rodolpho Pagesy, third parties unrelated to the bank, and dozens of borrowers, in which fraudulent documents were submitted in order to obtain PPP loans.

### A.    The Scheme

194.    All codefendants conspired to defraud Oriental and the Small Business Administration by obtaining secured PPP loans using falsified documents for their own benefit, in exchange of a kickback payment or commission paid to other codefendants.

195.    Oriental has identified transactions and communications involving the Codefendants and third parties to obtain PPP loans using false information intended to defraud Oriental.

196.    Codefendant Manfred Pentzke and related entities named Major Group, Inc., MGE LLC, and Social Club, LLC conspired against Oriental by assisting co-defendants in applying for PPP loans by submitting false tax forms (Form 480.6SP) and supporting documents, including other tax forms and invoices. Such documents were intended to represent to Oriental that such loan applicants earned income as self-employed individuals in amounts ranging from $100,000 to $120,000.

197.    The scheme organizers and recruiters as defined below also conspired to defraud Oriental by recruiting prospective Borrowers and referring them to Pentzke, in exchange for a commission, who referred prospective borrowers to Pentzke.

198.    All the Recruiters identified also applied for PPP loans representing that they were self-employed individuals.

199.    The Recruiters contacted prospective borrowers and, once an agreement was reached, requested their general information (driver's license, contact information, etc.). Afterwards, Recruiters would refer the prospective Borrower to Pentzke, who would then submit the loan application to Oriental through Rodolpho Pagesy.

200.    Codefendants Manfred Pentzke, Rodolpho Pagesy and the Recruiters knew or should have known that under SBA guidelines the PPP loan application process had to be undertaken by the borrowers themselves and not through a third party.

201.    The borrowers contacted by the Recruiters or codefendant Manfred Pentzke knew or should have known that their PPP loan applications were granted as a result of the use of fraudulent information and documents.

202.    During the application process, Pentzke would submit to Oriental falsified invoices, tax forms, and other supporting documents, which were prepared by third parties, including, but not limited to, codefendant Augusto Lemus.

203.    Codefendant Manfred Pentzke maintained constant communication with codefendant Rodolpho Pagesy, who worked as a business banker for Oriental until July 16, 2021. Such communications include the exchange of spreadsheets with lists of borrowers and the status of their PPP loan applications.

204.    Some documents were uploaded by individuals outside of Oriental, and others were uploaded by codefendant Rodolpho Pagesy, who received such documents via e-mail from Manfred Pentzke.

205.    Codefendant Rodolpho Pagesy later approved the loan applications with the fraudulent documents and coordinated to have the bank accounts created for disbursement of the loan proceeds.

206.    Once the SBA approved the loan with the fraudulent documents, Oriental disbursed the PPP loan into the borrower's account.

207.    After depositing the PPP loan proceeds into the borrowers' bank accounts, borrowers requested loan forgiveness through a web portal created by Oriental. The expedited process released borrowers from repaying the PPP loans.

**B.    The Promissory Notes**

208.    After the PPP loan applications were approved by Oriental and the SBA, each borrower codefendant executed a promissory note, which included the terms and conditions under which the loans were granted and their specific required uses (hereinafter, the "Promissory Note").

209.    Section 5 of the Promissory Note states the following:

**5. Purpose of the Loan.** The Loan will be used by the Borrower exclusively to finance the following commercial or professional activities of the Borrower identified as "Allowable Uses of Covered Loans" in Section 7(A) of the Small Business Act, as amended by the CARES Act (the "**Eligible Expenses**").

THE BORROWER ACKNOWLEDGES AND ACCEPTS THAT THE BANK HAS WARNED THE BORROWER THAT THE REGULATIONS ADOPTED BY THE SBA ESTABLISHED THAT ONLY SIXTY PERCENT (60%) OF THE AMOUNT OF THE LOAN MAY BE USED FOR OTHER ELEGIBLE EXPENSES THAT ARE NOT PAYMENT OF PAYROLL COSTS. THE BORROWER REPRESENTS, WARRANTS AND AGREES THAT THE PROCEEDS OF THE LOAN WILL NOT BE USED FOR ANY PURPOSE OTHER THAN ELIGIBLE EXPENSES, INCLUDING, WITHOUT LIMITATION, CONSUMER OR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES, AND THAT NOT MORE THAN SIXTY PERCENT (60%) OF THE LOAN PROCEEDS DISBURSED BY THE BANK WILL BE USED FOR THE PAYMENT OF ELIGIBLE EXPENSES THAT ARE NOT PAYROLL COSTS.

210.    Moreover, Section 8 of the Promissory Note outlines the circumstances under which the PPP Loan's maturity may be accelerated by Oriental ("Events of Default"), which includes with the existence of "(a) any representation or warranty made in this Note or any certificate, financial statement, document (including without limitation, the application to obtain

this loan or any document required by SBA with respect to it) or verbal communication submitted to Oriental by the Borrower or any guarantor which is proven to be false, deceitful, or intentionally fraudulent […]" Also, Section 8(c) states that another Event of Default consists of "if the Borrower or any guarantor fails to comply with any other obligation assumed in relation to this Note, any document or contract executed in connection with this Note (including guarantees, if any)[…]"

211.    In addition to the Events of Default that allows for the acceleration of the PPP loans' maturity, Section 9 of the Promissory Note states that Oriental may also "(a) recover against all the present and future assets of the Borrower and/or any guarantor of the Borrower's obligations; and (b) exercise any other remedy in law or equity, without limitation or restriction of any kind."

### C.    Rodolpho Pagesy

212.    Codefendant Rodolpho Pagesy worked for Oriental as a Business Banker throughout the year 2020 and through July 16, 2021.

213.    Codefendant Rodolpho Pagesy conspired to cause Oriental to approve PPP loan applications using falsified supporting Documents.

214.    As a result of the disbursement of PPP loans using fraudulent supporting documents, codefendant Rodolpho Pagesy obtained commissions and/or bonuses from Oriental, enriching himself at the prejudice of Oriental.

215.    As a result of the investigation on codefendant's actions, Oriental took steps to mitigate losses and contingencies, which include the preservation of all evidence of the scheme, the placement of holds in codefendants' PPP loan accounts, and full cooperation with federal authorities, which has led to the indictment of most codefendants.

216.    However, many of the codefendants were able to use the PPP loan proceeds, or a portion of them, at Oriental's prejudice.

**D.     The Scheme Organizers**

(a)     <u>Manfred Arno Pentzke Lemus</u>

217.    Codefendant Manfred Pentzke Lemus conspired with other codefendants to recruit countless other borrowers, which are codefendants in this Claim, to participate in the scheme to defraud Oriental that he carefully planned and executed.

218.    Codefendant Manfred Arno Pentzke Lemus received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

219.    Moreover, codefendant Manfred Arno Pentzke Lemus executed promissory notes on April 27, 2020, and January 20, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Manfred Arno Pentzke Lemus obtained $4,200.00 and $4,295.93 for each note.

220.    Codefendant Manfred Arno Pentzke Lemus's PPP Loan numbers are 5427578402 and 3988267310.

221.    Codefendant Manfred Arno Pentzke Lemus's PPP loan applications contained documents that were falsified and/or prepared using false information.

222.    The PPP loans granted to codefendant Manfred Arno Pentzke Lemus were approved based on falsified forms that were included as supporting documents in the loan applications.

223.    SBA approved the PPP loan amounts for codefendant Manfred Arno Pentzke Lemus's benefit based on falsified forms that were included as supporting documents in the loan applications.

224.    Codefendant Manfred Arno Pentzke Lemus knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

225.    Codefendant Manfred Arno Pentzke Lemus knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

226.    Codefendant Manfred Arno Pentzke Lemus conspired with Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

(b) Augusto Arno Lemus Berríos

227.    Codefendant Augusto Arno Lemus Berríos knowingly assisted Manfred Pentzke in the preparation of fraudulent supporting documents to be included in the PPP loan applications.

228.    Codefendant Augusto Arno Lemus Berríos assisted in submitting fraudulent documents in order to obtain approved PPP loan applications for other defendants, in return for a kickback payment, all in prejudice to Oriental and/or SBA.

229.    Codefendant Augusto Arno Lemus Berríos knew or should have known that the creation of fraudulent documentation and their submission to Oriental in order to have a PPP loan application approved would cause substantial damage to Oriental and/or SBA.

230.    As a result, codefendant Augusto Arno Lemus Berríos is liable for any damages suffered by Oriental and/or SBA as a result of the scheme to obtain PPP loans using falsified information.

(c)   <u>Ligia María Lemus de Pentzke</u>

231.    Codefendant Ligia María Lemus de Pentzke conspired with other codefendants to recruit countless other borrowers, which are codefendants in this Complaint, to participate in the scheme to defraud Oriental and SBA that he carefully planned and executed.

232.    Codefendant Ligia María Lemus de Pentzke received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

233.    Moreover, Codefendant Ligia María Lemus de Pentzke executed promissory notes on May 01, 2020, and January 20, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Ligia María Lemus de Pentzke obtained $2,700.00 and $2,700.00, respectively.

234.    Codefendant Ligia María Lemus de Pentzke's PPP Loan numbers are 9260178504 and 9512797307.

235.    Codefendant Ligia María Lemus de Pentzke's PPP loan applications contained forms that were falsified and/or prepared using false information.

236.    The PPP loans granted to codefendant Ligia María Lemus de Pentzke were approved based on falsified forms that were included as supporting documents in the loan applications.

237.    SBA approved the PPP loan amounts for codefendant Ligia María Lemus de Pentzke's benefit based on falsified forms that were included as supporting documents in the loan applications.

238.    Codefendant Ligia María Lemus de Pentzke received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

239.    Codefendant Ligia María Lemus de Pentzke knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory notes, the agency's regulations and federal law.

240.    Codefendant Ligia María Lemus de Pentzke knew or should have known that her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory notes.

241.    Codefendant Ligia María Lemus de Pentzke conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory notes.

242.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Ligia María Lemus de Pentzke ascends to $1,743.80 for loan 9260178504.

### E.    Other Organizers and Recruiters

(a)    <u>Brian Oniel Blassini</u>

243.    Codefendant Brian Oniel Blassini executed promissory notes on July 12, 2020, and January 21, 2021, as part of the PPP economic assistance program. Through such promissory notes, codefendant Brian Oniel Blassini obtained $20,800 for each note.

244.    Codefendant Brian Oniel Blassini's PPP Loan numbers are 3210558200 and 6024858305.

245.    Codefendant Brian Oniel Blassini's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

246.    The PPP loans granted to codefendant Brian Oniel Blassini were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

247.    SBA approved the PPP loan amounts for codefendant Brian Oniel Blassini's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

248.    After the PPP loans were disbursed to codefendant Brian Oniel Blassini, he issued two checks to the order of Major Group, Inc., owned and/or managed by Manfred Pentzke, another RICO codefendant, as well as another check for the benefit of Manfred Pentzke personally, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

249.    Codefendant Brian Oniel Blassini knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his/her executed promissory notes, the agency's regulations and federal law.

250.    Codefendant Brian Oniel Blassini knew or should have known that his/her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

251.    Moreover, codefendant Brian Oniel Blassini recruited countless other borrowers, which are codefendants in this Claim, to participate in the scheme to defraud Oriental and SBA.

252.    Codefendant Brian Oniel Blassini received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

253.    Codefendant Brian Oniel Blassini conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of

fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

(b)    <u>Hendrick Socorro Sánchez Orta</u>

254.    Codefendant Hendrick Socorro Sánchez Orta executed promissory notes on July 24, 2020, and March 24, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Hendrick Socorro Sánchez Orta obtained $20,200.00 for each note.

255.    Codefendant Hendrick Socorro Sánchez Orta's PPP Loan numbers are 6485258610 and 3199618203.

256.    Codefendant Hendrick Socorro Sánchez Orta's PPP loan applications contained 480.6SP and 1040-PR forms, as well as a business invoice, that were falsified and/or prepared using false information.

257.    The PPP loans granted to codefendant Hendrick Socorro Sánchez Orta were approved based on falsified 480.6SP and 1040-PR forms, as well as a business invoice, that were included as supporting documents in the loan applications.

258.    SBA approved the PPP loan amounts for codefendant Hendrick Socorro Sánchez Orta's benefit based on falsified 480.6SP and 1040-PR forms, as well as a business invoice, that were included as supporting documents in the loan applications.

259.    After the PPP loans were disbursed to codefendant Hendrick Socorro Sánchez Orta, he used the loan proceeds for matters other than those expressly authorized by SBA, including, but not limited to, issuing checks to the order of, Major Group, Inc. which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

260.    Codefendant Hendrick Socorro Sánchez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

261.    Codefendant Hendrick Socorro Sánchez knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

262.    Moreover, codefendant Hendrick Socorro Sánchez recruited countless other borrowers, which are codefendants in this Claim, to participate in the scheme to defraud Oriental and SBA.

263.    Codefendant Hendrick Socorro Sánchez Orta received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

264.    Codefendant Hendrick Socorro Sánchez conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

265.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Hendrick Socorro Sánchez ascends to $20,200.00 for loan 6485258610.

(c)         Jayson Pastrana Román

266.    Codefendant Jayson Pastrana Román executed promissory notes on February 17, 2021, and May 2, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Jayson Pastrana Román obtained $20,758.00 and 29,062.00, respectively.

267.    Codefendant Jayson Pastrana Román's PPP Loan numbers are 6560898408 and 6975328904.

268.    Codefendant Jayson Pastrana Román's PPP loan applications contained and invoice, as well as 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

269.    The PPP loans granted to codefendant Jayson Pastrana Román were approved based on falsified information and 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

270.    SBA approved the PPP loan amounts for codefendant Jayson Pastrana Román's benefit based on falsified information and 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

271.    After the PPP loans were disbursed to codefendant Jayson Pastrana Román, he issued a check to the order of MGE LLC, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

272.    Codefendant Jayson Pastrana Román knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

273.    Codefendant Jayson Pastrana Román knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

274.    Moreover, codefendant Jayson Pastrana Román recruited countless other borrowers, which are codefendants in this Complaint, to participate in the scheme to defraud Oriental and SBA.

275.     Codefendant Jayson Pastrana Román received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

276.     Codefendant Jayson Pastrana Román conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

277.     As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Jayson Pastrana Román ascends to $20,758.00 for loan 6560898408 and $29,062.00 for loan 6975328904.

(d)     Jonatan Ben David Prieto Ruiz de Val

278.     Codefendant Jonatan Ben David Prieto Ruiz de Val executed promissory notes on July 21, 2020, and January 20, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Jonatan Ben David Prieto Ruiz de Val obtained $20,800.00 for each note.

279.     Codefendant Jonatan Ben David Prieto Ruiz de Val's PPP Loan numbers are 6501028503 and 3139838208.

280.     Codefendant Jonatan Ben David Prieto Ruiz de Val's PPP loan applications contained 480.6SP and 1040-PR forms, as well business invoices, that were falsified and/or prepared using false information.

281.     The PPP loans granted to codefendant Jonatan Ben David Prieto Ruiz de Val were approved based on falsified 480.6SP and 1040-PR forms, as well as business invoices, that were included as supporting documents in the loan applications.

282.    SBA approved the PPP loan amounts for codefendant Jonatan Ben David Prieto Ruiz de Val's benefit based on falsified 480.6SP and 1040-PR forms, as well as business invoices, that were included as supporting documents in the loan applications.

283.    After the PPP loans were disbursed to codefendant Jonatan Ben David Prieto Ruiz de Val, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

284.    Codefendant Jonatan Ben David Prieto Ruiz de Val knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

285.    Codefendant Jonatan Ben David Prieto Ruiz de Val knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

286.    Moreover, codefendant Jonatan Ben David Prieto Ruiz de Val recruited countless other borrowers, which are codefendants in this Complaint, to participate in the scheme to defraud Oriental and SBA.

287.    Codefendant Jonatan Ben David Prieto Ruiz de Val received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

288.    Codefendant Jonatan Ben David Prieto Ruiz de Val conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result

of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

289.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Jonatan Ben David Prieto Ruiz de Val ascends to $20,737.96 for loan 6501028503.

(e)    José Carlos Carmona Morales

290.    Codefendant José Carlos Carmona Morales executed promissory notes on June 18, 2020, and February 3, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant José Carlos Carmona Morales obtained $17,400.00 for each note.

291.    Codefendant José Carlos Carmona Morales's PPP Loan numbers are 6860048402 and 1380847909.

292.    Codefendant José Carlos Carmona Morales's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

293.    The PPP loans granted to codefendant José Carlos Carmona Morales were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

294.    SBA approved the PPP loan amounts for codefendant José Carlos Carmona Morales's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

295.    After the PPP loans were disbursed to codefendant José Carlos Carmona Morales, he issued a check to the order of, Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

296.    Codefendant José Carlos Carmona Morales knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

297.    Codefendant José Carlos Carmona Morales knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

298.    Moreover, codefendant José Carlos Carmona Morales recruited countless other borrowers, which are codefendants in this Claim, to participate in the scheme to defraud Oriental and SBA.

299.    Codefendant José Carlos Carmona Morales received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

300.    Codefendant José Carlos Carmona Morales conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

301.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant José Carlos Carmona Morales ascends to $17,346.66 for loan 6860048402.

(f)    José Manuel Ortiz Cotte

302.    Codefendant José Manuel Ortiz Cotte executed promissory notes on February 17, 2021 and May 6, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant José Manuel Ortiz Cotte obtained $20,752.00 for each note.

303.    Codefendant José Manuel Ortiz Cotte's PPP Loan numbers are 9125948910 and 6285448407.

304.    Codefendant José Manuel Ortiz Cotte's PPP loan applications contained an invoice, as well as 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

305.    The PPP loans granted to codefendant José Manuel Ortiz Cotte were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

306.    SBA approved the PPP loan amounts for codefendant José Manuel Ortiz Cotte's benefit based on falsified information, 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

307.    After the PPP loans were disbursed to codefendant José Manuel Ortiz Cotte, he issued a check to the order of Omar Santana, as well as MGE LLC and Major Group, Inc., both of which are owned and/or managed by Manfred Pentzke, both RICO codefendants, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

308.    Codefendant José Manuel Ortiz Cotte knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

309.    Codefendant José Manuel Ortiz Cotte knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

310.    Moreover, codefendant José Manuel Ortiz Cotte recruited countless other borrowers, which are codefendants in this Complaint, to participate in the scheme to defraud Oriental and SBA.

311.   Codefendant José Manuel Ortiz Cotte received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

312.   Codefendant José Manuel Ortiz Cotte conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

313.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant José Manuel Ortiz Cotte ascends to $20,752.00 for loan 9125948910.

(g)   <u>Kenny Báez Medero</u>

314.   Codefendant Kenny Báez Medero executed promissory notes on August 4, 2020 and April 5, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Kemuel Andrade Candelaria obtained $20,800.00 and $29,120.00, respectively.

315.   Codefendant Kenny Báez Medero's PPP Loan numbers are 4404368205 and 3437788705.

316.   Codefendant Kenny Báez Medero's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

317.   The PPP loans granted to codefendant Kenny Báez Medero were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

318.   SBA approved the PPP loan amounts for codefendant Kenny Báez Medero's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

319.    After the PPP loans were disbursed to codefendant Kenny Báez Medero, he issued a check for the benefit of Manfred Pentzke, as well as another check to the order of MGE LLC, which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

320.    Codefendant Kenny Báez Medero knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

321.    Codefendant Kenny Báez Medero knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

322.    Moreover, codefendant Kenny Báez Medero recruited countless other borrowers, which are codefendants in this Claim, to participate in the scheme to defraud Oriental and SBA.

323.    Codefendant Kenny Báez Medero received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

324.    Codefendant Kenny Báez Medero conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

325.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Kenny Báez Medero ascends to $14,688.22 for loan 3437788705.

(h)    <u>Omar Orlando Santana Rodríguez</u>

326.    Codefendant Omar Orlando Santana Rodríguez executed promissory notes on June 18, 2020 and January 21, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Omar Orlando Santana Rodríguez obtained $20,800.00 and $29,100.00, respectively.

327.    Codefendant Omar Orlando Santana Rodríguez's PPP Loan numbers are 6291908301 and 9804497803.

328.    Codefendant Omar Orlando Santana Rodríguez's PPP loan applications contained forms that were falsified and/or prepared using false information.

329.    The PPP loans granted to codefendant Omar Orlando Santana Rodríguez were approved based on falsified forms that were included as supporting documents in the loan applications.

330.    SBA approved the PPP loan amounts for codefendant Omar Orlando Santana Rodríguez's benefit based on falsified forms that were included as supporting documents in the loan applications.

331.    After the PPP loans were disbursed to codefendant Omar Orlando Santana Rodríguez, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

332.    Codefendant Omar Orlando Santana Rodríguez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

333.    Codefendant Omar Orlando Santana Rodríguez knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

334.    Moreover, codefendant Omar Orlando Santana Rodríguez recruited countless other borrowers, which are codefendants in this Claim, to participate in the scheme to defraud Oriental and SBA.

335.    Codefendant Omar Orlando Santana Rodríguez received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

336.    Codefendant Omar Orlando Santana Rodríguez conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

(i)    Rafael Machuca Cruz

337.    Codefendant Rafael Machuca Cruz executed a promissory note on February 5, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Rafael Machuca Cruz obtained $20,562.00.

338.    Codefendant Rafael Machuca Cruz's PPP Loan number is 3212298503.

339.    Codefendant Rafael Machuca Cruz's PPP loan application contained forms that were falsified and/or prepared using false information.

340.    The PPP loan granted to codefendant Rafael Machuca Cruz was approved based on falsified forms that were included as supporting documents in the loan application.

341.    SBA approved the PPP loan amounts for codefendant Rafael Machuca Cruz's benefit based on falsified forms that were included as supporting documents in the loan application.

342.    After the PPP loan was disbursed to codefendant Rafael Machuca Cruz, he issued a check for the benefit of Hendrick Sánchez Orta, as well as a check to the order of MGE LLC, which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

343.    Codefendant Rafael Machuca Cruz knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

344.    Codefendant Rafael Machuca Cruz knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

345.    Moreover, codefendant Rafael Machuca Cruz recruited countless other borrowers, which are codefendants in this Claim, to participate in the scheme to defraud Oriental and SBA.

346.    Codefendant Rafael Machuca Cruz received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

347.    Codefendant Rafael Machuca Cruz conspired with Hendrick Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

348.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Rafael Machuca Cruz ascends to $20,500.67 for loan 3212298503.

(j)    <u>Ricardo Santiago Rodríguez</u>

349.    Codefendant Ricardo Santiago Rodríguez executed promissory notes on August 3, 2020 and January 20, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Ricardo Santiago Rodríguez obtained $20,700.00 for each note.

350.    Codefendant Ricardo Santiago Rodríguez's PPP Loan numbers are 4599748200 and 1428998501.

351.    Codefendant Ricardo Santiago Rodríguez's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

352.    The PPP loans granted to codefendant Ricardo Santiago Rodríguez were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

353.    SBA approved the PPP loan amounts for codefendant Ricardo Santiago Rodríguez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

354.    After the PPP loans were disbursed to codefendant Ricardo Santiago Rodríguez, he compensated other codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

355.    Codefendant Ricardo Santiago Rodríguez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

356.    Codefendant Ricardo Santiago Rodríguez knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

357.    Moreover, codefendant Ricardo Santiago Rodríguez recruited countless other borrowers, which are codefendants in this Complaint, to participate in the scheme to defraud Oriental and SBA.

358.    Codefendant Ricardo Santiago Rodríguez received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

359.    Codefendant Ricardo Santiago Rodríguez conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

360.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Ricardo Santiago Rodríguez ascends to $20,700.00 for loan 1428998501.

(k)    Wilfredo Josset Vázquez Rivera

361.    Codefendant Wilfredo Josset Vázquez Rivera executed promissory notes on July 21, 2020 and January 20, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Wilfredo Josset Vázquez Rivera obtained $20,500.00 for each note.

362.    Codefendant Wilfredo Josset Vázquez Rivera's PPP Loan numbers are 3203898210 and 6070838300.

363.    Codefendant Wilfredo Josset Vázquez Rivera's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

364.    The PPP loans granted to codefendant Wilfredo Josset Vázquez Rivera were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

365.    SBA approved the PPP loan amounts for codefendant Wilfredo Josset Vázquez Rivera's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

366.    After the PPP loans were disbursed to codefendant Wilfredo Josset Vázquez Rivera, he issued a check to the order of Major Group, Inc. and MGE LLC, both of which are owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

367.    Codefendant Wilfredo Josset Vázquez Rivera knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

368.    Codefendant Wilfredo Josset Vázquez Rivera knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

369.    Moreover, codefendant Wilfredo Josset Vázquez Rivera recruited countless other borrowers, which are codefendants in this Claim, to participate in the scheme to defraud Oriental and SBA.

370.    Codefendant Wilfredo Josset Vázquez Rivera received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

371.     Codefendant Wilfredo Josset Vázquez Rivera conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

372.     As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Wilfredo Josset Vázquez Rivera ascends to $17,570.71 for loan 6070838300.

**F.     The Borrowers**

(a)     Alberto Couvertie Herrera

373.     Codefendant Alberto Couvertie Herrera executed promissory notes on June 24, 2020 and February 4, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Alberto Couvertie Herrera obtained $29,120.00 and $20,800.00, respectively.

374.     Codefendant Alberto Couvertie Herrera's PPP Loan numbers are 1103538407 and 4542548002.

375.     Codefendant Alberto Couvertie Herrera's PPP loan applications contained forms that were falsified and/or prepared using false information.

376.     The PPP loans granted to codefendant Alberto Couvertie Herrera were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

377.     SBA approved the PPP loan amounts for codefendant Alberto Couvertie Herrera's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

378.    After the PPP loans were disbursed to codefendant Alberto Couvertie Herrera, he issued a check to the order of MGE LLC, and Major Goup, Inc. both of which are entities owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

379.    Codefendant Alberto Couvertie Herrera knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

380.    Codefendant Alberto Couvertie Herrera knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

381.    Codefendant Alberto Couvertie Herrera conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

382.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Alberto Couvertie Herrera ascends to $29,120.00 for loan 1103538407.

(b)    Alex Gotay Concepción

383.    Codefendant Alex Gotay Concepción executed a promissory note on May 6, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Alex Gotay Concepción obtained $20,604.00.

384.    Codefendant Alex Gotay Concepción's PPP Loan number is 9678998903.

385.    Codefendant Alex Gotay Concepción's PPP loan application contained a 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

386.    The PPP loan granted to codefendant Alex Gotay Concepción was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

387.    SBA approved the PPP loan amounts for codefendant Alex Gotay Concepción's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

388.    After the PPP loan was disbursed to codefendant Alex Gotay Concepción, codefendant Alex Gotay Concepción issued a check for the benefit of other RICO codefendants (Hendrick Socorro Sánchez Orta) using the PPP loan proceeds. Such payment constitutes a remittance/kickback to a third party in direct violation of Section 5 of his executed promissory note.

389.    Codefendant Alex Gotay Concepción knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of their executed promissory notes, the agency's regulations and federal law.

390.    Codefendant Alex Gotay Concepción knew or should have known that their PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

391.    Codefendant Alex Gotay Concepción conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

392.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Alex Gotay Concepción ascends to $20,604.00.

(c)    <u>Alexandra Dávila Ortiz</u>

393.    Codefendant Alexandra Dávila Ortiz executed a promissory note on April 7, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Alexandra Dávila Ortiz obtained $18,814.00.

394.    Codefendant Alexandra Dávila Ortiz's PPP Loan number is 9968538707.

395.    Codefendant Alexandra Dávila Ortiz's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

396.    The PPP loan granted to codefendant Alexandra Dávila Ortiz was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

397.    SBA approved the PPP loan amounts for codefendant Alexandra Dávila Ortiz's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

398.    After the PPP loan was disbursed to codefendant Alexandra Dávila Ortiz, she issued a check to the order of Social Club LLC, owned by Manfred Pentzke Lemus, and another for the benefit of Hendrick Socorro Sánchez Orts, both RICO codefendants, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of their executed promissory notes.

399.    Codefendant Alexandra Dávila Ortiz knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

400.    Codefendant Alexandra Dávila Ortiz knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

401.    Codefendant Alexandra Dávila Ortiz conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of their executed promissory notes.

402.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Alexandra Dávila Ortiz ascends to $18,814.00.

(d)    Alexis X. Pantoja Díaz

403.    Codefendant Alexis X. Pantoja Díaz executed a promissory note on April 28, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Alexandra Dávila Ortiz obtained $19,823.00.

404.    Codefendant Alexis X. Pantoja Díaz's PPP Loan number is 5713858905.

405.    Codefendant Alexis X. Pantoja Díaz's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

406.    The PPP loan granted to codefendant Alexis X. Pantoja Díaz was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

407.    SBA approved the PPP loan amounts for codefendant Alexis X. Pantoja Díaz's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

408.    After the PPP loans were disbursed to codefendant, he issued a check for the benefit of Hendrick Socorro Sánchez Orta, another codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

409.    Codefendant Alexis X. Pantoja Díaz knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

410.    Codefendant Alexis X. Pantoja Díaz knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

411.    Codefendant Alexis X. Pantoja Díaz conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

412.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Alexis X. Pantoja Díaz ascends to $19,283.00.

(e)    <u>Ángel Febus Muñoz</u>

413.    Codefendant Ángel Febus Muñoz executed a promissory note on April 14, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Ángel Febus Muñoz obtained $20,229.00.

414.    Codefendant Ángel Febus Muñoz's PPP Loan number is 3747818805.

415.    Codefendant Ángel Febus Muñoz's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

416.    The PPP loans granted to codefendant Ángel Febus Muñoz were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

417.    SBA approved the PPP loan amounts for codefendant Ángel Febus Muñoz's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

418.    After the PPP loans were disbursed to codefendant Ángel Febus Muñoz, he issued a check for the benefit of Cecy Casiano Santiago, another codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

419.    Codefendant Ángel Febus Muñoz knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

420.    Codefendant Ángel Febus Muñoz knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

421.    Codefendant Ángel Febus Muñoz conspired with Cecy Casiano Santiago, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his/her executed promissory notes.

422.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Ángel Febus Muñoz ascends to $20,168.66.

(f)     <u>Ángel Malaret Belén</u>

423.    Codefendant Ángel Malaret Belén executed promissory notes on February 4, 2021 and April 29, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Ángel Malaret Belén obtained $18,735.00 for each note.

424.    Codefendant Ángel Malaret Belén's PPP Loan numbers are 3488098405 and 6199378904.

425.    Codefendant Ángel Malaret Belén's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

426.    The PPP loans granted to codefendant Ángel Malaret Belén were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

427.    SBA approved the PPP loan amounts for codefendant Ángel Malaret Belén's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

428.    After the PPP loans were disbursed to codefendant Ángel Malaret Belén, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

429.    Codefendant Ángel Malaret Belén knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

430.    Codefendant Ángel Malaret Belén knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

431.    Codefendant Ángel Malaret Belén conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

432.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Ángel Malaret Belén ascends to $18,735.00 for loan 3488098405 and $18,735.00 for loan 6199378904.

(g)    Ángel María Martínez Martínez

433.    Codefendant Ángel María Martínez Martínez executed promissory notes on July 24, 2020, and February 5, 2021, as part of the PPP economic assistance program. Through such promissory notes, codefendant Ángel María Martínez Martínez obtained $19,700.00, for each note.

434.    Codefendant Ángel María Martínez Martínez's PPP Loan numbers are 5370408406 and 4355308201.

435.    Codefendant Ángel María Martínez Martínez's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

436.    The PPP loans granted to codefendant Ángel María Martínez Martínez were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

437.    SBA approved the PPP loan amounts for codefendant Ángel María Martínez Martínez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

438.    After the PPP loans were disbursed to codefendant Ángel María Martínez Martínez, he issued a check to the order of Social Club LLC, owned by Manfred Pentzke Lemus, and Jonatan Prieto Ruiz De Val, both RICO codefendants, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

439.    Codefendant Ángel María Martínez Martínez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his/her executed promissory notes, the agency's regulations and federal law.

440.    Codefendant Ángel María Martínez Martínez knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

441.    Codefendant Ángel María Martínez Martínez conspired with Jonatan Prieto Ruiz de Val, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his/her executed promissory notes.

442.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Ángel María Martínez Martínez ascends to $19,700.00 for loan 5370408406.

(h)    <u>Arnaldo Báez Betancourt</u>

443.    Codefendant Arnaldo Báez Betancourt executed promissory notes on July 15, 2020 and January 21, 2021 as part of the PPP economic assistance program. Through the promissory notes, codefendant Arnaldo Báez Betancourt obtained $27,700.00 and $19,800.00, respectively.

444.    Codefendant Arnaldo Báez Betancourt's PPP Loan numbers are 8109618301 and 3191088205.

445.    Codefendant Arnaldo Báez Betancourt's PPP loan applications contained forms that were falsified and/or prepared using false information.

446.    The PPP loans granted to codefendant Arnaldo Báez Betancourt were approved based on falsified forms that were included as supporting documents in the loan applications.

447.    SBA approved the PPP loan amounts for codefendant Arnaldo Báez Betancourt's benefit based on falsified forms that were included as supporting documents in the loan applications.

448.    After the PPP loans were disbursed to codefendant Arnaldo Báez Betancourt, he issued a check to the order of MGE, LLC, which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

449.    Codefendant Arnaldo Báez Betancourt knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

450.    Codefendant Arnaldo Báez Betancourt knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

451.    Codefendant Arnaldo Báez Betancourt conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

452.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Arnaldo Báez Betancourt ascends to $27,700.00 for loan 8109618301.

(i)    Arnaldo Dávila Rivera

453.    Codefendant Arnaldo Dávila Rivera executed promissory notes on February 7, 2021, and April 30, 2021, as part of the PPP economic assistance program. Through such promissory notes, codefendant Arnaldo Dávila Rivera obtained $19,666.00 for each note.

454.    Codefendant Arnaldo Dávila Rivera's PPP Loan numbers are 4300368505 and 7089108908.

455.    Codefendant Arnaldo Dávila Rivera's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

456.    The PPP loans granted to codefendant Arnaldo Dávila Rivera were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

457.    SBA approved the PPP loan amounts for codefendant Arnaldo Dávila Rivera's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

458.    After the PPP loans were disbursed to codefendant Arnaldo Dávila Rivera, he issued a check for the benefit of José Carmona Morales, another RICO codefendant, using the PPP

loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

459.    Codefendant Arnaldo Dávila Rivera knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

460.    Codefendant Arnaldo Dávila Rivera knew or should have known that his/her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

461.    Codefendant Arnaldo Dávila Rivera conspired with José Carmona Morales, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his/her executed promissory notes.

462.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Arnaldo Dávila Rivera ascends to $19,666.00 for loan 4300368505 and $19,666.00 for loan 7089108908.

(j)    Arnaldo X. Rodríguez Camacho

463.    Codefendant Arnaldo X. Rodríguez Camacho executed a promissory note on May 4, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Arnaldo X. Rodríguez Camacho obtained $20,625.00.

464.    Codefendant Arnaldo X. Rodríguez Camacho's PPP Loan number is 9530768908.

465.    Codefendant Arnaldo X. Rodríguez Camacho's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

466.    The PPP loan granted to codefendant Arnaldo X. Rodríguez Camacho was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

467.    SBA approved the PPP loan amounts for codefendant Arnaldo X. Rodríguez Camacho's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

468.    After the PPP loans were disbursed to codefendant Arnaldo X. Rodríguez Camacho, he issued a check for the benefit of Hendrick Socorro Sánchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

469.    Codefendant Arnaldo X. Rodríguez Camacho knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

470.    Codefendant Arnaldo X. Rodríguez Camacho knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

471.    Codefendant Arnaldo X. Rodríguez Camacho conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

472.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Arnaldo X. Rodríguez Camacho ascends to $20,625.00.

(k)    <u>Betzaida Ortiz García</u>

473.    Codefendant Betzaida Ortiz García executed a promissory note on April 6, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Betzaida Ortiz García obtained $18,883.00.

474.    Codefendant Betzaida Ortiz García's PPP Loan number is 8979978700.

475.    Codefendant Betzaida Ortiz García's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

476.    The PPP loan granted to codefendant Betzaida Ortiz García was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

477.    SBA approved the PPP loan amounts for codefendant Betzaida Ortiz García's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

478.    After the PPP loans were disbursed to codefendant Betzaida Ortiz García, she issued a check to the order of Major Group, Inc., owned and/or managed by Manfred Pentzke, as well as another check for the benefit of Hendrick Socorro Sánchez Orta, both RICO codefendants, using the PPP loan proceeds. Such payments constitute kickbacks to a third party in direct violation of Section 5 of her executed promissory notes.

479.    Codefendant Betzaida Ortiz García knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his/her executed promissory notes, the agency's regulations and federal law.

480.    Codefendant Betzaida Ortiz García knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

481.    Codefendant Betzaida Ortiz García conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

482.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Betzaida Ortiz García ascends to $18,826.68.

(l)    Carlos E. Nevárez Correa

483.    Codefendant Carlos E. Nevárez Correa executed promissory notes on August 6, 2020, and February 5, 2021, as part of the PPP economic assistance program. Through such promissory notes, codefendant Carlos E. Nevárez Correa obtained $20,400.00 for each note.

484.    Codefendant Carlos E. Nevárez Correa's PPP Loan numbers are 5472508402 and 4595698201.

485.    Codefendant Carlos E. Nevárez Correa's PPP loan application documents that were falsified and/or prepared using false information.

486.    The PPP loans granted to codefendant Carlos E. Nevárez Correa were approved based on falsified documents that were included as supporting documents in the loan applications.

487.    SBA approved the PPP loan amounts for codefendant Carlos E. Nevárez Correa's benefit based on falsified documents that were included as supporting documents in the loan applications.

488.    After the PPP loans were disbursed to codefendant Carlos E. Nevárez Correa, he issued a check to the order of, MGE LLC, which is owned and/or managed by Manfred Pentzke, as well as a check for the benefit of Jonatan Prieto, both RICO codefendants, using the PPP loan proceeds. Such payments constitute kickbacks to a third party in direct violation of Section 5 of his executed promissory notes.

489.    Codefendant Carlos E. Nevárez Correa knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his/her executed promissory notes, the agency's regulations and federal law.

490.    Codefendant Carlos E. Nevárez Correa knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

491.    Codefendant Carlos E. Nevárez Correa conspired with Jonatan Prieto Ruiz de Val, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

492.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Carlos E. Nevárez Correa ascends to $20,337.45 for loan 5472508402.

(m)    Carlos José Aristizabal

493.    Codefendant Carlos José Aristizabal executed promissory notes on August 4, 2020 and April 27, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Carlos José Aristizabal obtained $27,580.00 and $19,700.00, respectively.

494.    Codefendant Carlos José Aristizabal's PPP Loan numbers are 3828168900 and 4588158205.

495.    Codefendant Carlos José Aristizabal's PPP loan applications contained forms that were falsified and/or prepared using false information.

496.    The PPP loans granted to codefendant Carlos José Aristizabal were approved based on falsified forms that were included as supporting documents in the loan applications.

497.    SBA approved the PPP loan amounts for codefendant Carlos José Aristizabal's benefit based on falsified forms that were included as supporting documents in the loan applications.

498.    After the PPP loans were disbursed to codefendant Carlos José Aristizabal, he issued checks for the benefit of Jonatan Prieto Ruiz de Val and Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

499.    Codefendant Carlos José Aristizabal knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

500.    Codefendant Carlos José Aristizabal knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

501.    Codefendant Carlos José Aristizabal conspired with Jonatan Prieto Ruiz de Val, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

502.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Carlos José Aristizabal ascends to $27,580.00 for loan 3828168900.

(n)    Carlos Pentzke Chamorro

503.    Codefendant Carlos Pentzke Chamorro executed promissory notes on April 27, 2020 and January 20, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Carlos Pentzke Chamorro obtained $20,800.00 for each note.

504.    Codefendant Carlos Pentzke Chamorro's PPP Loan numbers are 7759187304and 9535878502.

505.    Codefendant Carlos Pentzke Chamorro's PPP loan applications contained forms that were falsified and/or prepared using false information.

506.    The PPP loans granted to codefendant Carlos Pentzke Chamorro were approved based on falsified forms that were included as supporting documents in the loan applications.

507.    SBA approved the PPP loan amounts for codefendant Carlos Pentzke Chamorro's benefit based on falsified forms that were included as supporting documents in the loan applications.

508.    After the PPP loans were disbursed to codefendant Carlos Pentzke Chamorro, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

509.    Codefendant Carlos Pentzke Chamorro knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

510.    Codefendant Carlos Pentzke Chamorro knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

511.    Codefendant Carlos Pentzke Chamorro conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

512.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Carlos Pentzke Chamorro ascends to $20,800.00 for loan 9535878502.

(o)    Carlos J. Negrón Flores

513.    Codefendant Carlos J. Negrón Flores executed a promissory note on March 22, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Carlos J. Negrón Flores obtained $20,655.00.

514.    Codefendant Carlos J. Negrón Flores's PPP Loan number is 2462368705.

515.    Codefendant Carlos J. Negrón Flores's PPP loan application contained a 1040-PR form that was falsified and/or prepared using false information.

516.    The PPP loan granted to codefendant Carlos J. Negrón Flores was approved based on falsified 1040-PR form that was included as supporting document in the loan application.

517.    SBA approved the PPP loan amounts for codefendant Carlos J. Negrón Flores's benefit based on a falsified 1040-PR form that was included as supporting document in the loan application.

518.    After the PPP loans were disbursed to codefendant Carlos J. Negrón Flores, he issued a check for the benefit of Brian Blassini, another RICO codefendant, using the PPP loan

proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

519.    Codefendant Carlos J. Negrón Flores knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

520.    Codefendant Carlos J. Negrón Flores knew or should have known that his/her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

521.    Codefendant Carlos J. Negrón Flores conspired with Brian Blassini, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

522.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Carlos J. Negrón Flores ascends to $15,189.83.

(p)    Carlos E. Pena Santiago

523.    Codefendant Carlos E. Pena Santiago executed a promissory note on February 5, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Carlos E. Pena Santiago obtained $20,448.00.

524.    Codefendant Carlos E. Pena Santiago's PPP Loan number is 3846648503.

525.    Codefendant Carlos E. Pena Santiago's PPP loan application contained a 1040-PR form that was falsified and/or prepared using false information.

526.    The PPP loans granted to codefendant Carlos E. Pena Santiago were approved based on a falsified 1040-PR form that was included as supporting document in the loan application.

527.    SBA approved the PPP loan amounts for codefendant Carlos E. Pena Santiago's benefit based on a falsified 1040-PR form that was included as supporting document in the loan application.

528.    After the PPP loans were disbursed to codefendant Carlos E. Pena Santiago, he issued a check for the benefit of Jonatan Prieto Ruiz de Val and another check for the benefit of Hendrick Sánchez Orta, both RICO codefendants, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his/her executed promissory notes.

529.    Codefendant Carlos E. Pena Santiago knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

530.    Codefendant Carlos E. Pena Santiago knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

531.    Codefendant Carlos E. Pena Santiago conspired with Jonatan Prieto Ruiz de Val, Hendrick Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his/her executed promissory notes.

532.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Carlos E. Pena Santiago ascends to $20,448.00.

(q)    Carolyn González Marrero

533.    Codefendant Carolyn González Marrero executed a promissory note on March 10, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Carolyn González Marrero obtained $20,605.00.

534.    Codefendant Carolyn González Marrero's PPP Loan number is 6673808606.

535.    Codefendant Carolyn González Marrero's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

536.    The PPP loan granted to codefendant Carolyn González Marrero was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

537.    SBA approved the PPP loan amounts for codefendant Carolyn González Marrero's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

538.    After the PPP loan was disbursed to codefendant Carolyn González Marrero, she issued a check for the benefit of José Carmona Morales, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

539.    Codefendant Carolyn González Marrero knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

540.    Codefendant Carolyn González Marrero knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

541.    Codefendant Carolyn González Marrero conspired with José Carmona Morales, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his/her executed promissory notes.

542.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Carolyn González Marrero ascends to $20,203.29.

(r)    Cecy Casiano

543.    Codefendant Cecy Casiano Santiago executed promissory notes on July 24, 2020, and January 24, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Cecy Casiano Santiago obtained $20,800.00 for each note.

544.    Codefendant Cecy Casiano Santiago's PPP Loan numbers are 2024758508 and 4605538204.

545.    Codefendant Cecy Casiano Santiago's PPP loan applications contained 480.6SP and 1040-PR forms, that were falsified and/or prepared using false information.

546.    The PPP loans granted to codefendant Cecy Casiano Santiago were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

547.    SBA approved the PPP loan amounts for codefendant Cecy Casiano Santiago's benefit based on falsified 480.6SP and 1040-PR forms, as well as a business invoice, that were included as supporting documents in the loan applications.

548.    After the PPP loans were disbursed to codefendant Cecy Casiano Santiago, she used the loan proceeds for matters other than those expressly authorized by SBA, including, but not limited to, issuing checks to the order of, Major Group, Inc. which is owned and/or managed

by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

549.    Codefendant Cecy Casiano Santiago knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory notes, the agency's regulations and federal law.

550.    Codefendant Cecy Casiano Santiago knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory notes.

551.    Moreover, codefendant Cecy Casiano Santiago recruited countless other borrowers, which are codefendants in this Claim, to participate in the scheme to defraud Oriental and SBA.

552.    Codefendant Cecy Casiano Santiago received kickback payments for the submission and approval of fraudulent PPP loan applications on behalf of third parties.

553.    Codefendant Cecy Casiano Santiago conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory notes.

554.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Cecy Casiano Santiago ascends to $20,290.71 for loan 2024758508.

(s)    <u>Christian J. Rivera Renovales</u>

555.    Codefendant Christian J. Rivera Renovales executed a promissory note on May 4, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Christian J. Rivera Renovales obtained $20,416.00.

556.    Codefendant Christian J. Rivera Renovales's PPP Loan number is 8838138909.

557.    Codefendant Christian J. Rivera Renovales's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

558.    The PPP loan granted to codefendant Christian J. Rivera Renovales was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

559.    SBA approved the PPP loan amounts for codefendant Christian J. Rivera Renovales's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

560.    After the PPP loan was disbursed to codefendant Christian J. Rivera Renovales, he issued a check for the benefit of Hendrick Socorro Sánchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

561.    Codefendant Christian J. Rivera Renovales knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations, and federal law.

562.    Codefendant Christian J. Rivera Renovales knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

563.    Codefendant Christian J. Rivera Renovales conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his/her executed promissory notes.

564.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Christian J. Rivera Renovales ascends to $12,547.42.

(t)    <u>Christopher Molina Chévere</u>

565.    Codefendant Christopher Molina Chévere executed a promissory note on March 2, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Christopher Molina Chévere obtained $20,445.00.

566.    Codefendant Christopher Molina Chévere's PPP Loan number is 6591178505.

567.    Codefendant Christopher Molina Chévere's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

568.    The PPP loan granted to codefendant Christopher Molina Chévere was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

569.    SBA approved the PPP loan amounts for codefendant Christopher Molina Chévere's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

570.    After the PPP loan was disbursed to codefendant Christopher Molina Chévere, he issued a check for the benefit of Brian Blassini, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

571.    Codefendant Christopher Molina Chévere knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

572.    Codefendant Christopher Molina Chévere knew or should have known that his/her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

573.    Codefendant Christopher Molina Chévere conspired with Brian Blassini, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

574.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Christopher Molina Chévere ascends to $18,542.32.

(u)    Cruz Sheila Pérez Guzmán

575.    Codefendant Cruz Sheila Pérez Guzmán executed promissory notes on February 21, 2021, and April 30, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Cruz Sheila Pérez Guzmán obtained $20,833.00 for each note.

576.    Codefendant Cruz Sheila Pérez Guzmán's PPP Loan numbers are 3315448503 and 8213918907.

577.    Codefendant Cruz Sheila Pérez Guzmán's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

578.    The PPP loans granted to codefendant Cruz Sheila Pérez Guzmán were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

579.    SBA approved the PPP loan amounts for codefendant Cruz Sheila Pérez Guzmán's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

580.    After the PPP loans were disbursed to codefendant Cruz Sheila Pérez Guzmán, she issued checks for the benefit of Cecy Casiano Santiago, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory notes.

581.    Codefendant Cruz Sheila Pérez Guzmán knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory notes, the agency's regulations and federal law.

582.    Codefendant Cruz Sheila Pérez Guzmán knew or should have known that her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory notes.

583.    Codefendant Cruz Sheila Pérez Guzmán conspired with Cecy Casiano Santiago, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory notes.

584.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Cruz Sheila Pérez Guzmán ascends to $20,833.00 for loan 3315448503 and 20,833.00 for loan 8213918907.

(v)    Crystal Lee Singh Vargas

585.    Codefendant Crystal Lee Singh Vargas executed a promissory note on February 18, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Crystal Lee Singh Vargas obtained $20,783.00.

586.    Codefendant Crystal Lee Singh Vargas's PPP Loan number is 9694118502.

587.    Codefendant Crystal Lee Singh Vargas's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

588.    The PPP loan granted to codefendant Crystal Lee Singh Vargas was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

589.    SBA approved the PPP loan amounts for codefendant Crystal Lee Singh Vargas's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

590.    After the PPP loan was disbursed to codefendant Crystal Lee Singh Vargas, she issued a check to the order of José Ortiz Cotte and Major Group, Inc., which is owned and/or managed by Manfred Pentzke, both RICO codefendants, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

591.    Codefendant Crystal Lee Singh Vargas knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

592.    Codefendant Crystal Lee Singh Vargas knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

593.    Codefendant Crystal Lee Singh Vargas conspired with José Ortiz Cotte, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

(w)    <u>CTO Inc.</u>

594.    As part of the PPP economic assistance program, codefendant Omar Santana Rodríguez executed promissory notes on January 18, 2021, and April 27, 2021, in his capacity as representative of CTO Inc. Through the promissory notes, CTO Inc. obtained $141,100.00 and $141,124.00.

595.    Codefendant CTO Inc.'s PPP loan numbers are 5168738407 and 4766568900.

596.    CTO Inc.'s PPP loan applications contained false payroll records and a 499 R-3 form.

597.    The PPP loans granted to CTO Inc. were approved based on false payroll records and a 499 R-3 form that were included as supporting documents in the loan applications.

598.    SBA approved the PPP loan amounts for CTO Inc.'s benefit based on false payroll records and a 499 R-3 form that were included as supporting documents in the loan applications.

599.    After the PPP loans were disbursed to codefendant Omar Santana Rodríguez's company CTO Inc., he issued checks to the order of MGE LLC, which is owned/managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

600.    Codefendant Omar Santana Rodríguez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

601.    Codefendant Omar Santana Rodríguez knew or should have known that CTO Inc.'s PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

602.    Codefendant CTO Inc. conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

(x)    Cuba Baseball Center Inc.

603.    As part of the PPP economic assistance program, codefendant Hendrick Socorro Sánchez Orta executed a promissory note on May 4, 2021, in his capacity as representative of Cuba Baseball Center Inc. Through the promissory notes, Cuba Baseball Center Inc. obtained $148,958.00.

604.    Codefendant Cuba Baseball Center Inc.'s PPP loan number is 1887069009.

605.    Cuba Baseball Center Inc.'s PPP loan applications contained false payroll records and a 499 R-3 form.

606.    The PPP loan granted to Cuba Baseball Center Inc. was approved based on false payroll records and a 499 R-3 form that were included as supporting documents in the loan applications.

607.    SBA approved the PPP loan amount for Cuba Baseball Center Inc.'s benefit based on false payroll records and a 499 R-3 form that were included as supporting documents in the loan application.

608.    After the PPP loans were disbursed to codefendant Hendrick Socorro Sánchez Orta's company Cuba Baseball Center Inc., he issued checks to the order of MGE LLC, which is owned/managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

609. Codefendant Hendrick Socorro Sánchez Orta knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

610. Codefendant Hendrick Socorro Sánchez Orta knew or should have known that Cuba Baseball Center Inc.'s PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

611. Codefendant Cuba Baseball Center Inc. conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

612. As of May 16, 2024, the outstanding balance of the PPP loans granted to Cuba Baseball Center Inc. ascends to $148,958.00.

(y)  Dachira Rijos Rivera

613. Codefendant Dachira Rijos Rivera executed a promissory note on March 10, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Dachira Rijos Rivera obtained $20,298.00.

614. Codefendant Dachira Rijos Rivera's PPP Loan number is 6439148600.

615. Codefendant Dachira Rijos Rivera's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

616. The PPP loan granted to codefendant Dachira Rijos Rivera was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

617.    SBA approved the PPP loan amounts for codefendant Dachira Rijos Rivera's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

618.    After the PPP loan was disbursed to codefendant Dachira Rijos Rivera, she issued a check for the benefit of José Carmona Morales, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

619.    Codefendant Dachira Rijos Rivera knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

620.    Codefendant Dachira Rijos Rivera knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

621.    Codefendant Dachira Rijos Rivera conspired with José Carmona Morales, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

622.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Dachira Rijos Rivera ascends to $20,298.00.

(z)    <u>Denise Marie Torres Polonio</u>

623.    Codefendant Denise Marie Torres Polonio executed a promissory note on April 14, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Denise Marie Torres Polonio obtained $19,229.00.

624.    Codefendant Denise Marie Torres Polonio's PPP Loan number is 4495408808.

625.    Codefendant Denise Marie Torres Polonio's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

626.    The PPP loan granted to codefendant Denise Marie Torres Polonio was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

627.    SBA approved the PPP loan amounts for codefendant Denise Marie Torres Polonio's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

628.    After the PPP loan was disbursed to codefendant Denise Marie Torres Polonio, she issued a check for the benefit of Brian Blassini, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

629.    Codefendant Denise Marie Torres Polonio knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

630.    Codefendant Denise Marie Torres Polonio knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

631.    Codefendant Denise Marie Torres Polonio conspired with Brian Blassini, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

632.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Denise Marie Torres Polonio ascends to $18,637.69.

(aa)    <u>Denisse Y. Rodríguez De Jesús</u>

633.    Codefendant Denisse Y. Rodríguez De Jesús executed a promissory note on April 14, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Denisse Y. Rodríguez De Jesús obtained $19,895.00.

634.    Codefendant Denisse Y. Rodríguez De Jesús's PPP Loan number is 9597528900.

635.    Codefendant Denisse Y. Rodríguez De Jesús's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

636.    The PPP loan granted to codefendant Denisse Y. Rodríguez De Jesús was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

637.    SBA approved the PPP loan amounts for codefendant Denisse Y. Rodríguez De Jesús's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

638.    After the PPP loan was disbursed to codefendant Denisse Y. Rodríguez De Jesús, she issued a check for the benefit of Hendrick Socorro Sanchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

639.    Codefendant Denisse Y. Rodríguez De Jesús knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

640.    Codefendant Denisse Y. Rodríguez De Jesús knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

641.    Codefendant Denisse Y. Rodríguez De Jesús conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

642.    A As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Denisse Y. Rodríguez De Jesús ascends to $19,835.66.

(bb)    <u>Divad Román Estrada</u>

643.    Codefendant Divad Román Estrada executed a promissory note on February 17, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Divad Román Estrada obtained $20,311.00.

644.    Codefendant Divad Román Estrada's PPP Loan number is 5543158500.

645.    Codefendant Divad Román Estrada's PPP loan application contained a 1040-PR form that was falsified and/or prepared using false information.

646.    The PPP loan granted to codefendant Divad Román Estrada was approved based on a falsified 1040-PR form that was included as supporting document in the loan application.

647.    SBA approved the PPP loan amounts for codefendant Divad Román Estrada's benefit based on a falsified 1040-PR form that were included as supporting document in the loan application.

648.    After the PPP loan was disbursed to codefendant Divad Román Estrada, he issued a check for the benefit of Manfred Pentzke Lemus, another RICO codefendant, using the PPP loan

proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

649. Codefendant Divad Román Estrada knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

650. Codefendant Divad Román Estrada knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

651. Codefendant Divad Román Estrada conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

652. As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Divad Román Estrada ascends to $11,796.96.

(cc)    Edgar R. Rodríguez Torres

653. Codefendant Edgar R. Rodríguez Torres executed a promissory note on May 5, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Edgar R. Rodríguez Torres obtained $20,833.00.

654. Codefendant Edgar R. Rodríguez Torres's PPP Loan number is 9147548909.

655. Codefendant Edgar R. Rodríguez Torres's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

656.    The PPP loan granted to codefendant Edgar R. Rodríguez Torres was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

657.    SBA approved the PPP loan amounts for codefendant Edgar R. Rodríguez Torres's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

658.    After the PPP loan was disbursed to codefendant Edgar R. Rodríguez Torres, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

659.    Codefendant Edgar R. Rodríguez Torres knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

660.    Codefendant Edgar R. Rodríguez Torres knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

661.    Codefendant Edgar R. Rodríguez Torres conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

662.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Edgar R. Rodríguez Torres ascends to $20,833.00.

(dd)    <u>Eduardo Pastrana Morales</u>

663.    Codefendant Eduardo Pastrana Morales executed a promissory note on February 7, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Eduardo Pastrana Morales obtained $20,833.00.

664.    Codefendant Eduardo Pastrana Morales's PPP Loan number is 4147748504.

665.    Codefendant Eduardo Pastrana Morales's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

666.    The PPP loan granted to codefendant Eduardo Pastrana Morales was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

667.    SBA approved the PPP loan amounts for codefendant Eduardo Pastrana Morales's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

668.    After the PPP loan was disbursed to codefendant Eduardo Pastrana Morales, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, and another check for the benefit of Hendrick Socorro Sánchez Orta, both RICO codefendants, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

669.    Codefendant Eduardo Pastrana Morales knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

670.    Codefendant Eduardo Pastrana Morales knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

671.    Codefendant Eduardo Pastrana Morales conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

672.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Eduardo Pastrana Morales ascends to $20,833.00.

(ee)    <u>Edwin Meléndez Rodríguez</u>

673.    Codefendant Edwin Meléndez Rodríguez executed a promissory note on March 11, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Edwin Meléndez Rodríguez obtained $20,568.00.

674.    Codefendant Edwin Meléndez Rodríguez's PPP Loan number is 6588588607.

675.    Codefendant Edwin Meléndez Rodríguez's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

676.    The PPP loan granted to codefendant Edwin Meléndez Rodríguez was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

677.    SBA approved the PPP loan amounts for codefendant Edwin Meléndez Rodríguez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

678.    After the PPP loan was disbursed to codefendant Edwin Meléndez Rodríguez, he issued a check for the benefit of Augusto Lemus, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

679.    Codefendant Edwin Meléndez Rodríguez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

680.    Codefendant Edwin Meléndez Rodríguez knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

681.    Codefendant Edwin Meléndez Rodríguez conspired with Augusto Lemus, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

682.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Edwin Meléndez Rodríguez ascends to $20,568.00.

(ff)    <u>Edyel León Rivera</u>

683.    Codefendant Edyel León Rivera executed a promissory note on March 10, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Edyel León Rivera obtained $20,669.00.

684.    Codefendant Edyel León Rivera's PPP Loan number is 2384108603.

685.    Codefendant Edyel León Rivera's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

686.    The PPP loan granted to codefendant Edyel León Rivera was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

687.    SBA approved the PPP loan amounts for codefendant Edyel León Rivera's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

688.    After the PPP loan was disbursed to codefendant Edyel León Rivera, he issued a check for the benefit of Arnaldo Arno Lemus Berríos, related to RICO codefendants Manfred Pentzke Lemus, Augusto Lemus, and Ligia Lemus de Pentzke, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

689.    Codefendant Edyel León Rivera knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

690.    Codefendant Edyel León Rivera knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

691.    Codefendant Edyel León Rivera conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

692.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Edyel León Rivera ascends to $20,669.00.

(gg)    <u>Elveen Padilla Báez</u>

693.    Codefendant Elveen Padilla Báez executed a promissory note on May 10, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Elveen Padilla Báez obtained $20,801.00.

694.    Codefendant Elveen Padilla Báez's PPP Loan number is 1479649007.

695.    Codefendant Elveen Padilla Báez's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

696.    The PPP loan granted to codefendant Elveen Padilla Báez was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

697.    SBA approved the PPP loan amounts for codefendant Elveen Padilla Báez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

698.    After the PPP loan was disbursed to codefendant Elveen Padilla Báez, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

699.    Codefendant Elveen Padilla Báez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

700.    Codefendant Elveen Padilla Báez knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

701.    Codefendant Elveen Padilla Báez conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

702.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Elveen Padilla Báez ascends to $20,801.00.

(hh)    <u>Elías Díaz Delgado</u>

703.    Codefendant Elías Díaz Delgado executed promissory notes on February 17, 2021, and May 4, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Elías Díaz Delgado obtained $20,724.00 for each note.

704.    Codefendant Elías Díaz Delgado's PPP Loan numbers are 7011658408 and 9181848909.

705.    Codefendant Elías Díaz Delgado's PPP loan applications contained 480.6SP and 1040-PR forms, as well as a business invoice, that were falsified and/or prepared using false information.

706.    The PPP loans granted to codefendant Elías Díaz Delgado were approved based on falsified 480.6SP and 1040-PR forms, as well as a business invoice, that were included as supporting documents in the loan applications.

707.    SBA approved the PPP loan amounts for codefendant Elías Díaz Delgado's benefit based on falsified 480.6SP and 1040-PR forms, as well as a business invoice, that were included as supporting documents in the loan applications.

708.    After the PPP loans were disbursed to codefendant Elías Díaz Delgado, he issued checks to the order of, MGE LLC, which is owned and/or managed by Manfred Pentzke, another

RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

709.    Codefendant Elías Díaz Delgado knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

710.    Codefendant Elías Díaz Delgado knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

711.    Codefendant Elías Díaz Delgado conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

712.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Elías Díaz Delgado ascends to $20,660.46 for loan 7011658408 and 20,724.00 for loan 9181848909.

(ii)    Elías Llabres Galliano

713.    Codefendant Elías Llabres Galliano executed promissory notes on June 28, 2020 and January 25, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Elías Llabres Galliano obtained $20,800.00 for each note.

714.    Codefendant Elías Llabres Galliano's PPP Loan numbers are 1201738401 and 6219768008.

715.    Codefendant Elías Llabres Galliano's PPP loan applications contained forms that were falsified and/or prepared using false information.

716. The PPP loans granted to codefendant Elías Llabres Galliano were approved based on falsified forms that were included as supporting documents in the loan applications.

717. SBA approved the PPP loan amounts for codefendant Elías Llabres Galliano's benefit based on falsified forms that were included as supporting documents in the loan applications.

718. After the PPP loans were disbursed to codefendant Elías Llabres Galliano, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

719. Codefendant Elías Llabres Galliano knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

720. Codefendant Elías Llabres Galliano knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

721. Codefendant Elías Llabres Galliano conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

722. As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Elías Llabres Galliano ascends to $20,800.00 for loan 1201738401.

(jj)    <u>Elimadier Jiménez Ortiz</u>

723.    Codefendant Elimadier Jiménez Ortiz executed a promissory note on February 7, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Elimadier Jiménez Ortiz obtained $19,719.00.

724.    Codefendant Elimadier Jiménez Ortiz's PPP Loan number is 4237988510.

725.    Codefendant Elimadier Jiménez Ortiz's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

726.    The PPP loan granted to codefendant Elimadier Jiménez Ortiz was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

727.    SBA approved the PPP loan amounts for codefendant Elimadier Jiménez Ortiz's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

728.    After the PPP loan was disbursed to codefendant Elimadier Jiménez Ortiz, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

729.    Codefendant Elimadier Jiménez Ortiz knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

730.    Codefendant Elimadier Jiménez Ortiz knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

731.    Codefendant Elimadier Jiménez Ortiz conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

(kk)    Eliseo Hernández Ortega

732.    Codefendant Eliseo Hernández Ortega executed promissory notes on June 21, 2020 and February 5, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Eliseo Hernández Ortega obtained $19,740.00 and $14,100.00, respectively.

733.    Codefendant Eliseo Hernández Ortega's PPP Loan numbers are 5527468401 and 6859938009.

734.    Codefendant Eliseo Hernández Ortega's PPP loan applications contained forms that were falsified and/or prepared using false information.

735.    The PPP loans granted to codefendant Eliseo Hernández Ortega were approved based on falsified forms that were included as supporting documents in the loan applications.

736.    SBA approved the PPP loan amounts for codefendant Eliseo Hernández Ortega's benefit based on falsified forms that were included as supporting documents in the loan applications.

737.    After the PPP loans were disbursed to codefendant Eliseo Hernández Ortega, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

738.    Codefendant Eliseo Hernández Ortega knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

739.    Codefendant Eliseo Hernández Ortega knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

740.    Codefendant Eliseo Hernández Ortega conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

741.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Eliseo Hernández Ortega ascends to $19,740.00 for loan 5527468401.

(ll)    Emmanuel Maysonet Cruz

742.    Codefendant Emmanuel Maysonet Cruz executed promissory notes on July 24, 2020, and January 24, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Emmanuel Maysonet Cruz obtained $19,000.00 for each note.

743.    Codefendant Emmanuel Maysonet Cruz's PPP Loan numbers are 5800828404 and 3184728209.

744.    Codefendant Emmanuel Maysonet Cruz's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

745.    The PPP loans granted to codefendant Emmanuel Maysonet Cruz were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

746.    SBA approved the PPP loan amounts for codefendant Emmanuel Maysonet Cruz's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

747.    After the PPP loans were disbursed to codefendant Emmanuel Maysonet Cruz, he issued a check to the order of, Major Group, Inc., which is owned and/or managed by Manfred Pentzke, and another check for the benefit of Jonatan Prieto, both RICO codefendants, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

748.    Codefendant Emmanuel Maysonet Cruz knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

749.    Codefendant Emmanuel Maysonet Cruz knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

750.    Codefendant Emmanuel Maysonet Cruz conspired with Jonatan Prieto Ruiz de Val, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

(mm)    Eugine Irizarry Irizarry

751.    Codefendant Eugine Irizarry Irizarry executed promissory notes on February 16, 2021 and April 29, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Eugine Irizarry Irizarry obtained $20,827.00 and 29,158.00, respectively.

752.    Codefendant Eugine Irizarry Irizarry's PPP Loan numbers are 9878998407 and 6001528907.

753.    Codefendant Eugine Irizarry Irizarry's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

754.    The PPP loans granted to codefendant Eugine Irizarry Irizarry were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

755.    SBA approved the PPP loan amounts for codefendant Eugine Irizarry Irizarry's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

756.    After the PPP loans were disbursed to codefendant Eugine Irizarry Irizarry, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

757.    Codefendant Eugine Irizarry Irizarry knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

758.    Codefendant Eugine Irizarry Irizarry knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

759.    Codefendant Eugine Irizarry Irizarry conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

760.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Eugine Irizarry Irizarry ascends to $20,762.99 for loan 9878998407 and $29,158.00 for loan 6001528907.

(nn)    Félix D. Lara Vázquez

761.    Codefendant Félix D. Lara Vázquez executed a promissory note on May 5, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Félix D. Lara Vázquez obtained $20,833.00.

762.    Codefendant Félix D. Lara Vázquez's PPP Loan number is 9057718908.

763.    Codefendant Félix D. Lara Vázquez's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

764.    The PPP loan granted to codefendant Félix D. Lara Vázquez was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

765.    SBA approved the PPP loan amounts for codefendant Félix D. Lara Vázquez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

766.    After the PPP loan was disbursed to codefendant Félix D. Lara Vázquez, he issued a check for the benefit of Hendrick Socorro Sánchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

767.    Codefendant Félix D. Lara Vázquez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

768.     Codefendant Félix D. Lara Vázquez knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

769.     Codefendant Félix D. Lara Vázquez conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

770.     As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Félix D. Lara Vázquez ascends to $20,833.00.

(oo)    <u>Félix Rivera Negrón</u>

771.     Codefendant Félix Rivera Negrón executed promissory notes on June 23, 2020, and January 22, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Félix Rivera Negrón obtained $20,800.00 for each note.

772.     Codefendant Félix Rivera Negrón's PPP Loan numbers are 1325428404 and 2847048007.

773.     Codefendant Félix Rivera Negrón's PPP loan applications contained forms that were falsified and/or prepared using false information.

774.     The PPP loans granted to codefendant Félix Rivera Negrón were approved based on falsified forms that were included as supporting documents in the loan applications.

775.     SBA approved the PPP loan amounts for codefendant Félix Rivera Negrón's benefit based on falsified forms that were included as supporting documents in the loan applications.

776.     After the PPP loans were disbursed to codefendant Félix Rivera Negrón, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke,

another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

777.    Codefendant Félix Rivera Negrón knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

778.    Codefendant Félix Rivera Negrón knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

779.    Codefendant Félix Rivera Negrón conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

780.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Félix Rivera Negrón ascends to $20,800.00 for loan 1325428404.

    (pp)    <u>Freddie Cortorreal Soto</u>

781.    Codefendant Freddie Cortorreal Soto executed a promissory note on April 26, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Freddie Cortorreal Soto obtained $18,812.00.

782.    Codefendant Freddie Cortorreal Soto's PPP Loan number is 4156688904.

783.    Codefendant Freddie Cortorreal Soto's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

784.     The PPP loan granted to codefendant Freddie Cortorreal Soto was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

785.     SBA approved the PPP loan amounts for codefendant Freddie Cortorreal Soto's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

786.     After the PPP loan was disbursed to codefendant Freddie Cortorreal Soto, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

787.     Codefendant Freddie Cortorreal Soto knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

788.     Codefendant Freddie Cortorreal Soto knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

789.     Codefendant Freddie Cortorreal Soto conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

(qq)     <u>Gamaliel Rivera Aponte</u>

790.     Codefendant Gamaliel Rivera Aponte executed a promissory note on April 26, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Gamaliel Rivera Aponte obtained $19,645.00.

791.    Codefendant Gamaliel Rivera Aponte's PPP Loan number is 3818988906.

792.    Codefendant Gamaliel Rivera Aponte's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

793.    The PPP loan granted to codefendant Gamaliel Rivera Aponte was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

794.    SBA approved the PPP loan amounts for codefendant Gamaliel Rivera Aponte's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

795.    After the PPP loan was disbursed to codefendant Gamaliel Rivera Aponte, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

796.    Codefendant Gamaliel Rivera Aponte knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

797.    Codefendant Gamaliel Rivera Aponte knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

798.    Codefendant Gamaliel Rivera Aponte conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

799.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Gamaliel Rivera Aponte ascends to $19,645.00.

(rr)    Garage Rookie Inc.

800.    As part of the PPP economic assistance program, codefendant Homar Javier Horta Torres executed promissory notes on January 19, 2021, and May 3, 2021, in his capacity as representative of Garage Rookie Inc. Through the promissory notes, Garage Rookie, Inc. obtained $143,200.00 and $143,229.00.

801.    Codefendant Garage Rookie Inc.'s PPP loan numbers are 7929848900 and 8141688409.

802.    Garage Rookie Inc.'s PPP loan applications contained false payroll records and a 499 R-3 form.

803.    The PPP loans granted to Garage Rookie Inc. were approved based on false payroll records and a 499 R-3 form that were included as supporting documents in the loan applications.

804.    SBA approved the PPP loan amounts for Garage Rookie Inc.'s benefit based on false payroll records and a 499 R-3 form that were included as supporting documents in the loan applications.

805.    After the PPP loans were disbursed to codefendant Homar Javier Horta Torres's company Garage Rookie Inc., he issued checks to the order of MGE LLC, which is owned/managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

806.    Codefendant Homar Javier Horta Torres knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

807.    Codefendant Homar Javier Horta Torres knew or should have known that Garage Rookie, Inc.'s PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

808.    Codefendant Garage Rookie, Inc. conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

809.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Garage Rookie Inc. ascends to $143,229.00 for loan 7929848900.

(ss)    <u>Geovanny Cintrón Rivera</u>

810.    Codefendant Geovanny Cintrón Rivera executed a promissory note on March 8, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Geovanny Cintrón Rivera obtained $20,036.00.

811.    Codefendant Geovanny Cintrón Rivera's PPP Loan number is 5602108508.

812.    Codefendant Geovanny Cintrón Rivera's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

813.    The PPP loan granted to codefendant Geovanny Cintrón Rivera was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

814.    SBA approved the PPP loan amounts for codefendant Geovanny Cintrón Rivera's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

815.    After the PPP loan was disbursed to codefendant Geovanny Cintrón Rivera, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

816.    Codefendant Geovanny Cintrón Rivera knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

817.    Codefendant Geovanny Cintrón Rivera knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

818.    Codefendant Geovanny Cintrón Rivera conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

819.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Geovanny Cintrón Rivera ascends to $19,976.24.

(tt)    <u>Geovanny Villanueva Hernández</u>

820.    Codefendant Geovanny Villanueva Hernández executed promissory notes on February 6, 2021 and May 2, 2021, as part of the PPP economic assistance program. Through the

promissory notes, codefendant Geovanny Villanueva Hernández obtained $29,166.00 and $20,833.00, respectively.

821.    Codefendant Geovanny Villanueva Hernández's PPP Loan numbers are 3836538501 and 8850878900.

822.    Codefendant Geovanny Villanueva Hernández's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

823.    The PPP loans granted to codefendant Geovanny Villanueva Hernández were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

824.    SBA approved the PPP loan amounts for codefendant Geovanny Villanueva Hernández's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

825.    After the PPP loans were disbursed to codefendant Geovanny Villanueva Hernández, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

826.    Codefendant Geovanny Villanueva Hernández knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

827.    Codefendant Geovanny Villanueva Hernández knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

828.    Codefendant Geovanny Villanueva Hernández conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

829.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Geovanny Villanueva Hernández ascends to $29,166.00 for loan 8850878900.

(uu)    Giovanni Hernández Collazo

830.    Codefendant Giovanni Hernández Collazo executed a promissory note on April 26, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Giovanni Hernández Collazo obtained $19,774.00.

831.    Codefendant Giovanni Hernández Collazo's PPP Loan number is 3807388908.

832.    Codefendant Giovanni Hernández Collazo's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

833.    The PPP loan granted to codefendant Giovanni Hernández Collazo was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

834.    SBA approved the PPP loan amounts for codefendant Giovanni Hernández Collazo's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

835.    After the PPP loan was disbursed to codefendant Giovanni Hernández Collazo, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

836.    Codefendant Giovanni Hernández Collazo knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

837.    Codefendant Giovanni Hernández Collazo knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

838.    Codefendant Giovanni Hernández Collazo conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

(vv)    <u>Giovanni Manuel Rivera Reyes</u>

839.    Codefendant Giovanni Manuel Rivera Reyes executed promissory notes on February 16, 2021 and May 4, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Giovanni Manuel Rivera Reyes obtained $20,753.00 and 29,055.00, respectively.

840.    Codefendant Giovanni Manuel Rivera Reyes's PPP Loan numbers are 2969148501 and 8807218906.

841.    Codefendant Giovanni Manuel Rivera Reyes's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

842.    The PPP loans granted to codefendant Giovanni Manuel Rivera Reyes were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

843. SBA approved the PPP loan amounts for codefendant Giovanni Manuel Rivera Reyes's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

844. After the PPP loans were disbursed to codefendant Giovanni Manuel Rivera Reyes, he issued a check to the order of Major Group, Inc. and Social Club, LLC, which are owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

845. Codefendant Giovanni Manuel Rivera Reyes knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

846. Codefendant Giovanni Manuel Rivera Reyes knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

847. Codefendant Giovanni Manuel Rivera Reyes conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

848. As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Giovanni Manuel Rivera Reyes ascend to $20,753.00 for loan 2969148501 and $29,055.00 for loan 8807218906.

(ww)  Glenda Del Carmen Meléndez

849.    Codefendant Glenda Del Carmen Meléndez executed two (2) promissory notes as part of the PPP economic assistance program. Through the promissory notes, codefendant Glenda Del Carmen Meléndez obtained $20,400.00 for each note.

850.    Codefendant Glenda Del Carmen Meléndez's PPP Loan numbers are 6698928102 and 5709398503.

851.    Codefendant Glenda Del Carmen Meléndez's PPP loan applications contained forms that were falsified and/or prepared using false information.

852.    The PPP loans granted to codefendant Glenda Del Carmen Meléndez were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

853.    SBA approved the PPP loan amounts for codefendant Glenda Del Carmen Meléndez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

854.    After the PPP loans were disbursed to codefendant Glenda Del Carmen Meléndez, she compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory notes.

855.    Codefendant Glenda Del Carmen Meléndez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory notes, the agency's regulations and federal law.

856.    Codefendant Glenda Del Carmen Meléndez knew or should have known that her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory notes.

857.     Codefendant Glenda Del Carmen Meléndez conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory notes.

(xx)    <u>Gustavo Antonio Rivera Dávila</u>

858.     Codefendant Gustavo Antonio Rivera Dávila executed promissory notes on July 14, 2020 and February 17, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Gustavo Antonio Rivera Dávila obtained $20,800.00 for each note.

859.     Codefendant Gustavo Antonio Rivera Dávila's PPP Loan numbers are 4793788608 and 3216368203.

860.     Codefendant Gustavo Antonio Rivera Dávila's PPP loan applications contained forms that were falsified and/or prepared using false information.

861.     The PPP loans granted to codefendant Gustavo Antonio Rivera Dávila were approved based on falsified forms that were included as supporting documents in the loan applications.

862.     SBA approved the PPP loan amounts for codefendant Gustavo Antonio Rivera Dávila's benefit based on falsified forms that were included as supporting documents in the loan applications.

863.     After the PPP loans were disbursed to codefendant Gustavo Antonio Rivera Dávila, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

864.    Codefendant Gustavo Antonio Rivera Dávila knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

865.    Codefendant Gustavo Antonio Rivera Dávila knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

866.    Codefendant Gustavo Antonio Rivera Dávila conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

867.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Gustavo Antonio Rivera Dávila ascends to $20,394.49 for loan 4793788608.

(yy)    <u>Harold H. Sánchez Santiago</u>

868.    Codefendant Harold H. Sánchez Santiago executed a promissory note on May 4, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Harold H. Sánchez Santiago obtained $20,208.00.

869.    Codefendant Harold H. Sánchez Santiago's PPP Loan number is 8834318907.

870.    Codefendant Harold H. Sánchez Santiago's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

871.    The PPP loan granted to codefendant Harold H. Sánchez Santiago was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

872.    SBA approved the PPP loan amounts for codefendant Harold H. Sánchez Santiago's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

873.    After the PPP loan was disbursed to codefendant Harold H. Sánchez Santiago, he issued a check for the benefit of Hendrick Socorro Sánchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

874.    Codefendant Harold H. Sánchez Santiago knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

875.    Codefendant Harold H. Sánchez Santiago knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

876.    Codefendant Harold H. Sánchez Santiago conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

877.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Harold H. Sánchez Santiago ascends to $19,479.51.

(zz)    <u>Héctor Martínez Ortiz</u>

878.    Codefendant Héctor Martínez Ortiz executed promissory notes on February 17, 2021, and April 29, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Héctor Martínez Ortiz obtained $20,684.00 for each note.

879.    Codefendant Héctor Martínez Ortiz's PPP Loan numbers are 1052188506 and 5475418906.

880.    Codefendant Héctor Martínez Ortiz's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

881.    The PPP loans granted to codefendant Héctor Martínez Ortiz were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

882.    SBA approved the PPP loan amounts for codefendant Héctor Martínez Ortiz's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

883.    After the PPP loans were disbursed to codefendant Héctor Martínez Ortiz, he issued checks for the benefit of Cecy Casiano Santiago, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

884.    Codefendant Héctor Martínez Ortiz knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

885.    Codefendant Héctor Martínez Ortiz knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

886.    Codefendant Héctor Martínez Ortiz conspired with Cecy Casiano Santiago, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts

as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

887.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Héctor Martínez Ortiz ascends to $20,684.00 for loan 1052188506 and 20,684.00 for loan 5475418906.

(aaa)    Héctor I. Santiago Díaz

888.    Codefendant Héctor I. Santiago Díaz executed a promissory note on April 6, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Héctor I. Santiago Díaz obtained $19,550.00.

889.    Codefendant Héctor I. Santiago Díaz's PPP Loan number is 8080998708.

890.    Codefendant Héctor I. Santiago Díaz's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

891.    The PPP loan granted to codefendant Héctor I. Santiago Díaz was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

892.    SBA approved the PPP loan amounts for codefendant Héctor I. Santiago Díaz's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

893.    After the PPP loan was disbursed to codefendant Héctor I. Santiago Díaz, he issued a check to the order of Major Group. Inc., which is owned and/or managed by Manfred Pentzke, and another check for the benefit of Hendrick Socorro Sánchez Orta, both of which are RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of his executed promissory note.

894.    Codefendant Héctor I. Santiago Díaz knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

895.    Codefendant Héctor I. Santiago Díaz knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

896.    Codefendant Héctor I. Santiago Díaz conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

897.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Héctor I. Santiago Díaz ascends to $19,550.00.

(bbb)    Hillary Sánchez Santiago

898.    Codefendant Hillary Sánchez Santiago executed a promissory note on March 10, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Hillary Sánchez Santiago obtained $20,460.00.

899.    Codefendant Hillary Sánchez Santiago's PPP Loan number is 4890988600.

900.    Codefendant Hillary Sánchez Santiago's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

901.    The PPP loan granted to codefendant Hillary Sánchez Santiago was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

902.    SBA approved the PPP loan amounts for codefendant Hillary Sánchez Santiago's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

903.    After the PPP loan was disbursed to codefendant Hillary Sánchez Santiago, she issued a check to the order of, Hendrick Socorro Sánchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

904.    Codefendant Hillary Sánchez Santiago knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

905.    Codefendant Hillary Sánchez Santiago knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

906.    Codefendant Hillary Sánchez Santiago conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

907.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Hillary Sánchez Santiago ascends to $20,460.00.

(ccc)    <u>Homar Javier Horta Torres</u>

908.    As part of the PPP economic assistance program, codefendant Homar Javier Horta Torres executed promissory notes on July 24, 2020, and January 21, 2024. Through the promissory notes, codefendant Homar Javier Horta Torres obtained $20,600.00 for each note.

909.    Codefendant Homar Javier Horta Torres's PPP Loan numbers are 6315778305 and 4361028207.

910.    Codefendant Homar Javier Horta Torres's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

911.    The PPP loans granted to codefendant Homar Javier Horta Torres were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

912.    SBA approved the PPP loan amounts for codefendant Homar Javier Horta Torres's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

913.    After the PPP loans were disbursed to codefendant Homar Javier Horta Torres and his company Garage Rookie Inc., he issued checks to the order of MGE LLC, which is owned/managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

914.    Codefendant Homar Javier Horta Torres knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

915.    Codefendant Homar Javier Horta Torres knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

916.    Codefendant Homar Javier Horta Torres conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission

of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

917.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Homar Javier Horta Torres ascends to $20,196.68 for loan 6315778305.

(ddd)    Iris Y. Díaz Pérez

918.    Codefendant Iris Y. Díaz Pérez executed a promissory note on February 5, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Iris Y. Díaz Pérez obtained $20,833.00.

919.    Codefendant Iris Y. Díaz Pérez's PPP Loan number is 2534788506.

920.    Codefendant Iris Y. Díaz Pérez's PPP loan application contained a 1040-PR form that was falsified and/or prepared using false information.

921.    The PPP loan granted to codefendant Iris Y. Díaz Pérez was approved based on a falsified 1040-PR forms that were included as supporting documents in the loan application.

922.    SBA approved the PPP loan amounts for codefendant Iris Y. Díaz Pérez's benefit based on a falsified 1040-PR form that were included as supporting documents in the loan application.

923.    After the PPP loan was disbursed to codefendant Iris Y. Díaz Pérez, she issued checks for the benefit of Hendrick Sánchez Orta and Manfred Pentzke Lemus, other RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of her executed promissory note.

924.    Codefendant Iris Y. Díaz Pérez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

925.    Codefendant Iris Y. Díaz Pérez knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

926.    Codefendant Iris Y. Díaz Pérez conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

927.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Iris Y. Díaz Pérez ascends to $20,833.00.

(eee)    <u>Isaac Adorno Polonio</u>

928.    Codefendant Isaac Adorno Polonio executed a promissory note on May 2, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Isaac Adorno Polonio obtained $20,395.00.

929.    Codefendant Isaac Adorno Polonio's PPP Loan number is 8867748903.

930.    Codefendant Isaac Adorno Polonio's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

931.    The PPP loan granted to codefendant Isaac Adorno Polonio was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

932.    SBA approved the PPP loan amounts for codefendant Isaac Adorno Polonio's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

933.    After the PPP loan was disbursed to codefendant Isaac Adorno Polonio, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

934.    Codefendant Isaac Adorno Polonio knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

935.    Codefendant Isaac Adorno Polonio knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

936.    Codefendant Isaac Adorno Polonio conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

937.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Isaac Adorno Polonio ascends to $20,395.00.

(fff)    <u>Ismael Ramírez Zayas</u>

938.    Codefendant Ismael Ramírez Zayas executed a promissory note on February 18, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Ismael Ramírez Zayas obtained $20,412.00.

939.    Codefendant Ismael Ramírez Zayas's PPP Loan number is 6684818506.

940.    Codefendant Ismael Ramírez Zayas's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

941.    The PPP loan granted to codefendant Ismael Ramírez Zayas was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

942.    SBA approved the PPP loan amounts for codefendant Ismael Ramírez Zayas's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

943.    After the PPP loan was disbursed to codefendant Ismael Ramírez Zayas, he issued a check for the benefit of Brian Blassini, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

944.    Codefendant Ismael Ramírez Zayas knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

945.    Codefendant Ismael Ramírez Zayas knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

946.    Codefendant Ismael Ramírez Zayas conspired with Brian Blassini, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

947.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Ismael Ramírez Zayas ascends to $20,412.00.

(ggg)    Ivelisse Nieves Irizarry

948.    Codefendant Ivelisse Nieves Irizarry executed a promissory note on March 22, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Ivelisse Nieves Irizarry obtained $20,333.00.

949.    Codefendant Ivelisse Nieves Irizarry's PPP Loan number is 4102448700.

950.    Codefendant Ivelisse Nieves Irizarry's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

951.    The PPP loan granted to codefendant Ivelisse Nieves Irizarry was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

952.    SBA approved the PPP loan amounts for codefendant Ivelisse Nieves Irizarry's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

953.    After the PPP loan was disbursed to codefendant Ivelisse Nieves Irizarry, she issued a check to the order of, Major Group, Inc., which is owned and/or managed by Manfred Pentzke, and a check for the benefit of Hendrick Socorro Sánchez Orta, both which are RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of her executed promissory note.

954.    Codefendant Ivelisse Nieves Irizarry knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

955.    Codefendant Ivelisse Nieves Irizarry knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

956.    Codefendant Ivelisse Nieves Irizarry conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

957.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Ivelisse Nieves Irizarry ascends to $11,083.33.

(hhh)    Jan A. Hernández Martínez

958.    Codefendant Jan A. Hernández Martínez executed a promissory note on March 22, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Jan A. Hernández Martínez obtained $20,615.00.

959.    Codefendant Jan A. Hernández Martínez's PPP Loan number is 3705688707.

960.    Codefendant Jan A. Hernández Martínez's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

961.    The PPP loan granted to codefendant Jan A. Hernández Martínez was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

962.    SBA approved the PPP loan amounts for codefendant Jan A. Hernández Martínez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

963.    After the PPP loan was disbursed to codefendant Jan A. Hernández Martínez, he issued a check to the order of Social Club, LLC, which is owned and/or managed by Manfred Pentzke, and another check for the benefit of Hendrick Socorro Sánchez Orta, both RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of his executed promissory note.

964.    Codefendant Jan A. Hernández Martínez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

965.    Codefendant Jan A. Hernández Martínez knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

966.    Codefendant Jan A. Hernández Martínez conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

967.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Jan A. Hernández Martínez ascends to $19,981.05.

(iii)    <u>Jan Daniel García Sánchez</u>

968.    Codefendant Jan Daniel García Sánchez executed a promissory note on May 6, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Jan Daniel García Sánchez obtained $20,479.00.

969.    Codefendant Jan Daniel García Sánchez's PPP Loan number is 9457148902.

970.    Codefendant Jan Daniel García Sánchez's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

971.    The PPP loan granted to codefendant Jan García Sánchez was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

972.    SBA approved the PPP loan amounts for codefendant Jan Daniel García Sánchez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

973.    After the PPP loan was disbursed to codefendant Jan Daniel García Sánchez, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

974.    Codefendant Jan Daniel García Sánchez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

975.    Codefendant Jan Daniel García Sánchez knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

976.    Codefendant Jan Daniel García Sánchez conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

977.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Jan Daniel García Sánchez ascends to $20,479.00.

(jjj)    <u>Jancarlo Morales</u>

978.    Codefendant Jancarlo Morales executed a promissory note on April 26, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Jancarlo Morales obtained $19,052.00.

979.    Codefendant Jancarlo Morales's PPP Loan number is 3946448902.

980.    Codefendant Jancarlo Morales's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

981.    The PPP loan granted to codefendant Jancarlo Morales was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

982.    SBA approved the PPP loan amounts for codefendant Jancarlo Morales's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

983.    After the PPP loan was disbursed to codefendant Jancarlo Morales, he issued a check for the benefit of Brian Blassini, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

984.    Codefendant Jancarlo Morales knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

985.    Codefendant Jancarlo Morales knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

986.    Codefendant Jancarlo Morales conspired with Brian Blassini, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

987.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Jancarlo Morales ascends to $19,052.00.

(kkk)    Janelle Irene Fe Cooney Delgado

988.    Codefendant Janelle Irene Fe Cooney Delgado executed promissory notes on July 22, 2020, and February 17, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Janelle Irene Fe Cooney Delgado obtained $17,200.00 for each note.

989.    Codefendant Janelle Irene Fe Cooney Delgado's PPP Loan numbers are 2545438501 and 4357618204.

990.    Codefendant Janelle Irene Fe Cooney Delgado's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

991.    The PPP loans granted to codefendant Janelle Irene Fe Cooney Delgado were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

992.    SBA approved the PPP loan amounts for codefendant Janelle Irene Fe Cooney Delgado's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

993.    After the PPP loans were disbursed to codefendant Janelle Irene Fe Cooney Delgado, she issued a check for the benefit of Manfred Pentzke, another RICO codefendant, using

the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory notes.

994.    Codefendant Janelle Irene Fe Cooney Delgado knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory notes, the agency's regulations and federal law.

995.    Codefendant Janelle Irene Fe Cooney Delgado knew or should have known that her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory notes.

996.    Codefendant Janelle Irene Fe Cooney Delgado conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory notes.

997.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Janelle Irene Fe Cooney Delgado ascends to $16,863.24 for loan 2545438501.

(lll)    <u>Japhet Santiago Gómez</u>

998.    Codefendant Japhet Santiago Gómez executed a promissory note on February 24, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Japhet Santiago obtained $20,833.00.

999.    Codefendant Japhet Santiago Gómez's PPP Loan number is 4369258505.

1000.    Codefendant Japhet Santiago Gómez's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1001.  The PPP loan granted to codefendant Japhet Santiago Gómez was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1002.  SBA approved the PPP loan amounts for codefendant Japhet Santiago Gómez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1003.  After the PPP loan was disbursed to codefendant Japhet Santiago Gómez, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1004.  Codefendant Japhet Santiago Gómez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1005.  Codefendant Japhet Santiago Gómez knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1006.  Codefendant Japhet Santiago Gómez conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1007.  As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Japhet Santiago Gómez ascends to $20,770.86.

(mmm) <u>Jasmin Rivera Colón</u>

1008.   Codefendant Jasmin Rivera Colón executed a promissory note on March 22, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Jasmin Rivera Colón obtained $20,451.00.

1009.   Codefendant Jasmin Rivera Colón's PPP Loan number is 4039178709.

1010.   Codefendant Jasmin Rivera Colón's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1011.   The PPP loan granted to codefendant Jasmin Rivera Colón was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1012.   SBA approved the PPP loan amounts for codefendant Jasmin Rivera Colón's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1013.   After the PPP loan was disbursed to codefendant Jasmin Rivera Colón, she issued a checks for the benefit of Hendrick Sánchez Orta and to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1014.   Codefendant Jasmin Rivera Colón knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1015.   Codefendant Jasmin Rivera Colón knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1016.   Codefendant Jasmin Rivera Colón conspired with Hendrick Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1017.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Jasmin Rivera Colón ascends to $20,451.00.

(nnn)   Javier Vélez Torres

1018.   Codefendant Javier Vélez Torres executed a promissory note on May 11, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Javier Vélez Torres obtained $20,625.00.

1019.   Codefendant Javier Vélez Torres's PPP Loan number is 1453749004.

1020.   Codefendant Javier Vélez Torres's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1021.   The PPP loan granted to codefendant Javier Vélez Torres was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1022.   SBA approved the PPP loan amounts for codefendant Javier Vélez Torres's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1023.   After the PPP loan was disbursed to codefendant Javier Vélez Torres, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1024.   Codefendant Javier Vélez Torres knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1025.   Codefendant Javier Vélez Torres knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1026.   Codefendant Javier Vélez Torres conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1027.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Javier Vélez Torres ascends to $20,625.00

(ooo)   <u>Jenssen López Santiago</u>

1028.   Codefendant Jenssen López Santiago executed promissory notes on February 8, 2021 and April 30, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Jenssen López Santiago obtained $20,826.00 for each note.

1029.   Codefendant Jenssen López Santiago's PPP Loan numbers are 4195968505 and 7008508909.

1030.   Codefendant Jenssen López Santiago's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1031. The PPP loans granted to codefendant Jenssen López Santiago were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1032. SBA approved the PPP loan amounts for codefendant Jenssen López Santiago's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1033. After the PPP loans were disbursed to codefendant Jenssen López Santiago, he issued a check to the order of Social Club, LLC and Major Group Inc., both of which are owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1034. Codefendant Jenssen López Santiago knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1035. Codefendant Jenssen López Santiago knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1036. Codefendant Jenssen López Santiago conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1037.   As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Jenssen López Santiago ascends to $20,763.88 for loan 4195968505 and $20,826.00 for loan 7008508909.

(ppp)   Jesús Emmanuel Cotto Zayas

1038.   Codefendant Jesús Emmanuel Cotto Zayas executed promissory notes on June 24, 2020 and January 19, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Jesús Emmanuel Cotto Zayas obtained $20,800.00 for each note.

1039.   Codefendant Jesús Emmanuel Cotto Zayas's PPP Loan numbers are 5433648406 and 4571708001.

1040.   Codefendant Jesús Emmanuel Cotto Zayas's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1041.   The PPP loans granted to codefendant Jesús Emmanuel Cotto Zayas were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1042.   SBA approved the PPP loan amounts for codefendant Jesús Emmanuel Cotto Zayas's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1043.   After the PPP loans were disbursed to codefendant Jesús Emmanuel Cotto Zayas, he issued a check to the order of MGE LLC, which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1044.  Codefendant Jesús Emmanuel Cotto Zayas knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1045.  Codefendant Jesús Emmanuel Cotto Zayas knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1046.  Codefendant Jesús Emmanuel Cotto Zayas conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1047.  As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Jesús Emmanuel Cotto Zayas ascends to $12,822.68 for loan 5433648406.

(qqq)  Jesús Rodríguez Maysonet

1048.  Codefendant Jesús Rodríguez Maysonet executed promissory notes on July 24, 2020 and February 18, 2021 as part of the PPP economic assistance program. Through the promissory notes, codefendant Jesús Rodríguez Maysonet obtained $17,600.00 for each note.

1049.  Codefendant Jesús Rodríguez Maysonet's PPP Loan numbers are 4361228208 and 2216968506.

1050.  Codefendant Jesús Rodríguez Maysonet's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1051.  The PPP loans granted to codefendant Jesús Rodríguez Maysonet were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1052.   SBA approved the PPP loan amounts for codefendant Jesús Rodríguez Maysonet's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1053.   After the PPP loans were disbursed to codefendant Jesús Rodríguez Maysonet, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1054.   Codefendant Jesús Rodríguez Maysonet knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1055.   Codefendant Jesús Rodríguez Maysonet  knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1056.   Codefendant Jesús Rodríguez Maysonet conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1057.   As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Jesús Rodríguez Maysonet ascends to $17,600.00 for loan 2216968506. Codefendant Jesús Rodríguez Maysonet has also failed to pay off loan 4361228208.

(rrr)    Jesús Sierra Toro

1058.    Codefendant Jesús Sierra Toro executed promissory notes on July 22, 2020 and January 20, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Jesús Sierra Toro obtained $20,800.00 for each note.

1059.    Codefendant Jesús Sierra Toro's PPP Loan numbers are 8711848107 and 4922048301.

1060.    Codefendant Jesús Sierra Toro's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1061.    The PPP loans granted to codefendant Jesús Sierra Toro were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1062.    SBA approved the PPP loan amounts for codefendant Jesús Sierra Toro's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1063.    After the PPP loans were disbursed to codefendant Jesús Sierra Toro, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1064.    Codefendant Jesús Sierra Toro knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1065.    Codefendant Jesús Sierra Toro knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1066.   Codefendant Jesús Sierra Toro conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

(sss)   <u>Jesús E. Soto Lozada</u>

1067.   Codefendant Jesús E. Soto Lozada executed a promissory note on April 7, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Jesús E. Soto Lozada obtained $18,939.00.

1068.   Codefendant Jesús E. Soto Lozada's PPP Loan number is 9736158701.

1069.   Codefendant Jesús E. Soto Lozada's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1070.   The PPP loan granted to codefendant Jesús E. Soto Lozada was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1071.   SBA approved the PPP loan amounts for codefendant Jesús E. Soto Lozada's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1072.   After the PPP loan was disbursed to codefendant Jesús E. Soto Lozada, he issued a check to the order of Major Group, Inc. which is managed by Manfred Pentzke, and another check for the benefit of Hendrick Socorro Sánchez Orta, both of which are RICO codefendants, using the PPP loan proceeds. Such payments constitute kickbacks to a third party in direct violation of Section 5 of his executed promissory note.

1073.   Codefendant Jesús E. Soto Lozada knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1074.   Codefendant Jesús E. Soto Lozada knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1075.   Codefendant Jesús E. Soto Lozada conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1076.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Jesús E. Soto Lozada ascends to $18,939.00.

(ttt)   Jiovannie García Sánchez

1077.   Codefendant Jiovannie García Sánchez executed a promissory note on May 6, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Jiovannie García Sánchez obtained $20,604.00.

1078.   Codefendant Jiovannie García Sánchez's PPP Loan number is 9885298908.

1079.   Codefendant Jiovannie García Sánchez's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1080.   The PPP loan granted to codefendant Jiovannie García Sánchez was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1081.   SBA approved the PPP loan amounts for codefendant Jiovannie García Sánchez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1082.   After the PPP loan was disbursed to codefendant Jiovannie García Sánchez, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1083.   Codefendant Jiovannie García Sánchez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1084.   Codefendant Jiovannie García Sánchez knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1085.   Codefendant Jiovannie García Sánchez conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

(uuu)   <u>José Daniel Díaz Nieves</u>

1086.   Codefendant José Daniel Díaz Nieves executed a promissory note on February 27, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant José Daniel Díaz Nieves obtained $20,486.00.

1087.   Codefendant José Daniel Díaz Nieves's PPP Loan number is 5588368508.

1088.   Codefendant José Daniel Díaz Nieves's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1089.   The PPP loan granted to codefendant José Daniel Díaz Nieves was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1090.   SBA approved the PPP loan amounts for codefendant José Daniel Díaz Nieves's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1091.   After the PPP loan was disbursed to codefendant José Daniel Díaz Nieves, he issued a check to the order of, Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1092.   Codefendant José Daniel Díaz Nieves knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1093.   Codefendant José Daniel Díaz Nieves knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1094.   Codefendant José Daniel Díaz Nieves conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1095.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant José Daniel Díaz Nieves ascends to $20,486.00.

(vvv)        José Francisco Campos Jovel

1096.   Codefendant José Francisco Campos Jovel executed promissory notes on June 3, 2020 and February 24, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant José Francisco Campos Jovel obtained $20,800.00 for each note.

1097.   Codefendant José Francisco Campos Jovel's PPP Loan numbers are 4087998506 and 9435497807.

1098.   Codefendant José Francisco Campos Jovel's PPP loan applications contained 1040-PR forms that were falsified and/or prepared using false information.

1099.   The PPP loans granted to codefendant José Francisco Campos Jovel were approved based on falsified 1040-PR forms that were included as supporting documents in the loan applications.

1100.   SBA approved the PPP loan amounts for codefendant José Francisco Campos Jovel's benefit based on falsified 1040-PR forms that were included as supporting documents in the loan applications.

1101.   After the PPP loans were disbursed to codefendant José Francisco Campos Jovel, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1102.   Codefendant José Francisco Campos Jovel knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1103.  Codefendant José Francisco Campos Jovel knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1104.  Codefendant José Francisco Campos Jovel conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1105.  As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant José Francisco Campos Jovel ascends to $11,056.71 for loan 4087998506.

(www) Josearyam Gotay León

1106.  Codefendant Josearyam Gotay León executed a promissory note on May 4, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Josearyam Gotay León obtained $20,416.00.

1107.  Codefendant Josearyam Gotay León's PPP Loan number is 8883298910.

1108.  Codefendant Josearyam Gotay León's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1109.  The PPP loan granted to codefendant Josearyam Gotay León was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1110.  SBA approved the PPP loan amounts for codefendant Josearyam Gotay León's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1111.   After the PPP loan was disbursed to codefendant Josearyam Gotay León, he issued a check for the benefit of Hendrick Socorro Sánchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1112.   Codefendant Josearyam Gotay León knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was indirect violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1113.   Codefendant Josearyam Gotay León knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1114.   Codefendant Josearyam Gotay León conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1115.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Josearyam Gotay León ascends to $20,416.00.

(xxx)   Joseph Morales Santiago

1116.   Codefendant Joseph Morales Santiago executed a promissory note on May 04, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Joseph Morales Santiago obtained $20,312.00.

1117.   Codefendant Joseph Morales Santiago's PPP Loan number is 8926958908.

1118.   Codefendant' Joseph Morales Santiago's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1119.   The PPP loan granted to codefendant Joseph Morales Santiago was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1120.   SBA approved the PPP loan amounts for codefendant Joseph Morales Santiago's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1121.   After the PPP loan was disbursed to codefendant Joseph Morales Santiago, he issued a check for the benefit of Hendrick Socorro Sánchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1122.   Codefendant Joseph Morales Santiago knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1123.   Codefendant Joseph Morales Santiago knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1124.   Codefendant Joseph Morales Santiago conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1125.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Joseph Morales Santiago ascends to $20,312.00.

(yyy)    <u>Juan Monserrate Santiago</u>

1126.    Codefendant Juan Monserrate Santiago executed promissory notes on February 17, 2021 and May 8, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Juan Monserrate Santiago obtained $20,604.00 and $28,846.00, respectively.

1127.    Codefendant Juan Monserrate Santiago's PPP Loan numbers are 5566258509 and 9795138902.

1128.    Codefendant Juan Monserrate Santiago's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1129.    The PPP loans granted to codefendant Juan Monserrate Santiago were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1130.    SBA approved the PPP loan amounts for codefendant Juan Monserrate Santiago's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1131.    After the PPP loans were disbursed to codefendant Juan Monserrate Santiago, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1132.    Codefendant Juan Monserrate Santiago knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1133.    Codefendant Juan Monserrate Santiago knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1134.   Codefendant Juan Monserrate Santiago conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1135.   As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Juan Monserrate Santiago ascends to $18,604.00 for loan 5566258509 and $26,951.38 for loan 9795138902.

(zzz)   Juan Rivera Mundo

1136.   Codefendant Juan Rivera Mundo executed a promissory note on May 04, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Juan Rivera Mundo obtained $18,814.00.

1137.   Codefendant Juan Rivera Mundo's PPP Loan number is 8919888902.

1138.   Codefendant' Juan Rivera Mundo's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1139.   The PPP loan granted to codefendant Juan Rivera Mundo was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1140.   SBA approved the PPP loan amounts for codefendant Juan Rivera Mundo's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1141.   After the PPP loan was disbursed to codefendant Juan Rivera Mundo, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1142.   Codefendant Juan Rivera Mundo knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1143.   Codefendant Juan Rivera Mundo knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1144.   Codefendant Juan Rivera Mundo conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1145.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Juan Rivera Mundo ascends to $570.19.

(aaaa)   Julia Cecilia Santiago Salgado

1146.   Codefendant Julia Cecilia Santiago Salgado executed promissory notes on July 21, 2020, and February 14, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Julia Cecilia Santiago Salgado obtained and $23,100.00 and $16,500.00, respectively.

1147.   Codefendant Julia Cecilia Santiago Salgado's PPP Loan numbers are 1274898502 and 4356228203.

1148.   Codefendant Julia Cecilia Santiago Salgado's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1149.   The PPP loans granted to codefendant Julia Cecilia Santiago Salgado were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1150.   SBA approved the PPP loan amounts for codefendant Julia Cecilia Santiago Salgado's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1151.   After the PPP loans were disbursed to codefendant Julia Cecilia Santiago Salgado, she issued a check to the order of, Major Group, Inc. which is owned and/or managed by Manfred Pentzke, and another check for the benefit of José Carmona Morales, both RICO codefendants, using the PPP loan proceeds. Such payments constitute kickbacks to a third party in direct violation of Section 5 of her executed promissory notes.

1152.   Codefendant Julia Cecilia Santiago Salgado knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory notes, the agency's regulations and federal law.

1153.   Codefendant Julia Cecilia Santiago Salgado knew or should have known that her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory notes.

1154.   Codefendant Julia Cecilia Santiago Salgado conspired with José Carmona Morales, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory notes.

1155.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Julia Cecilia Santiago Salgado ascends to $22,934.16 for loan 1274898502.

(bbbb) <u>Julia Pastrana Romero</u>

1156.   Codefendant Julia Pastrana Romero executed a promissory note on January 12, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Julia Pastrana Romero obtained $20,800.00.

1157.   Codefendant Julia Pastrana Romero's PPP Loan number is 3505538300.

1158.   Codefendant Julia Pastrana Romero's PPP loan application contained 480.6SP and 1040-PR forms, as well as an invoice that were all falsified and/or prepared using false information.

1159.   The PPP loan granted to codefendant Julia Pastrana Romero was approved based on falsified 480.6SP and 1040-PR forms as well as an invoice that were included as supporting documents in the loan application.

1160.   SBA approved the PPP loan amounts for codefendant Julia Pastrana Romero's benefit based on falsified 480.6SP and 1040-PR forms as well as an invoice that were included as supporting documents in the loan application.

1161.    After the PPP loan was disbursed to codefendant Julia Pastrana Romero, she issued a check for the benefit of Ligia Lemus, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1162.   Codefendant Julia Pastrana Romero knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1163.   Codefendant Julia Pastrana Romero knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1164.   Codefendant Julia Pastrana Romero conspired with Ligia Lemus, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1165.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Julia Pastrana Romero ascends to $20,800.00.

(cccc)   Juliannette Maldonado Amaro

1166.   Codefendant Juliannette Maldonado Amaro executed a promissory note on May 10, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Juliannette Maldonado Amaro obtained $20,322.00.

1167.   Codefendant Juliannette Maldonado Amaro's PPP Loan number is 1614119005

1168.   Codefendant Juliannette Maldonado Amaro's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1169.   The PPP loan granted to codefendant Juliannette Maldonado Amaro was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1170.   SBA approved the PPP loan amounts for codefendant Juliannette Maldonado Amaro's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1171.   After the PPP loan was disbursed to codefendant Juliannette Maldonado Amaro, she compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1172.   Codefendant Juliannette Maldonado Amaro knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1173.   Codefendant Juliannette Maldonado Amaro knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1174.   Codefendant Juliannette Maldonado Amaro conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1175.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Juliannette Maldonado Amaro ascends to $20,322.00.

(dddd) <u>Julio Veras De Jesús</u>

1176.   Codefendant Julio Veras De Jesús executed a promissory note on April 29, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Julio Veras De Jesús obtained $19,791.00.

1177.   Codefendant Julio Veras De Jesús's PPP Loan number is 5842848909.

1178.   Codefendant Julio Veras De Jesús's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1179.   The PPP loan granted to codefendant Julio Veras De Jesús was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1180.   SBA approved the PPP loan amounts for codefendant Julio Veras De Jesús's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1181.   After the PPP loan was disbursed to codefendant Julio Veras De Jesús, he issued a check for the benefit of Brian Blassini, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1182.   Codefendant Julio Veras De Jesús knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1183.   Codefendant Julio Veras De Jesús knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1184.   Codefendant Julio Veras De Jesús conspired with Brian Blassini, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1185.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Julio Veras De Jesús ascends to $11,992.80.

(eeee)  <u>Karishna Nicole Ayala Otero</u>

1186.   Codefendant Karishna Nicole Ayala Otero executed a promissory note on April 09, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Karishna Nicole Ayala Otero obtained $19,270.00.

1187.   Codefendant Karishna Nicole Ayala Otero PPP Loan number is 3153228808.

1188.   Codefendant Karishna Nicole Ayala Otero's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1189.   The PPP loan granted to codefendant Karishna Nicole Ayala Otero was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1190.   SBA approved the PPP loan amounts for codefendant Karishna Nicole Ayala Otero's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1191.   After the PPP loan was disbursed to codefendant Karishna Nicole Ayala Otero, she issued a check to the order of, José Carmona Morales, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1192.   Codefendant Karishna Nicole Ayala Otero knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1193.   Codefendant Karishna Nicole Ayala Otero knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1194.   Codefendant Karishna Nicole Ayala Otero conspired with José Carmona Morales, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1195.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Karishna Nicole Ayala Otero ascends to $19,270.00.

(ffff)   Katty De León Delgado

1196.   Codefendant Katty De León Delgado executed a promissory note on March 10, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Katty De León Delgado obtained $20,776.00.

1197.   Codefendant Katty De León Delgado's PPP Loan number is 4829318610.

1198.   Codefendant Katty De León Delgado's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1199.   The PPP loan granted to codefendant Katty De León Delgado was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1200.   SBA approved the PPP loan amounts for codefendant Katty De León Delgado's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1201.   After the PPP loan was disbursed to codefendant Katty De León Delgado, she issued a check to the order of Hendrick Socorro Sánchez Orta and another to Major Group, Inc., which is owned and/or managed by Manfred Pentzke, both RICO codefendants, using the PPP

loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1202.   Codefendant Katty De León Delgado knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1203.   Codefendant Katty De León Delgado knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1204.   Codefendant Katty De León Delgado conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1205.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Katty De León Delgado ascends to $12,065.90.

(gggg) Kemuel Andrade Candelaria

1206.   Codefendant Kemuel Andrade Candelaria executed a promissory note on March 31, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Kemuel Andrade Candelaria obtained $20,399.00.

1207.   Codefendant Kemuel Andrade Candelaria's PPP Loan number is 7330828702.

1208.   Codefendant Kemuel Andrade Candelaria's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1209.   The PPP loan granted to codefendant Kemuel Andrade Candelaria was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1210.   SBA approved the PPP loan amounts for codefendant Kemuel Andrade Candelaria's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1211.   After the PPP loan was disbursed to codefendant Kemuel Andrade Candelaria, he issued a check for the benefit of Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1212.   Codefendant Kemuel Andrade Candelaria knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1213.   Codefendant Kemuel Andrade Candelaria knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1214.   Codefendant Kemuel Andrade Candelaria conspired with  Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1215.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Kemuel Andrade Candelaria ascends to $20,399.00.

(hhhh)  <u>Kenned Velázquez Toledo</u>

1216.    Codefendant Kenned Velázquez Toledo executed a promissory note on March 10, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Kenned Velázquez Toledo obtained $20,555.00.

1217.    Codefendant Kenned Velázquez Toledo's PPP Loan number is 6464978604.

1218.    Codefendant Kenned Velázquez Toledo's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1219.    The PPP loan granted to codefendant Kenned Velázquez Toledo was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1220.    SBA approved the PPP loan amounts for codefendant Kenned Velázquez Toledo's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1221.    After the PPP loan was disbursed to codefendant Kenned Velázquez Toledo, he issued a check to the order of, Major Group, Inc., which is owned and/or managed by Manfred Pentzke, and another check for the benefit of Hendrick Socorro Sánchez Orta, both of which are RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1222.    Codefendant Kenned Velázquez Toledo knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1223.   Codefendant Kenned Velázquez Toledo knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1224.   Codefendant Kenned Velázquez Toledo conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1225.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Kenned Velázquez Toledo ascends to $15,243.00.

(iiii)   Kiara Sierra Bermúdez

1226.   Codefendant Kiara Sierra Bermúdez executed a promissory note on May 02, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Kiara Sierra Bermúdez obtained $20,312.00.

1227.    Codefendant Kiara Sierra Bermúdez's PPP Loan number is 9320658901.

1228.   Codefendant Kiara Sierra Bermúdez's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1229.   The PPP loan granted to codefendant Kiara Sierra Bermúdez was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1230.   SBA approved the PPP loan amounts for codefendant Kiara Sierra Bermúdez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1231.   After the PPP loan was disbursed to codefendant Kiara Sierra Bermúdez, she issued a check for the benefit of Brian Blassini, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1232.   Codefendant Kiara Sierra Bermúdez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1233.   Codefendant Kiara Sierra Bermúdez knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1234.   Codefendant Kiara Sierra Bermúdez conspired with Brian Blassini, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1235.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Kiara Sierra Bermúdez ascends to $20,312.00.

(jjjj)   Lilliam Collazo Pérez

1236.   Codefendant Lilliam Collazo Pérez executed a promissory note on April 14, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Lilliam Collazo Pérez obtained $20,000.00.

1237.   Codefendant Lilliam Collazo Pérez's PPP Loan number is 4817688804.

1238.   Codefendant Lilliam Collazo Pérez's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1239.   The PPP loan granted to codefendant Lilliam Collazo Pérez was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1240.   SBA approved the PPP loan amounts for codefendant Lilliam Collazo Pérez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1241.   After the PPP loan was disbursed to codefendant Lilliam Collazo Pérez, she issued a check to the order of, Ligia Lemus, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1242.   Codefendant Lilliam Collazo Pérez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1243.   Codefendant Lilliam Collazo Pérez knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1244.   Codefendant Lilliam Collazo Pérez conspired with Ligia Lemus, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1245.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Lilliam Collazo Pérez ascends to $20,000.00.

(kkkk) <u>Luis Burgos Dávila</u>

1246.    Codefendant Luis Burgos Dávila executed a promissory note on May 02, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Luis Burgos Dávila obtained $20,416.00,

1247.    Codefendant Luis Burgos Dávila PPP Loan number is 8783348904.

1248.    Codefendant Luis Burgos Dávila's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1249.    The PPP loan granted to codefendant Luis Burgos Dávila was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1250.    SBA approved the PPP loan amounts for codefendant Luis Burgos Dávila's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1251.    After the PPP loan was disbursed to codefendant Luis Burgos Dávila, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1252.    Codefendant Luis Burgos Dávila knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1253.    Codefendant Luis Burgos Dávila knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1254.   Codefendant Luis Burgos Dávila conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1255.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Luis Burgos Dávila ascends to $20,416.00.

(llll)    Luis Antonio Colón Rosario

1256.   Codefendant Luis Antonio Colón Rosario executed a promissory note on April 6, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Luis Antonio Colón Rosario obtained $18,604.00.

1257.   Codefendant Luis Antonio Colón Rosario's PPP Loan number is 7999198705.

1258.   Codefendant Luis Antonio Colón Rosario's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1259.   The PPP loan granted to codefendant Luis Antonio Colón Rosario was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1260.   SBA approved the PPP loan amounts for codefendant Luis Antonio Colón Rosario's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1261.   After the PPP loan was disbursed to codefendant Luis Antonio Colón Rosario, he issued a check to the order of, Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1262.   Codefendant Luis Antonio Colón Rosario knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1263.   Codefendant Luis Antonio Colón Rosario knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1264.   Codefendant Luis Antonio Colón Rosario conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1265.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Luis Antonio Colón Rosario ascends to $18,604.00.

(mmmm)    Luis González Blassini

1266.   Codefendant Luis González Blassini executed a promissory note on April 14, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Luis González Blassini obtained $19,333.00.

1267.   Codefendant Luis González Blassini PPP Loan number is 4686768803.

1268.   Codefendant Luis González Blassini's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1269.   The PPP loan granted to codefendant Luis González Blassini was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1270.  SBA approved the PPP loan amounts for codefendant Luis González Blassini's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1271.  After the PPP loan was disbursed to codefendant Luis González Blassini, he issued a check for the benefit of Brian Blassini, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1272.  Codefendant Luis González Blassini knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1273.  Codefendant Luis González Blassini knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1274.  Codefendant Luis González Blassini conspired with Brian Blassini, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1275.  As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Luis González Blassini ascends to $19,333.00.

(nnnn)  Luis Onad Lebron

1276.  Codefendant Luis Onad Lebron executed a promissory note on April 26, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Luis Onad Lebron obtained $20,579.00.

1277.   Codefendant Luis Onad Lebron's PPP Loan number is 4291138906.

1278.   Codefendant Luis Onad Lebron's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1279.   The PPP loan granted to codefendant Luis Onad Lebron was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1280.   SBA approved the PPP loan amounts for codefendant Luis Onad Lebron's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1281.   After the PPP loan was disbursed to codefendant Luis Onad Lebron, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1282.   Codefendant Luis Onad Lebron knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1283.   Codefendant Luis Onad Lebron knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1284.   Codefendant Luis Onad Lebron conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

(oooo) <u>Luis Pastrana Román</u>

1285.   Codefendant Luis Pastrana Román executed promissory notes on February 9, 2021 and April 29, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Luis Pastrana Román obtained $20,343.00 and $28,480.00 for each note.

1286.   Codefendant Luis Pastrana Román's PPP Loan numbers are 6347118409 and 6981788909.

1287.   Codefendant Luis Pastrana Román's PPP loan applications contained an invoice, as well as 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1288.   The PPP loans granted to codefendant Luis Pastrana Román were approved based on falsified documents, including 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1289.   SBA approved the PPP loan amounts for codefendant Luis Pastrana Román's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1290.   After the PPP loans were disbursed to codefendant Luis Pastrana Román, he issued a check to the order of MGE LLC, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1291.   Codefendant Luis Pastrana Román knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1292.    Codefendant Luis Pastrana Román knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1293.    Codefendant Luis Pastrana Román conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1294.    As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Luis Pastrana Román ascends to $20,343.00 for loan 6347118409 and $28,480.00 for loan 6981788909.

(pppp) <u>Luis Reyes Sandoval</u>

1295.    Codefendant Luis Reyes Sandoval executed a promissory note on April 27, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Luis Reyes Sandoval obtained $18,750.00.

1296.    Codefendant Luis Reyes Sandoval PPP Loan number is 3781868900.

1297.    Codefendant Luis Reyes Sandoval's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1298.    The PPP loan granted to codefendant Luis Reyes Sandoval was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1299.    SBA approved the PPP loan amounts for codefendant Luis Reyes Sandoval's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1300.  After the PPP loan was disbursed to codefendant Luis Reyes Sandoval, he issued checks for the benefit of Hendrick Socorro Sánchez Orta and Jonatan Prieto Ruiz de Val, both RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1301.  Codefendant Luis Reyes Sandoval knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1302.  Codefendant Luis Reyes Sandoval knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1303.  Codefendant Luis Reyes Sandoval conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1304.  As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Luis Reyes Sandoval ascends to $10,529.35.

(qqqq) Luis Rodríguez De Jesus

1305.  Codefendant Luis Rodríguez De Jesus executed a promissory note on May 06, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Luis Rodríguez De Jesus obtained $18,773.00.

1306.  Codefendant Luis Rodríguez De Jesus's PPP Loan number is 8364508910.

1307.  Codefendant Luis Rodríguez De Jesus's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1308.   The PPP loan granted to codefendant Luis Rodríguez De Jesus was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1309.   SBA approved the PPP loan amounts for codefendant Luis Rodríguez De Jesus's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1310.   After the PPP loan was disbursed to codefendant Luis Rodríguez De Jesus, he issued a check for the benefit of Hendrick Socorro Sánchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1311.   Codefendant Luis Rodríguez De Jesus knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1312.   Codefendant Luis Rodríguez De Jesus knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1313.   Codefendant Luis Rodríguez De Jesus conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1314.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Luis Rodríguez De Jesus ascends to $18,773.00.

(rrrr)    Major Group, Inc.

1315.    Major Group, Inc., which is owned and managed by codefendant Mr. Manfred Arno Pentzke Lemus, executed promissory notes on January 14, 2021, and April 27, 2021, as part of the PPP economic assistance program. Through this promissory notes, Major Group, Inc. obtained $149,400.00 and $149,412.00 for each note.

1316.    Major Group, Inc.'s PPP Loan numbers are 5168128401 and 7948612670.

1317.    As part of the loan application process, Major Group, Inc. submitted a 499R-3 form that was falsified and/or prepared using false information.

1318.    SBA approved the PPP loan amounts for Major Group, Inc. based on a falsified 499R-3 form that was included as supporting documents in the loan applications.

1319.    After the PPP loans were disbursed to Major Group, Inc., it compensated other RICO codefendants, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1320.    Major Group, Inc. knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1321.    Major Group, Inc. knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1322.    Major Group, Inc. also received payments as compensation for the fraudulent applications of PPP loans on behalf of third parties.

1323.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Major Group, Inc. ascends to $148,983.44 for loan 5168128401.

(ssss)   Social Club, LLC

1324.   Social Club, LLC, which is owned and managed by codefendant Manfred Arno Pentzke Lemus, executed promissory notes on February 12, 2021, and May 04, 2021, as part of the PPP economic assistance program. Through this promissory note, Social Club, LLC obtained $148,125.00 and $148,125.00

1325.   Social Club, LLC's PPP Loan numbers are 2647308509 and 2673209002.

1326.   As part of the loan application process, Social Club, LLC. submitted a 499R-3 form that was falsified and/or prepared using false information.

1327.   SBA approved the PPP loan amounts for Social Club, LLC based on falsified 499R-3 form that was included as supporting documents in the loan applications.

1328.   Social Club, LLC. knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1329.   Social Club, LLC. knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1330.   Social Club, LLC also received payments as compensation for the fraudulent applications of PPP loans on behalf of third parties.

1331.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Major Group, Inc. ascends to $148,125.00 for loan 2673209002.

(tttt)   MGE, LLC.

1332.   MGE, LLC, which is owned and managed by codefendant Mr. Manfred Arno Pentzke Lemus, executed promissory notes on January 18, 2021, and April 29, 2021, as part of the

PPP economic assistance program. Through this promissory note, MGE, LLC obtained $145,200.00 and $145,208.00.

1333.   MGE, LLC's PPP Loan numbers are 7957167692 and 8139868405.

1334.   As part of the loan application process, MGE, LLC submitted 499R-3 forms that were falsified and/or prepared using false information.

1335.   SBA approved the PPP loan amounts for MGE, LLC. based on falsified 499R-3 forms that were included as supporting documents in the loan applications.

1336.   After the PPP loans were disbursed to MGE, LLC, it compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1337.   MGE, LLC knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1338.   MGE, LLC knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1339.   MGE, LLC also received payments as compensation for the fraudulent applications of PPP loans on behalf of third parties.

(uuuu)  Manuel Negrón Acosta

1340.   Codefendant Manuel Negrón Acosta executed a promissory note on May 5, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Manuel Negrón Acosta obtained $20,208.00.

1341.   Codefendant Manuel Negrón Acosta's PPP Loan number is 8990978908.

1342.   Codefendant Manuel Negrón Acosta's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1343.   The PPP loan granted to codefendant Manuel Negrón Acosta was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1344.   SBA approved the PPP loan amounts for codefendant Manuel Negrón Acosta's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1345.   After the PPP loan was disbursed to codefendant Manuel Negrón Acosta, he issued a check for the benefit of José Ortiz Cotte, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1346.   Codefendant Manuel Negrón Acosta knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1347.   Codefendant Manuel Negrón Acosta knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1348.   Codefendant Manuel Negrón Acosta conspired with José Ortiz Cotte, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1349.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Manuel Negrón Acosta ascends to $20,208.00.

(vvvv)   <u>Marangelis Rivera Rivera</u>

1350.   Codefendant Marangelis Rivera Rivera executed a promissory note on February 7, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Marangelis Rivera Rivera obtained $20,075.00.

1351.   Codefendant Marangelis Rivera Rivera's PPP Loan number is 4433018509.

1352.   Codefendant Marangelis Rivera Rivera's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1353.   The PPP loan granted to codefendant Marangelis Rivera Rivera was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1354.   SBA approved the PPP loan amounts for codefendant Marangelis Rivera Rivera's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1355.   After the PPP loan was disbursed to codefendant Marangelis Rivera Rivera, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1356.   Codefendant Marangelis Rivera Rivera knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1357.   Codefendant Marangelis Rivera Rivera knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1358.   Codefendant Marangelis Rivera Rivera conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1359.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Marangelis Rivera Rivera ascends to $20,075.00.

(wwww)     María Ortiz Garay

1360.   Codefendant María Ortiz Garay executed a promissory note on March 30, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant María Ortiz Garay obtained $20,356.00.

1361.   Codefendant María Ortiz Garay's PPP Loan number is 4940598709.

1362.   Codefendant María Ortiz Garay's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1363.   The PPP loan granted to codefendant María Ortiz Garay was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1364.   SBA approved the PPP loan amounts for codefendant María Ortiz Garay's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1365.   After the PPP loan was disbursed to codefendant María Ortiz Garay, she issued a check for the benefit of José Carmona Morales, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1366.   Codefendant María Ortiz Garay knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1367.   Codefendant María Ortiz Garay knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1368.   Codefendant María Ortiz Garay conspired with José Carmona Morales, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1369.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant María Ortiz Garay ascends to $20,356.00.

(xxxx) <u>Marla Pereira Medina</u>

1370.   Codefendant Marla Pereira Medina executed a promissory note on May 05, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Marla Pereira Medina obtained $19,541.00.

1371.   Codefendant Marla Pereira Medina PPP Loan number is 9672538904.

1372.   Codefendant Marla Pereira Medina's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1373.   The PPP loan granted to codefendant Marla Pereira Medina was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1374.   SBA approved the PPP loan amounts for codefendant Marla Pereira Medina's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1375.   After the PPP loan was disbursed to codefendant Marla Pereira Medina, she issued a check for the benefit of Hendrick Socorro Sánchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1376.   Codefendant Marla Pereira Medina knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1377.   Codefendant Marla Pereira Medina knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1378.   Codefendant Marla Pereira Medina conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1379. As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Marla Pereira Medina ascends to $19,482.71.

(yyyy) <u>Maximino Vera Rivera</u>

1380.   Codefendant Maximino Vera Rivera executed a promissory note on May 05, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Maximino Vera Rivera obtained $19,979.00.

1381.   Codefendant Maximino Vera Rivera PPP Loan number is 9608788904.

1382.   Codefendant Maximino Vera Rivera's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1383.   The PPP loan granted to codefendant Maximino Vera Rivera was approved based on falsified 1040-PR form that was included as supporting documents in the loan application.

1384.   SBA approved the PPP loan amounts for codefendant Maximino Vera Rivera's benefit based on falsified 1040-PR form that was included as supporting documents in the loan application.

1385.   After the PPP loan was disbursed to codefendant Maximino Vera Rivera, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1386.   Codefendant Maximino Vera Rivera knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1387.   Codefendant Maximino Vera Rivera knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1388.   Codefendant Maximino Vera Rivera conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of

fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1389.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Maximino Vera Rivera ascends to $10,529.25.

(zzzz)   Mayra Paola Miranda Cox

1390.   Codefendant Mayra Paola Miranda Cox executed promissory notes on February 16, 2021 and April 29, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Mayra Paola Miranda Cox obtained $20,833.00 and $29,166.00, respectively.

1391.   Codefendant Mayra Paola Miranda Cox's PPP Loan numbers are 7105868402 and 5559248900.

1392.   Codefendant Mayra Paola Miranda Cox's PPP loan applications contained an invoice, as well as 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1393.   The PPP loans granted to codefendant Mayra Paola Miranda Cox were approved based on falsified documents, including 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1394.   SBA approved the PPP loan amounts for codefendant Mayra Paola Miranda Cox's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1395.   After the PPP loans were disbursed to codefendant Mayra Paola Miranda Cox, she issued a check to the order of Ricardo Santiago Rodríguez, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory notes.

1396.   Codefendant Mayra Paola Miranda Cox knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory notes, the agency's regulations and federal law.

1397.   Codefendant Mayra Paola Miranda Cox knew or should have known that her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory notes.

1398.   Codefendant Mayra Paola Miranda Cox conspired with Ricardo Santiago Rodríguez, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory notes.

1399.   As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Mayra Paola Miranda Cox ascend to $20,187.11 for loan 7105868402 and $27,674.90 for loan 5559248900.

(aaaaa) Michael Pagán Ruiz

1400.   Codefendant Michael Pagán Ruiz executed a promissory note on May 07, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Michael Pagán Ruiz obtained $20,500.00.

1401.   Codefendant Michael Pagán Ruiz PPP Loan number is 9024998904.

1402.   Codefendant Michael Pagán Ruiz's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1403.   The PPP loan granted to codefendant Michael Pagán Ruiz was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1404.    SBA approved the PPP loan amounts for codefendant Michael Pagán Ruiz's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1405.    After the PPP loan was disbursed to codefendant Michael Pagán Ruiz, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1406.    Codefendant Michael Pagán Ruiz knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1407.    Codefendant Michael Pagán Ruiz knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1408.    Codefendant Michael Pagán Ruiz conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1409.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Michael Pagán Ruiz ascends to $20,500.00.

(bbbbb)    Michelle Crespo Blanco

1410.    Codefendant Michelle Crespo Blanco executed promissory notes on June 25, 2020, and February 26, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Michelle Crespo Blanco obtained $20,800.00 and $29,120.00, respectively.

1411.   Codefendant Michelle Crespo Blanco's PPP Loan numbers are 6422398010 and 7594278609.

1412.   Codefendant Michelle Crespo Blanco's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1413.   The PPP loans granted to codefendant Michelle Crespo Blanco were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1414.   SBA approved the PPP loan amounts for codefendant Michelle Crespo Blanco's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1415.   After the PPP loans were disbursed to codefendant Michelle Crespo Blanco, she issued checks to the order of Major Group, Inc. and Social Club, LLC, both of which are and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of her executed promissory notes.

1416.   Codefendant Michelle Crespo Blanco knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory notes, the agency's regulations and federal law.

1417.   Codefendant Michelle Crespo Blanco knew or should have known that her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory notes.

1418.   Codefendant Michelle Crespo Blanco conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of

fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory notes.

1419.   As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Michelle Crespo Blanco ascends to $29,120.00 for loan 7594278609.

(ccccc) Miguel Ángel Alicea González

1420.   Codefendant Miguel Ángel Alicea González executed a promissory note on April 26, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Miguel Ángel Alicea González obtained $20,371.00.

1421.   Codefendant Miguel Ángel Alicea González's PPP Loan number is 3729738910.

1422.   Codefendant Miguel Ángel Alicea González's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1423.   The PPP loan granted to codefendant Miguel Ángel Alicea González was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1424.   SBA approved the PPP loan amounts for codefendant Miguel Ángel Alicea González's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1425.   After the PPP loan was disbursed to codefendant Miguel Alicea González, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1426.   Codefendant Miguel Ángel Alicea González knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1427.   Codefendant Miguel Ángel Alicea González knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1428.   Codefendant Miguel Ángel Alicea González conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

(ddddd)      <u>Nancy Arroyo Quevedo</u>

1429.   Codefendant Nancy Arroyo Quevedo executed a promissory note on May 4, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Nancy Arroyo Quevedo obtained $20,663.00.

1430.   Codefendant Nancy Arroyo Quevedo's PPP Loan number is 9525578905.

1431.   Codefendant Nancy Arroyo Quevedo's PPP loan application contained forms that were falsified and/or prepared using false information.

1432.   The PPP loan granted to codefendant Nancy Arroyo Quevedo was approved based on falsified forms that were included as supporting documents in the loan application.

1433.   SBA approved the PPP loan amounts for codefendant Nancy Arroyo Quevedo's benefit based on falsified forms that were included as supporting documents in the loan application.

1434.   After the PPP loan was disbursed to codefendant Nancy Arroyo Quevedo, she compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1435.   Codefendant Nancy Arroyo Quevedo knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1436.   Codefendant Nancy Arroyo Quevedo knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1437.   Codefendant Nancy Arroyo Quevedo conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

(eeee) Nelson Daniel Noriega Sotomayor

1438.   Codefendant Nelson Daniel Noriega Sotomayor executed promissory notes on February 27, 2021, and April 29, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Nelson Daniel Noriega Sotomayor obtained $20,470.00 and $20,470.00 for each note.

1439.   Codefendant Nelson Daniel Noriega Sotomayor's PPP Loan numbers are 2071608501 and 5817858910.

1440.   Codefendant Nelson Daniel Noriega Sotomayor's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1441.   The PPP loans granted to codefendant Nelson Daniel Noriega Sotomayor were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1442.  SBA approved the PPP loan amounts for codefendant Nelson Daniel Noriega Sotomayor's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1443.  After the PPP loans were disbursed to codefendant Nelson Daniel Noriega Sotomayor, he issued a check to the order of Major Group, which is owned and/or managed by Manfred Pentzke, and another check for the benefit of José Carmona Morales, both RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1444.  Codefendant Nelson Daniel Noriega Sotomayor knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1445.  Codefendant Nelson Daniel Noriega Sotomayor knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1446.  Codefendant Nelson Daniel Noriega Sotomayor conspired with José Carmona Morales, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1447.  As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Nelson Daniel Noriega Sotomayor ascends to $20,470.00 for loan 2071608501 and $20,470.00 for loan 5817858910.

(fffff)  <u>Nelson Rodriguez Vega</u>

1448.   Codefendant Nelson Rodríguez Vega executed a promissory note on May 5, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Nelson Rodríguez Vega obtained $20,833.00.

1449.   Codefendant Nelson Rodríguez Vega PPP Loan number is 9759538907.

1450.   Codefendant Nelson Rodríguez Vega's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1451.   The PPP loan granted to codefendant Nelson Rodríguez Vega was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1452.   SBA approved the PPP loan amounts for codefendant Nelson Rodríguez Vega's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1453.   After the PPP loan was disbursed to codefendant Nelson Rodríguez Vega, he issued a check for the benefit of Brian Blassini, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1454.   Codefendant Nelson Rodríguez Vega knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1455.   Codefendant Nelson Rodríguez Vega knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1456.   Codefendant Nelson Rodríguez Vega conspired with Brian Blassini, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1457.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Nelson Rodríguez Vega ascends to $19,255.14.

(ggggg)      Nestor Sabater Rivera

1458.   Codefendant Nestor Sabater Rivera executed a promissory note on February 7, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Nestor Sabater Rivera obtained $20,833.00.

1459.   Codefendant Nestor Sabater Rivera's PPP Loan number is 3670448508.

1460.   Codefendant Nestor Sabater Rivera's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1461.   The PPP loan granted to codefendant Nestor Sabater Rivera was approved based on falsified 1040-PR forms that were included as supporting documents in the loan application.

1462.   SBA approved the PPP loan amounts for codefendant Nestor Sabater Rivera's benefit based on falsified 1040-PR forms that were included as supporting documents in the loan application.

1463.   After the PPP loan was disbursed to codefendant Nestor Sabater Rivera, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1464.   Codefendant Nestor Sabater Rivera knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1465.   Codefendant Nestor Sabater Rivera knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1466.   Codefendant Nestor Sabater Rivera conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1467.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Nestor Sabater Rivera ascends to $20,833.00.

(hhhhh)      Nicole Suarez Padilla

1468.   Codefendant Nicole Suarez Padilla executed a promissory note on April 29, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Nicole Suarez Padilla obtained $20,000.00.

1469.   Codefendant Nicole Suarez Padilla PPP Loan number is 6015048906.

1470.   Codefendant Nicole Suarez Padilla's PPP loan application contained a 1040-PR form that was falsified and/or prepared using false information.

1471.   The PPP loan granted to codefendant Nicole Suarez Padilla was approved based on falsified 1040-PR form that was included as supporting documents in the loan application.

1472. SBA approved the PPP loan amounts for codefendant Nicole Suarez Padilla's benefit based on falsified 1040-PR form that was included as supporting documents in the loan application.

1473. After the PPP loan was disbursed to codefendant Nicole Suarez Padilla, she compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1474. Codefendant Nicole Suarez Padilla knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1475. Codefendant Nicole Suarez Padilla knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1476. Codefendant Nicole Suarez Padilla conspired with Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1477. As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Nicole Suarez Padilla ascends to $12,334.15.

(iiiii) Nilda Esther Betancourt Figueroa

1478. Codefendant Nilda Esther Betancourt Figueroa executed a promissory note on May 8, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Nilda Esther Betancourt Figueroa obtained $20,504.00

1479. Codefendant Nilda Esther Betancourt Figueroa's PPP Loan number is 9723548908.

212

1480.   Codefendant Nilda Esther Betancourt Figueroa's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1481.   The PPP loan granted to codefendant Nilda Esther Betancourt Figueroa was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1482.   SBA approved the PPP loan amounts for codefendant Nilda Esther Betancourt Figueroa's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1483.   After the PPP loan was disbursed to codefendant Nilda Esther Betancourt Figueroa, she compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1484.   Codefendant Nilda Esther Betancourt Figueroa knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1485.   Codefendant Nilda Esther Betancourt Figueroa knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1486.   Codefendant Nilda Esther Betancourt Figueroa conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1487.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Nilda Esther Betancourt Figueroa ascends to $20,504.00.

(jjjjj)    Norberto Torres Colón

1488.    Codefendant Norberto Torres Colón executed promissory notes on June 22, 2020, and January 24, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Norberto Torres Colón obtained $20.800.00 for each note.

1489.    Codefendant Norberto Torres Colón's PPP Loan numbers are 1133948402 and 1797428010.

1490.    Codefendant Norberto Torres Colón's PPP loan application contained [480.6SP and 1040-PR forms/business invoices] that were falsified and/or prepared using false information.

1491.    The PPP loans granted to codefendant Norberto Torres Colón were approved based on falsified [480.6SP and 1040-PR forms/business invoices] that were included as supporting documents in the loan applications.

1492.    SBA approved the PPP loan amounts for codefendant Norberto Torres Colón's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1493.    After the PPP loans were disbursed to codefendant Norberto Torres Colón, he issued checks to the order of Major Group, Inc. and MGE LLC, both of which are owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1494.    Codefendant Norberto Torres Colón knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1495.   Codefendant Norberto Torres Colón knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1496.   Codefendant Norberto Torres Colón conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1497.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Norberto Torres Colón ascends to $20,800.00 for loan 1133948402.

(kkkkk)        Omar Nieves Ayala

1498.   Codefendant Omar Nieves Ayala executed a promissory note on March 22, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Omar Nieves Ayala obtained $20,309.00.

1499.   Codefendant Omar Nieves Ayala's PPP Loan number is 3558038710.

1500.   Codefendant Omar Nieves Ayala's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1501.   The PPP loan granted to codefendant Omar Nieves Ayala was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1502.   SBA approved the PPP loan amounts for codefendant Omar Nieves Ayala's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1503.   After the PPP loan was disbursed to codefendant Omar Nieves Ayala, he issued a check for the benefit of Social Club LLC, which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1504.   Codefendant Omar Nieves Ayala knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1505.   Codefendant Omar Nieves Ayala knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1506.   Codefendant Omar Nieves Ayala conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1507.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Omar Nieves Ayala ascends to $20,309.00.

(lllll)   Orlando Román Nieves

1508.   Codefendant Orlando Román Nieves executed a promissory note on April 26, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Orlando Román Nieves obtained $19,791.00.

1509.   Codefendant Orlando Román Nieves's PPP Loan number is 3715968908.

1510.   Codefendant Orlando Román Nieves's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1511.   The PPP loan granted to codefendant Orlando Román Nieves was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1512.   SBA approved the PPP loan amounts for codefendant Orlando Román Nieves's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1513.   After the PPP loan was disbursed to codefendant Orlando Román Nieves, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1514.   Codefendant Orlando Román Nieves knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1515.   Codefendant Orlando Román Nieves knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1516.   Codefendant Orlando Román Nieves conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

(mmmmm)    Oscar López Cruz

1517.   Codefendant Oscar López Cruz executed a promissory note on May 11, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Oscar López Cruz obtained $20,476.00.

1518.   Codefendant Oscar López Cruz PPP Loan number is 1377879005.

1519.   Codefendant Oscar López Cruz's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1520.   The PPP loan granted to codefendant Oscar López Cruz was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1521.   SBA approved the PPP loan amounts for codefendant Oscar López Cruz's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1522.   After the PPP loan was disbursed to codefendant Oscar López Cruz, he compensated other RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1523.   Codefendant Oscar López Cruz knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1524.   Codefendant Oscar López Cruz knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1525.   Codefendant Oscar López Cruz conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1526.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Oscar López Cruz ascends to $20,476.00.

(nnnnn)    Pablo Andrés Alemany Nieves

1527.   Codefendant Pablo Andrés Alemany Nieves executed promissory notes on August 4, 2020 and January 20, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Pablo Andrés Alemany Nieves obtained $19,600.00 for each note.

1528.   Codefendant Pablo Andrés Alemany Nieves's PPP Loan numbers are 4347328207 and 4200618304.

1529.   Codefendant Pablo Andrés Alemany Nieves's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1530.   The PPP loans granted to codefendant Pablo Andrés Alemany Nieves were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1531.   SBA approved the PPP loan amounts for codefendant Pablo Andrés Alemany Nieves's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1532.   After the PPP loans were disbursed to codefendant Pablo Andrés Alemany Nieves, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1533.   Codefendant Pablo Andrés Alemany Nieves knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1534.   Codefendant Pablo Andrés Alemany Nieves knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1535.   Codefendant Pablo Andrés Alemany Nieves conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1536.   As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Pablo Andrés Alemany Nieves ascends to $19,216.26 for loan 4200618304.

(ooooo)        Pedro Miguel Linares Santiago

1537.   Codefendant Pedro Miguel Linares Santiago executed a promissory note on March 22, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Pedro Miguel Linares Santiago obtained $20,540.00.

1538.   Codefendant Pedro Miguel Linares Santiago's PPP Loan number is 3331708705.

1539.   Codefendant Pedro Miguel Linares Santiago's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1540.   The PPP loan granted to codefendant Pedro Miguel Linares Santiago was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1541.   SBA approved the PPP loan amounts for codefendant Pedro Miguel Linares Santiago's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1542.   After the PPP loan was disbursed to codefendant Pedro Miguel Linares Santiago, he issued a check for the benefit of Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1543.   Codefendant Pedro Miguel Linares Santiago knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1544.   Codefendant Pedro Miguel Linares Santiago knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1545.   Codefendant Pedro Miguel Linares Santiago conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1546.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Pedro Miguel Linares Santiago ascends to $20,540.00.

(ppppp)    Rafael González Casalduc

1547.   Codefendant Rafael González Casalduc executed promissory notes on February 5, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Rafael González Casalduc obtained $20,342.00.

1548.   Codefendant Rafael González Casalduc's PPP Loan number is 2257758509.

1549.   Codefendant Rafael González Casalduc's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1550.  The PPP loan granted to codefendant Rafael González Casalduc was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1551.  SBA approved the PPP loan amounts for codefendant Rafael González Casalduc's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1552.  After the PPP loan was disbursed to codefendant Rafael González Casalduc, he issued a check for the benefit of Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1553.  Codefendant Rafael González Casalduc knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1554.  Codefendant Rafael González Casalduc knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1555.  Codefendant Rafael González Casalduc conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loan for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1556.  As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Rafael González Casalduc ascends to $12,552.91.

(qqqqq)    Rafael Mejías González

1557.    Codefendant Rafael Mejías González executed a promissory note on May 06, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Rafael Mejías González obtained $20,314.00.

1558.    Codefendant Rafael Mejías González PPP Loan number is 9440808903.

1559.    Codefendant Rafael Mejías González's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1560.    The PPP loan granted to codefendant Rafael Mejías González was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1561.    SBA approved the PPP loan amounts for codefendant Rafael Mejías González's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1562.    After the PPP loan was disbursed to codefendant Rafael Mejías González, he issued a check for the benefit of Hendrick Socorro Sánchez Orta and other RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1563.    Codefendant Rafael Mejías González knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1564.    Codefendant Rafael Mejías González knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1565.   Codefendant Rafael Mejías González conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1566.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Rafael Mejías González ascends to $20,314.00.

(rrrr)   Rafael Sosa Gierbolini

1567.   Codefendant Rafael Sosa Gierbolini executed a promissory note on March 22, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Rafael Sosa Gierbolini obtained $20,377.00.

1568.   Codefendant Rafael Sosa Gierbolini's PPP Loan number is 3911818710.

1569.   Codefendant Rafael Sosa Gierbolini's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1570.   The PPP loan granted to codefendant Rafael Sosa Gierbolini was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1571.   SBA approved the PPP loan amounts for codefendant Rafael Sosa Gierbolini's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1572.   After the PPP loan was disbursed to codefendant Rafael Sosa Gierbolini, he issued a check for the benefit of Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1573.   Codefendant Rafael Sosa Gierbolini knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1574.   Codefendant Rafael Sosa Gierbolini knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1575.   Codefendant Rafael Sosa Gierbolini conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1576.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Rafael Sosa Gierbolini ascends to $20,377.00.

(sssss)  <u>Raymond Bosque Del Toro</u>

1577.   Codefendant Raymond Bosque Del Toro executed promissory notes on February 9, 2021 and April 29, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Raymond Bosque Del Toro obtained $20,833.00 and $29,166.00, respectively.

1578.   Codefendant Raymond Bosque Del Toro's PPP Loan numbers are 6446228402 and 5831808902.

1579.   Codefendant Raymond Bosque Del Toro's PPP loan applications contained and invoice, as well as 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1580.   The PPP loans granted to codefendant Raymond Bosque Del Toro were approved based on falsified documents, including 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1581.   SBA approved the PPP loan amounts for codefendant Raymond Bosque Del Toro's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1582.   After the PPP loans were disbursed to codefendant Raymond Bosque Del Toro, he issued a check to the order of MGE LLC, which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1583.   Codefendant Raymond Bosque Del Toro knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1584.   Codefendant Raymond Bosque Del Toro knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1585.   Codefendant Raymond Bosque Del Toro conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1586.  As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Raymond Bosque Del Toro ascends to $20,833.00 for loan 6446228402 and $29,166.00 for loan 5831808902.

(ttttt)    <u>Rebecca Serrano Martínez</u>

1587.    Codefendant Rebecca Serrano Martínez executed a promissory note on March 10, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Rebecca Serrano Martínez obtained $20,779.38

1588.    Codefendant Rebecca Serrano Martínez PPP Loan number is 1466958610.

1589.    Codefendant Rebecca Serrano Martínez's PPP loan application contained a 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1590.    The PPP loan granted to codefendant Rebecca Serrano Martínez was approved based on falsified a 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1591.    SBA approved the PPP loan amounts for codefendant Rebecca Serrano Martínez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1592.    After the PPP loan was disbursed to codefendant Rebecca Serrano Martínez, she issued a check for the benefit of José Carmona Morales, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1593.    Codefendant Rebecca Serrano Martínez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1594.    Codefendant Rebecca Serrano Martínez knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1595.   Codefendant Rebecca Serrano Martínez conspired with José Carmona Morales, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1596.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Rebecca Serrano Martínez ascends to $11,864.86.

(uuuuu)    Reynaldo López Agrinzoni

1597.   Codefendant Reynaldo López Agrinzoni executed a promissory note on April 25, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Reynaldo López Agrinzoni obtained $18,664.00.

1598.   Codefendant Reynaldo López Agrinzoni PPP Loan number is 3024438903.

1599.   Codefendant Reynaldo López Agrinzoni's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1600.   The PPP loan granted to codefendant Reynaldo López Agrinzoni was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1601.   SBA approved the PPP loan amounts for codefendant Reynaldo López Agrinzoni's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1602.   After the PPP loan was disbursed to codefendant Reynaldo López Agrinzoni, he issued a check for the benefit of Hendrick Socorro Sánchez Orta and other RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1603.   Codefendant Reynaldo López Agrinzoni knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1604.   Codefendant Reynaldo López Agrinzoni knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1605.   Codefendant Reynaldo López Agrinzoni conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1606.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Reynaldo López Agrinzoni ascends to $17,991.16.

(vvvvv)    Ricardo Garayúa Rolón

1607.   Codefendant Ricardo Garayúa Rolón executed promissory notes on February 18, 2021 and May 10, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Ricardo Garayúa Rolón obtained $20,515.00 for each note.

1608.   Codefendant Ricardo Garayúa Rolón's PPP Loan numbers are 5581488506 and 1027369005.

1609.   Codefendant Ricardo Garayúa Rolón's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1610.   The PPP loans granted to codefendant Ricardo Garayúa Rolón were approved based on falsified 1040-PR forms that were included as supporting documents in the loan applications.

1611.   SBA approved the PPP loan amounts for codefendant Ricardo Garayúa Rolón's benefit based on falsified 1040-PR forms that were included as supporting documents in the loan applications.

1612.   After the PPP loans were disbursed to codefendant Ricardo Garayúa Rolón, he issued a check to the order of Ricardo Santiago Rodríguez, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1613.   Codefendant Ricardo Garayúa Rolón knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1614.   Codefendant Ricardo Garayúa Rolón knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1615.   Codefendant Ricardo Garayúa Rolón conspired with Ricardo Santiago Rodríguez, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1616.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Ricardo Garayúa Rolón ascends to $20,515.00 for loan 1027369005.

(wwwww)    Ricardo Ramos Moyet

1617.   Codefendant Ricardo Ramos Moyet executed a promissory note on March 10, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Ricardo Ramos Moyet obtained $20,265.63.

1618.    Codefendant Ricardo Ramos Moyet PPP Loan number is 6351258604.

1619.    Codefendant Ricardo Ramos Moyet's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1620.    The PPP loan granted to codefendant Ricardo Ramos Moyet was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1621.    SBA approved the PPP loan amounts for codefendant Ricardo Ramos Moyet's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1622.    After the PPP loan was disbursed to codefendant Ricardo Ramos Moyet, he issued checks for the benefit of Hendrick Socorro Sánchez Orta and Social Club, LLC, which is owned and/or managed by Manfred Pentzke, both RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1623.    Codefendant Ricardo Ramos Moyet knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1624.    Codefendant Ricardo Ramos Moyet knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1625.    Codefendant Ricardo Ramos Moyet conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher

amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1626.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Ricardo Ramos Moyet ascends to $4,498.61.

(xxxxx)    Roberto Argenis Fragoso Negrón

1627.   Codefendant Roberto Argenis Fragoso Negrón executed a promissory note on May 04, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Roberto Argenis Fragoso Negrón obtained $20,020.00.

1628.   Codefendant Roberto Argenis Fragoso Negrón PPP Loan number is 8984348900.

1629.   Codefendant Roberto Argenis Fragoso Negrón's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1630.   The PPP loan granted to codefendant Roberto Argenis Fragoso Negrón was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1631.   SBA approved the PPP loan amounts for codefendant Roberto Argenis Fragoso Negrón's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1632.   After the PPP loan was disbursed to codefendant Roberto Argenis Fragoso Negrón, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1633.   Codefendant Roberto Argenis Fragoso Negrón knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1634.   Codefendant Roberto Argenis Fragoso Negrón knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1635.   Codefendant Roberto Argenis Fragoso Negrón conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1636.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Roberto Argenis Fragoso Negrón ascends to $20,020.00.

(yyyyy)      Roberto Gotay Concepción

1637.   Codefendant Roberto Gotay Concepción executed a promissory note on February 17, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Roberto Gotay Concepción obtained $20,648.33.

1638.   Codefendant Roberto Gotay Concepción PPP Loan number is 5547488502.

1639.   Codefendant Roberto Gotay Concepción's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1640.   The PPP loan granted to codefendant Roberto Gotay Concepción was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1641.   SBA approved the PPP loan amounts for codefendant Roberto Gotay Concepción's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1642.   After the PPP loan was disbursed to codefendant Roberto Gotay Concepción, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, as well as another chek to the order of Hendrick Socorro Sánchez Orta, both RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1643.   Codefendant Roberto Gotay Concepción knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1644.   Codefendant Roberto Gotay Concepción knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1645.   Codefendant Roberto Gotay Concepción conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1646.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Roberto Gotay Concepción ascends to $12,005.85.

(zzzzz) Roberto Luis López Cesareo

1647.   Codefendant Roberto Luis López Cesareo executed two (2) promissory notes as part of the PPP economic assistance program. Through the promissory notes, codefendant Roberto Luis López Cesareo obtained $20,800.00 and $29,120.00.

1648.   Codefendant Roberto Luis López Cesareo's PPP Loan numbers are 3801798008 and 4159978805.

1649.  Codefendant Roberto Luis López Cesareo's PPP loan applications contained forms that were falsified and/or prepared using false information.

1650.  The PPP loans granted to codefendant Roberto Luis López Cesareo were approved based on falsified forms that were included as supporting documents in the loan applications.

1651.  SBA approved the PPP loan amounts for codefendant Roberto Luis López Cesareo's benefit based on falsified forms that were included as supporting documents in the loan applications.

1652.  After the PPP loans were disbursed to codefendant Roberto Luis López Cesareo, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1653.  Codefendant Roberto Luis López Cesareo knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1654.  Codefendant Roberto Luis López Cesareo knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1655.  Codefendant Roberto Luis López Cesareo conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

(aaaaaa)        Rolando Jaime Sanjurjo Rosario

1656.   Codefendant Rolando Jaime Sanjurjo Rosario executed a promissory note on March 23, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Rolando Jaime Sanjurjo Rosario obtained $20,572.00.

1657.   Codefendant Rolando Jaime Sanjurjo Rosario's PPP Loan number is 3778498710.

1658.   Codefendant Rolando Jaime Sanjurjo Rosario's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1659.   The PPP loan granted to codefendant Rolando Jaime Sanjurjo Rosario was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1660.   SBA approved the PPP loan amounts for codefendant Rolando Jaime Sanjurjo Rosario's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1661.   After the PPP loan was disbursed to codefendant Rolando Jaime Sanjurjo Rosario, he issued a check to the order of, Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1662.   Codefendant Rolando Jaime Sanjurjo Rosario knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1663.   Codefendant Rolando Jaime Sanjurjo Rosario knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1664.   Codefendant Rolando Jaime Sanjurjo Rosario conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1665.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Rolando Jaime Sanjurjo Rosario ascends to $19,422.97.

(bbbbbb)    <u>Rosa Yamaris Casanova Salgado</u>

1666.   Codefendant Rosa Yamaris Casanova Salgado executed a promissory note on April 19, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Rosa Yamaris Casanova Salgado obtained $19,416.00

1667.   Codefendant Rosa Yamaris Casanova Salgado PPP Loan number is 7136858805.

1668.   Codefendant Rosa Yamaris Casanova Salgado's PPP loan application contained a 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1669.   The PPP loan granted to codefendant Rosa Yamaris Casanova Salgado was approved based on falsified a 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1670.   SBA approved the PPP loan amounts for codefendant Rosa Yamaris Casanova Salgado's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1671.   After the PPP loan was disbursed to codefendant Rosa Yamaris Casanova Salgado, she compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1672.   Codefendant Rosa Yamaris Casanova Salgado knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1673.   Codefendant Rosa Yamaris Casanova Salgado knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1674.   Codefendant Rosa Yamaris Casanova Salgado conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1675.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Rosa Yamaris Casanova Salgado ascends to $18,394.34.

(cccccc)    <u>Rosario Polonio Báez</u>

1676.   Codefendant Rosario Polonio Báez executed a promissory note on April 15, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Rosario Polonio Báez obtained $19,229.00

1677.   Codefendant Rosario Polonio Báez PPP Loan number is 4434698810.

1678.   Codefendant Rosario Polonio Báez's PPP loan application contained a 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1679.   The PPP loan granted to codefendant Rosario Polonio Báez was approved based on falsified a 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1680.   SBA approved the PPP loan amounts for Rosario Polonio Báez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1681.   After the PPP loan was disbursed to codefendant Rosario Polonio Báez, she compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1682.   Codefendant Rosario Polonio Báez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1683.   Codefendant Rosario Polonio Báez knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1684.   Codefendant Rosario Polonio Báez conspired with Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1685.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Rosario Polonio Báez ascends to $19,171.64.

(dddddd)    Rubén Rafael González Rodríguez

1686.   Codefendant Rubén Rafael González Rodríguez executed promissory notes on July 12, 2020 and February 5, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Rubén Rafael González Rodríguez obtained $20,800.00 and $29,120.00, respectively.

1687.  Codefendant Rubén Rafael González Rodríguez's PPP Loan numbers are 3212038201 and 4512408506.

1688.  Codefendant Rubén Rafael González Rodríguez's PPP loan applications contained forms that were falsified and/or prepared using false information.

1689.  The PPP loans granted to codefendant Rubén Rafael González Rodríguez were approved based on falsified forms that were included as supporting documents in the loan applications.

1690.  SBA approved the PPP loan amounts for codefendant Rubén Rafael González Rodríguez's benefit based on falsified forms that were included as supporting documents in the loan applications.

1691.  After the PPP loans were disbursed to codefendant Rubén Rafael González Rodríguez, he issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1692.  Codefendant Rubén Rafael González Rodríguez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1693.  Codefendant Rubén Rafael González Rodríguez knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1694.  Codefendant Rubén Rafael González Rodríguez conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the

submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1695.    As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Rubén Rafael González Rodríguez ascends to $29,033.14 for loan 4512408506.

(eeeee)    <u>Ruth Denise Trinidad De León</u>

1696.    Codefendant Ruth Denise Trinidad De León executed a promissory note on May 04, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Ruth Denise Trinidad De León obtained $19,166.00

1697.    Codefendant Ruth Denise Trinidad De León PPP Loan number is 8805278909.

1698.    Codefendant Ruth Denise Trinidad De León's PPP loan application contained a 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1699.    The PPP loan granted to codefendant Ruth Denise Trinidad De León was approved based on falsified a 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1700.    SBA approved the PPP loan amounts for Ruth Denise Trinidad De León's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1701.    After the PPP loan was disbursed to codefendant Ruth Denise Trinidad De León, she issued a check to the order of, Hendrick Socorro Sánchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1702.   Codefendant Ruth Denise Trinidad De León knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1703.   Codefendant Ruth Denise Trinidad De León knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1704.   Codefendant Ruth Denise Trinidad De León conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1705.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Ruth Denise Trinidad De León ascends to $11,503.10.

(ffffff) <u>Saúl Leonel Maldonado Acosta</u>

1706.   Codefendant Saúl Leonel Maldonado Acosta executed a promissory note on May 04, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Saúl Leonel Maldonado Acosta obtained $20,104.00.

1707.   Codefendant Saúl Leonel Maldonado Acosta PPP Loan number is 8842518908.

1708.   Codefendant Saúl Leonel Maldonado Acosta's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1709.   The PPP loan granted to codefendant Saúl Leonel Maldonado Acosta was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1710.   SBA approved the PPP loan amounts for codefendant Saúl Leonel Maldonado Acosta's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1711.   After the PPP loan was disbursed to codefendant Saúl Leonel Maldonado Acosta, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1712.   Codefendant Saúl Leonel Maldonado Acosta knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1713.   Codefendant Saúl Leonel Maldonado Acosta knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1714.   Codefendant Saúl Leonel Maldonado Acosta conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1715.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Saúl Leonel Maldonado Acosta ascends to $14,791.42.

(gggggg)    Sergio André León Pérez

1716.   Codefendant Sergio André León Pérez executed a promissory note on April 07, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Sergio André León Pérez obtained $18,883.00.

1717.   Codefendant Sergio André León Pérez PPP Loan number is 1107468810.

1718.   Codefendant Sergio André León Pérez's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1719.   The PPP loan granted to codefendant Sergio André León Pérez was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1720.   SBA approved the PPP loan amounts for codefendant Sergio André León Pérez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1721.   After the PPP loan was disbursed to codefendant Sergio André León Pérez, he issued a check to the order of, Major Group, Inc., which is owned and/or managed by Manfred Pentzke, and another check for the benefit of Hendrick Socorro Sánchez Orta, both RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1722.   Codefendant Sergio André León Pérez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1723.   Codefendant Sergio André León Pérez knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1724.   Codefendant Sergio André León Pérez conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1725.  As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Sergio André León Pérez ascends to $18,883.00.

(hhhhhh)    Sheila García Pérez

1726.  Codefendant Sheila García Pérez executed promissory notes on July 29, 2020 and February 4, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Sheila García Pérez obtained $14,800.00 for each note.

1727.  Codefendant Sheila García Pérez's PPP Loan numbers are 3163438206 and 5485748403.

1728.  Codefendant Sheila García Pérez's PPP loan applications contained forms that were falsified and/or prepared using false information.

1729.  The PPP loans granted to codefendant Sheila García Pérez were approved based on falsified forms that were included as supporting documents in the loan applications.

1730.  SBA approved the PPP loan amounts for codefendant Sheila García Pérez's benefit based on falsified forms that were included as supporting documents in the loan applications.

1731.  After the PPP loans were disbursed to codefendant Sheila García Pérez, she compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory notes.

1732.  Codefendant Sheila García Pérez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory notes, the agency's regulations and federal law.

1733.  Codefendant Sheila García Pérez knew or should have known that her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory notes.

1734.   Codefendant Sheila García Pérez conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory notes.

1735.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Sheila García Pérez ascends to $14,800.00 for loan 5485748403.

(iiiiii)   Stefania Vélez Echevarría

1736.   Codefendant Stefania Vélez Echevarría executed promissory notes on February 8, 2021 and April 29, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Stefania Vélez Echevarría obtained $20,632.00 for each note.

1737.   Codefendant Stefania Vélez Echevarría's PPP Loan numbers are 4299478505 and 8849818907.

1738.   Codefendant Stefania Vélez Echevarría's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1739.   The PPP loans granted to codefendant Stefania Vélez Echevarría were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1740.   SBA approved the PPP loan amounts for codefendant Stefania Vélez Echevarría's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1741.   After the PPP loans were disbursed to codefendant Stefania Vélez Echevarría, she issued a check to the order of Major Group, Inc., which is owned and/or managed by Manfred

Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory notes.

1742.  Codefendant Stefania Vélez Echevarría knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory notes, the agency's regulations and federal law.

1743.  Codefendant Stefania Vélez Echevarría knew or should have known that her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory notes.

1744.  Codefendant Stefania Vélez Echevarría conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory notes.

1745.  As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Stefania Vélez Echevarría ascends to $12,154.00 for loan 8849818907.

(jjjjjj)  Stephanie Deliz Ruiz Martínez

1746.  Codefendant Stephanie Deliz Ruiz Martínez executed promissory notes on February 22, 2021, and May 08, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Stephanie Deliz Ruiz Martínez obtained $20,508.75 and $20,508.00 for each note.

1747.  Codefendant Stephanie Deliz Ruiz Martínez's PPP Loan numbers are 9169968907 and 6879628508.

1748.  Codefendant Stephanie Deliz Ruiz Martínez's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1749.   The PPP loans granted to codefendant Stephanie Deliz Ruiz Martínez were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1750.   SBA approved the PPP loan amounts for codefendant Stephanie Deliz Ruiz Martínez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1751.   After the PPP loans were disbursed to codefendant Stephanie Deliz Ruiz Martínez, she issued checks to the order of MGE, LLC, which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of her executed promissory notes.

1752.   Codefendant Stephanie Deliz Ruiz Martínez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory notes, the agency's regulations and federal law.

1753.   Codefendant Stephanie Deliz Ruiz Martínez knew or should have known that her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory notes.

1754.   Codefendant Stephanie Deliz Ruiz Martínez conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory notes.

1755.   As of May 16, 2024, the outstanding balance of the PPP loans granted to codefendant Stephanie Deliz Ruiz Martínez ascends to $19,411.70 for loan 6879628508 and $20,089.70 for loan 9169968907.

(kkkkkk)    Tashia Chezette Maysonet Massó

1756.   Codefendant Tashia Chezette Maysonet Massó executed a promissory note on April 26, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Tashia Chezette Maysonet Massó obtained $20,162.00.

1757.   Codefendant Tashia Chezette Maysonet Massó's PPP Loan number is 3302718905.

1758.   Codefendant Tashia Chezette Maysonet Massó's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1759.   The PPP loan granted to codefendant Tashia Chezette Maysonet Massó was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1760.   SBA approved the PPP loan amounts for codefendant Tashia Chezette Maysonet Massó's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1761.   After the PPP loan was disbursed to codefendant Tashia Chezette Maysonet Massó, she compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1762.   Codefendant Tashia Chezette Maysonet Massó knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1763.   Codefendant Tashia Chezette Maysonet Massó knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1764.   Codefendant Tashia Chezette Maysonet Massó conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1765.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Tashia Chezette Maysonet Massó ascends to $20,162.00.

(llllll)   <u>Tatiana Mari Lebrón</u>

1766.   Codefendant Tatiana Mari Lebrón executed a promissory note on May 07, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Tatiana Mari Lebrón obtained $20,149.00

1767.   Codefendant Tatiana Mari Lebrón PPP Loan number is 9833608903.

1768.   Codefendant Tatiana Mari Lebrón's PPP loan application contained a 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1769.   The PPP loan granted to codefendant Tatiana Mari Lebrón was approved based on falsified a 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1770.   SBA approved the PPP loan amounts for Tatiana Mari Lebrón's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1771.   After the PPP loan was disbursed to codefendant Tatiana Mari Lebrón, she issued a check for the benefit of José Carmona Morales, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1772.   Codefendant Tatiana Mari Lebrón knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1773.   Codefendant Tatiana Mari Lebrón knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1774.   Codefendant Tatiana Mari Lebrón conspired with José Carmona Morales, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1775.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Tatiana Mari Lebrón ascends to $20,149.00.

(mmmmmm)   Tomás Catala Suárez

1776.   Codefendant Tomás Catala Suárez executed a promissory note on April 29, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Tomás Catala Suárez obtained $19,375.00.

1777.   Codefendant Tomás Catala Suárez PPP Loan number is 5526998906.

1778.   Codefendant Tomás Catala Suárez's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1779.   The PPP loan granted to codefendant Tomás Catala Suárez was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1780.   SBA approved the PPP loan amounts for codefendant Tomás Catala Suárez's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1781.   After the PPP loan was disbursed to codefendant Tomás Catala Suárez, he issued a checks for the benefit of Hendrick Socorro Sánchez Orta and Jonatan Prieto Ruiz de Val, both RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1782.   Codefendant Tomás Catala Suárez knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1783.   Codefendant Tomás Catala Suárez knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1784.   Codefendant Tomás Catala Suárez conspired with Hendrick Socorro Sánchez Orta, Jonatan Prieto Ruiz de Val, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1785.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Tomás Catala Suárez ascends to $19,317.21.

(nnnnnn)    <u>Verónica Vázquez Molina</u>

1786.   Codefendant Verónica Vázquez Molina executed a promissory note on April 09, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Verónica Vázquez Molina obtained $19,121.00

1787. Codefendant Verónica Vázquez Molina PPP Loan number is 3493368800.

1788. Codefendant Verónica Vázquez Molina's PPP loan application contained a 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1789. The PPP loan granted to codefendant Verónica Vázquez Molina was approved based on falsified a 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1790. SBA approved the PPP loan amounts for Verónica Vázquez Molina's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1791. After the PPP loan was disbursed to codefendant Verónica Vázquez Molina, she issued a check for the benefit of Ligia Lemus, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1792. Codefendant Verónica Vázquez Molina knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1793. Codefendant Verónica Vázquez Molina knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1794. Codefendant Verónica Vázquez Molina conspired with Ligia Lemus, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1795.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Verónica Vázquez Molina ascends to $19,063.97.

(oooooo)        Vicente Báez Medero

1796.   Codefendant Vicente Báez Medero executed two (2) promissory notes as part of the PPP economic assistance program. Through the promissory notes, codefendant Vicente Báez Medero obtained $20,300.00 and $28,420.00, respectively.

1797.   Codefendant Vicente Báez Medero's PPP Loan numbers are 4592478210 and 3468278708.

1798.   Codefendant Vicente Báez Medero's PPP loan applications contained forms that were falsified and/or prepared using false information.

1799.   The PPP loans granted to codefendant Vicente Báez Medero were approved based on falsified forms that were included as supporting documents in the loan applications.

1800.   SBA approved the PPP loan amounts for codefendant Vicente Báez Medero's benefit based on falsified forms that were included as supporting documents in the loan applications.

1801.   After the PPP loans were disbursed to codefendant Vicente Báez Medero, he issued a check to the order of MGE LLC and Major Group, Inc., both of which are owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1802.   Codefendant Vicente Báez Medero knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1803.   Codefendant Vicente Báez Medero knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1804.   Codefendant Vicente Báez Medero conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1805.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Vicente Báez Medero ascends to $23,170.28 for loan 3468278708.

(pppppp)    Victor Luis González Barbosa

1806.   Codefendant Victor Luis González Barbosa executed promissory notes on August 04, 2020, and January 24, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Victor Luis González Barbosa obtained $20,200.00 and $20,202.08 for each note.

1807.   Codefendant Victor Luis González Barbosa's PPP Loan numbers are 5673278401 and 4357128210.

1808.   Codefendant Victor Luis González Barbosa's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1809.   The PPP loans granted to codefendant Victor Luis González Barbosa were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1810.   SBA approved the PPP loan amounts for codefendant Victor Luis González Barbosa's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1811.   After the PPP loans were disbursed to codefendant Victor Luis González Barbosa, he issued a check to the order of Social Club, LLC, which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory notes.

1812.   Codefendant Victor Luis González Barbosa knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory notes, the agency's regulations and federal law.

1813.   Codefendant Victor Luis González Barbosa knew or should have known that his PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory notes.

1814.   Codefendant Victor Luis González Barbosa conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory notes.

1815.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Victor Luis González Barbosa ascends to $13,055.46 for loan 5673278401.

(qqqqqq)    <u>Virnabia Ruiz De Jesús</u>

1816.   Codefendant Virnabia Ruiz De Jesús executed a promissory note on April 16, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Virnabia Ruiz De Jesús obtained $20,654.00.

1817.    Codefendant Virnabia Ruiz De Jesús's PPP Loan number is 6752468805.

1818.    Codefendant Virnabia Ruiz De Jesús's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1819.    The PPP loan granted to codefendant Virnabia Ruiz De Jesús was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1820.    SBA approved the PPP loan amounts for codefendant Virnabia Ruiz De Jesús's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1821.    After the PPP loan was disbursed to codefendant Virnabia Ruiz De Jesús, she issued a check to the order of José Ortiz Cotte, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1822.    Codefendant Virnabia Ruiz De Jesús knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1823.    Codefendant Virnabia Ruiz De Jesús knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1824.    Codefendant Virnabia Ruiz De Jesús conspired with José Ortiz Cotte, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1825.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Virnabia Ruiz De Jesús ascends to $20,654.00.

(rrrrrr)  Wanda Mabel Rodríguez Feliciano

1826.   Codefendant Wanda Mabel Rodríguez Feliciano executed a promissory note on March 23, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Wanda Mabel Rodríguez Feliciano obtained $20,399.00.

1827.   Codefendant Wanda Mabel Rodríguez Feliciano PPP Loan number is 3803788706.

1828.   Codefendant Wanda Mabel Rodríguez Feliciano's PPP loan application contained a 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1829.   The PPP loan granted to codefendant Wanda Mabel Rodríguez Feliciano was approved based on falsified a 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1830.   SBA approved the PPP loan amounts for Wanda Mabel Rodríguez Feliciano's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1831.   After the PPP loan was disbursed to codefendant Wanda Mabel Rodríguez Feliciano, she issued checks for the benefit of Jonatan Prieto and Hendrick Sánchez Orta, both RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1832.   Codefendant Wanda Mabel Rodríguez Feliciano knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1833.   Codefendant Wanda Mabel Rodríguez Feliciano knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1834.   Codefendant Wanda Mabel Rodríguez Feliciano conspired with Jonatan Prieto, Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1835.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Wanda Mabel Rodríguez Feliciano ascends to $20,399.00.

(ssssss)    Wendee Patricia Cedeño Rosa

1836.   Codefendant Wendee Patricia Cedeño Rosa executed a promissory note on March 09, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Wendee Patricia Cedeño Rosa obtained $20,728.00

1837.   Codefendant Wendee Patricia Cedeño Rosa PPP Loan number is 5098298606.

1838.   Codefendant Wendee Patricia Cedeño Rosa's PPP loan application contained a 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1839.   The PPP loan granted to codefendant Wendee Patricia Cedeño Rosa was approved based on falsified a 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1840.   SBA approved the PPP loan amounts for Wendee Patricia Cedeño Rosa's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1841.   After the PPP loan was disbursed to codefendant Wendee Patricia Cedeño Rosa, she issued a check to the order of Social Club, LLC, which is owned and/or managed by Manfred Pentzke, as well as a check for the benefit of Hendrick Socorro Sánchez Orta, both RICO codefendants, using the PPP loan proceeds. Such payments constitute a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1842.   Codefendant Wendee Patricia Cedeño Rosa knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1843.   Codefendant Wendee Patricia Cedeño Rosa knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1844.   Codefendant Wendee Patricia Cedeño Rosa conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1845.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Wendee Patricia Cedeño Rosa ascends to $20,728.00.

(tttttt)  <u>Wilfredo Rivera Salgado</u>

1846.   Codefendant Wilfredo Rivera Salgado executed a promissory note on April 27, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Wilfredo Rivera Salgado obtained $19,121.00.

1847.   Codefendant Wilfredo Rivera Salgado's PPP Loan number is 3867648905.

1848.   Codefendant Wilfredo Rivera Salgado's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1849.   The PPP loan granted to codefendant Wilfredo Rivera Salgado was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1850.   SBA approved the PPP loan amounts for codefendant Wilfredo Rivera Salgado's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1851.   After the PPP loan was disbursed to codefendant Wilfredo Rivera Salgado, he issued a check to the order of José Ortiz Cotte, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1852.   Codefendant Wilfredo Rivera Salgado knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1853.   Codefendant Wilfredo Rivera Salgado knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1854.   Codefendant Wilfredo Rivera Salgado conspired with José Ortiz Cotte, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1855.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Wilfredo Rivera Salgado ascends to $19,121.00.

(uuuuuu)    <u>William Antony Vallejo Tagle</u>

1856.   Codefendant William Antony Vallejo Tagle executed a promissory note on March 10, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant William Antony Vallejo Tagle obtained $20,460.00.

1857.   Codefendant William Antony Vallejo Tagle's PPP Loan number is 7075038605.

1858.   Codefendant William Antony Vallejo Tagle's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1859.   The PPP loan granted to codefendant William Antony Vallejo Tagle was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1860.   SBA approved the PPP loan amounts for codefendant William Antony Vallejo Tagle's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1861.   After the PPP loan was disbursed to codefendant William Antony Vallejo Tagle, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1862.   Codefendant William Antony Vallejo Tagle knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1863.   Codefendant William Antony Vallejo Tagle knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1864.   Codefendant William Antony Vallejo Tagle conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1865.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant William Antony Vallejo Tagle ascends to $10,650.52. This loan is under a repayment plan.

(vvvvvv)    <u>Xavier Jesús Sierra Blas</u>

1866.   Codefendant Xavier Jesús Sierra Blas executed a promissory note on March 11, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Xavier Jesús Sierra Blas obtained $20,428.00.

1867.   Codefendant Xavier Jesús Sierra Blas's PPP Loan number is 1983918607.

1868.   Codefendant Xavier Jesús Sierra Blas's PPP loan application contained forms that were falsified and/or prepared using false information.

1869.   The PPP loan granted to codefendant Xavier Jesús Sierra Blas was approved based on falsified forms that were included as supporting documents in the loan application.

1870.   SBA approved the PPP loan amounts for codefendant Xavier Jesús Sierra Blas's benefit based on falsified forms that were included as supporting documents in the loan application.

1871.   After the PPP loan was disbursed to codefendant Xavier Jesús Sierra Blas, he compensated other RICO codefendants using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1872.   Codefendant Xavier Jesús Sierra Blas knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1873.   Codefendant Xavier Jesús Sierra Blas knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1874.   Codefendant Xavier Jesús Sierra Blas conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

(wwwwww)   Yadisha Morales Santiago

1875.   Codefendant Yadisha Morales Santiago executed a promissory note on May 04, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Yadisha Morales Santiago obtained $20,625.00

1876.   Codefendant Yadisha Morales Santiago PPP Loan number is 8226208905.

1877.   Codefendant Yadisha Morales Santiago's PPP loan application contained a 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1878.   The PPP loan granted to codefendant Yadisha Morales Santiago was approved based on falsified a 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1879.   SBA approved the PPP loan amounts for Yadisha Morales Santiago's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1880.   After the PPP loan was disbursed to codefendant Yadisha Morales Santiago, she issued a check for the benefit of Hendrick Socorro Sánchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1881.   Codefendant Yadisha Morales Santiago knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1882.   Codefendant Yadisha Morales Santiago knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1883.   Codefendant Yadisha Morales Santiago conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1884.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Yadisha Morales Santiago ascends to $20,625.00

(xxxxxx)    <u>Yanhzee Puig Maysonet</u>

1885.   Codefendant Yanhzee Puig Maysonet executed promissory notes on August 04, 2020, and January 24, 2021, as part of the PPP economic assistance program. Through the

promissory notes, codefendant Yanhzee Puig Maysonet obtained $20,833.33 and $20,800.00 for each note.

1886.   Codefendant Yanhzee Puig Maysonet's PPP Loan numbers are 1163568407 and 4396248203.

1887.   Codefendant Yanhzee Puig Maysonet's PPP loan applications contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1888.   The PPP loans granted to codefendant Yanhzee Puig Maysonet were approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1889.   SBA approved the PPP loan amounts for codefendant Yanhzee Puig Maysonet's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan applications.

1890.   After the PPP loans were disbursed to codefendant Yanhzee Puig Maysonet, she issued a check to the order of Social Club, LLC, which is owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory notes.

1891.   Codefendant Yanhzee Puig Maysonet knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory notes, the agency's regulations and federal law.

1892.   Codefendant Yanhzee Puig Maysonet knew or should have known that her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory notes.

1893.   Codefendant Yanhzee Puig Maysonet conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory notes.

1894.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Yanhzee Puig Maysonet ascends to $13,082.44 for loan 1163568407.

(yyyyyy)    Yanira Morales Valderrama

1895.   Codefendant Yanira Morales Valderrama executed promissory notes on August 4, 2020 and April 1, 2021, as part of the PPP economic assistance program. Through the promissory notes, codefendant Yanira Morales Valderrama obtained $20,800.00 and $29,120.00, respectively.

1896.   Codefendant Yanira Morales Valderrama's PPP Loan numbers are 4409928206 and 3627868706.

1897.   Codefendant Yanira Morales Valderrama's PPP loan applications contained forms that were falsified and/or prepared using false information.

1898.   The PPP loans granted to codefendant Yanira Morales Valderrama were approved based on falsified forms that were included as supporting documents in the loan applications.

1899.   SBA approved the PPP loan amounts for codefendant Yanira Morales Valderrama's benefit based on falsified forms that were included as supporting documents in the loan applications.

1900.   After the PPP loans were disbursed to codefendant Yanira Morales Valderrama, she issued a check to the order of MGE LLC and Social Club LLC, both of which are owned and/or managed by Manfred Pentzke, another RICO codefendant, using the PPP loan proceeds. Such

payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory notes.

1901.   Codefendant Yanira Morales Valderrama knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory notes, the agency's regulations and federal law.

1902.   Codefendant Yanira Morales Valderrama knew or should have known that her PPP loan applications were granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory notes.

1903.   Codefendant Yanira Morales Valderrama conspired with Manfred Pentzke Lemus and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory notes.

1904.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Yanira Morales Valderrama ascends to $17,041.63 for loan 3627868706.

(zzzzzz)     Yeimyliz Díaz Pastrana

1905.   Codefendant Yeimyliz Díaz Pastrana executed a promissory note on February 07, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Yeimyliz Díaz Pastrana obtained $20,829.80

1906.   Codefendant Yeimyliz Díaz Pastrana PPP Loan number is 4227498501.

1907.   Codefendant Yeimyliz Díaz Pastrana's PPP loan application contained a 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1908.   The PPP loan granted to codefendant Yeimyliz Díaz Pastrana was approved based on falsified a 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1909.   SBA approved the PPP loan amounts for Yeimyliz Díaz Pastrana's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1910.   After the PPP loan was disbursed to codefendant Yeimyliz Díaz Pastrana, she issued a check for the benefit of Hendrick Socorro Sánchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of her executed promissory note.

1911.   Codefendant Yeimyliz Díaz Pastrana knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of her executed promissory note, the agency's regulations and federal law.

1912.   Codefendant Yeimyliz Díaz Pastrana knew or should have known that her PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of her executed promissory note.

1913.   Codefendant Yeimyliz Díaz Pastrana conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of her executed promissory note.

1914.   As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Yeimyliz Díaz Pastrana ascends to $20,829.00.

(aaaaaaa)     Yoel Rivera Hernández

1915.   Codefendant Yoel Rivera Hernández executed a promissory note on May 04, 2021, as part of the PPP economic assistance program. Through such promissory note, codefendant Yoel Rivera Hernández obtained $20,312.00.

1916.   Codefendant Yoel Rivera Hernández PPP Loan number is 8441578903.

1917.   Codefendant Yoel Rivera Hernández's PPP loan application contained 480.6SP and 1040-PR forms that were falsified and/or prepared using false information.

1918.   The PPP loan granted to codefendant Yoel Rivera Hernández was approved based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1919.   SBA approved the PPP loan amounts for codefendant Yoel Rivera Hernández's benefit based on falsified 480.6SP and 1040-PR forms that were included as supporting documents in the loan application.

1920.   After the PPP loan was disbursed to codefendant Yoel Rivera Hernández, he issued a check for the benefit of Hendrick Socorro Sánchez Orta, another RICO codefendant, using the PPP loan proceeds. Such payment constitutes a kickback to a third party in direct violation of Section 5 of his executed promissory note.

1921.   Codefendant Yoel Rivera Hernández knew or should have known that the use of loan proceeds for purposes other than those expressly authorized by SBA was in direct violation of Section 5 of his executed promissory note, the agency's regulations and federal law.

1922.   Codefendant Yoel Rivera Hernández knew or should have known that his PPP loan application was granted as a result of the use of fraudulent information and documents, in violation of Section 8(a) of his executed promissory note.

1923.  Codefendant Yoel Rivera Hernández conspired with Hendrick Socorro Sánchez Orta, Manfred Pentzke Lemus, and Rodolpho Pagesy in order to obtain PPP loans for higher amounts as a result of the submission of fraudulent supporting documents, in direct violation of Section 8(a) of his executed promissory note.

1924.  As of May 16, 2024, the outstanding balance of the PPP loan granted to codefendant Yoel Rivera Hernández ascends to $20,312.00.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION – Violations of 18 U.S.C. § 1962(c)

1925.  Oriental incorporates by reference all previous paragraphs of the foregoing Complaint.

1926.  18 U.S.C. §1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity…

1927.  Oriental is a "person" within 18 US.C. §§ 1961(3) and 1964(c), "an entity capable of holding a legal or beneficial interest in property," and was injured by reason of the "racketeering activity" within 18 U.S.C.§ 1961(1) by the Defendants.

1928.  Each of the Defendants is a "person" under 18 U.S.C. §§1961(3) and 1962 (c), and "an entity capable of holding a legal or beneficial interest in property."

1929.  For purposes of this cause of action under 18 U.S.C. §1962(c), Major Group, Inc., MGE LLC, and Social Club, LLC constitute an "enterprise" within U.S.C. §§1961(4) and 1962(c) ("Major Group Enterprise").

1930.  The Major Group Enterprise was engaged in the activities which affected interstate commerce within 18 U.S.C. §§ 1961(4), 1962(c), and 1962(d).

1931.  The Defendants were and are officers, directors, executive administrators, managers, and other individuals employed by or associated with the Major Group Enterprise and conducted and participated, directly or indirectly, in the management and operation of the affairs of the Major Group Enterprise. The affairs of the Major Group Enterprise included the identification and recruiting of potential borrowers, the preparation of the fraudulent documentation to be submitted to Oriental in support of the PPP loan applications, assisting the borrowers in the loan application process and in submitting the fraudulent documents to Oriental and receiving a "kickback" payment from the Defendants.

1932.  Codefendant Manfred Pentzke and the Major Group Enterprise, as well as other codefendants, assisted Defendants in applying for PPP loans by submitting to Oriental false tax forms (Form 480.6SP) and supporting documents, including other tax forms and invoices. Such documents were intended to represent to Oriental that the loan applicants earned income as self-employed individuals in amounts ranging from $100,000 to $120,000.

1933.  During the application process of each Defendant, Pentzke submitted to Oriental, through Rodolpho Pagesy, falsified invoices, tax forms, and other supporting documents, which were prepared by third parties, including, but not limited to, codefendant Augusto Lemus and other defendants. Codefendant Rodolpho Pagesy then approved the loan applications with the fraudulent documents and coordinated to have the bank accounts created for disbursement of the loan proceeds.

1934.  After the PPP loans were disbursed, each Defendant used the loan proceeds for matters other than those expressly authorized by SBA, including, but not limited to, issuing checks to the order of the Major Group Enterprise, directly to Manfred Pentzke and/or any other

codefendant that assisted in the loan application process, using the PPP loan proceeds. Such payments constitute kickbacks to third parties.

1935.  The submission of false and fraudulent documents in over 100 PPP loan applications constitutes a pattern of racketeering activity involving predicate acts of wire fraud.

1936.  The Defendants were employed by or associated with or participated in the affairs of the enterprise for the same purposes of benefiting all, and they conducted and participated directly or indirectly, in the management and operation of the affairs of the enterprise, through a "pattern of racketeering activity" within 18 U.S.C. §§1961(1) and (5) and §1962(c), in particular, multiple, repeated and continuous violations of 18 U.S.C. § 1343 (interstate wire fraud).

1937.  The Defendants knowingly devised, and intended to devise, a scheme and artifice to defraud Oriental and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by submitting and causing to be submitted false and fraudulent applications for PPP funds. Defendants, for the purpose of executing this scheme to defraud, transmitted, and caused to be transmitted, writings, signs, signals, pictures, and sounds by means of wire communications in interstate commerce.

1938.  The Defendants submitted and caused the submission of fraudulent PPP loan applications, which caused Oriental to wire loan proceeds to bank accounts in the names of individuals and entities used to obtain such loans.

1939.  The Defendants transferred, and caused the transfer of the loan proceeds, in the form of kickback payments paid in cash and other manners. The kickback payments were disguised by the Defendants, on many occasions, to appear as payroll expenses for legitimate services.

1940. The Defendants spent the PPP fraud proceeds for their own personal benefit and for the benefit of their co-conspirators, including for expenses prohibited under the requirements of the PPP loan program.

1941. By reason of these violations, Oriental suffered (and will continue to suffer) a substantial injury to its "business and property" within 18 U.S.C. § 1964 (c) by reason of the violations of 18 U.S.C. § 1962 (c), committed by the Defendants. Oriental pleads the comprehensive scope of the injury to business and property of the Plaintiff by the Defendants for the benefit of the Court, but it seeks only to recover for the injury to its "business and property" within 18 U.S.C. § 1964 (c).

1942. Oriental disbursed to all Defendants over $6 million of PPP loans. These disbursements were made by Oriental as a consequence of Defendants having submitted falsified and fraudulent documents inflating their income. To the extent that Defendants' borrowing power was substantially inflated and to the extent that Oriental has declared all loans in default, the financial loss suffered by Oriental as a consequence of Defendants' actions, as well as the reputational damage, is substantial.

1943. Furthermore, as a result of the disbursement of PPP loans using fraudulent supporting documents, codefendant Rodolpho Pagesy obtained commissions and/or bonuses from Oriental, enriching himself at the prejudice of Oriental.

1944. The Defendants acted knowing that these "racketeering activities" would proximately and directly cause Oriental to suffer these damages. All of Oriental's damages were reasonably foreseeable by the Defendants and were anticipated as a substantial factor and a natural consequence of their pattern of "racketeering activity".

1945.  The Defendants purposely managed and operated the Major Group Enterprise by engaging in multiple "racketeering activities" within 18 U.S.C.§ 1961(1), that is, interstate wire fraud, for their benefit and with the purpose of increasing the Major Group Enterprises' revenue and profitability, to the financial detriment of Oriental.

**SECOND CAUSE OF ACTION – Conspiracy to violate 18 U.S.C. § 1962(c)**

1946.  Oriental incorporates by reference all previous paragraphs of the foregoing Complaint.

1947.  18 U.S.C. §1962(d) provides:

It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section.

1948.  The Defendants conspired among themselves within the meaning of 18 U.S.C. §1962(d) to establish, conduct, operate, and manage the enterprise, directly or indirectly, by engaging in a "pattern of racketeering activity" within 18 U.S.C.§1961(5) by the commission of multiple, repeated and continuous "racketeering activities" within 18 U.S.C. 1961(1) by interstate wire fraud (18 U.S.C. § 1343).

1949.  Defendants engaged in criminal activity by knowingly devising and executing a scheme to defraud and obtain money from Oriental by providing false information and fraudulent documents by means of wire communications. (Conspiracy to Commit Wire Fraud, 18 USC 1349; Wire Fraud, 18 USC § 1343).

1950.  Moreover, Defendants engaged in criminal activity by knowingly conducting financial transactions involving the funds illegally obtained from Oriental in order to conceal the nature and source of the illegally obtained funds and to further engage in illegal activity. (Conspiracy to Commit Money Laundering, 18 USC § 1956).

1951.  As a result of the Defendants' conspiracy and "racketeering activities" within 18 U.S.C. § 1961(1) and pursuant to it, Oriental has suffered substantial injury to its "business and property" within 18 U.S.C. § 1964 (c).

### THIRD CAUSE OF ACTION – Damages common to RICO causes of action

1952.  Oriental incorporates by reference all previous paragraphs of the foregoing Complaint.

1953.  As a direct and proximate result of these unlawful and intentional schemes to defraud and cheat by the Defendants, Oriental sustained (and will continue to sustain) actual, consequential, incidental, and statutory damages to its business and property of approximately $6 million.

1954.  18 U.S.C. § 1964(c) provides for the recovery of treble damages. Oriental is also entitled to recover their attorneys' fees, litigation expenses, and court costs under 18 U.S.C. § 1964(c), and Puerto Rico law.

1955.  All conditions precedent to Oriental's claims for attorneys' fees, litigation expenses, and court costs have been performed and occurred.

1956.  Oriental is entitled to equitable relief, as may be appropriate, under 18 U.S.C. § 1964(a), or other law, including disgorgement of illicit gains, a constructive trust, an equitable accounting for all illicit benefits, considerations, and revenues, gross profits, fees and earnings received, directly or indirectly, by the Defendants in any way, directly or indirectly, derived from their unlawful conduct in violation of 18 U.S.C. § 1961, *et seq*.

1957.  Oriental demands judgment, jointly and severally, against the Defendants, in an amount in excess of $10 million, trebled to an amount in excess of $30 million, pre-judgment interest, for their attorneys' fees and costs, the voiding of unlawful transfers, the disgorgement of

all ill-gotten revenues, gross profits and earnings and any and all amounts by which the Defendants have been unjustly enriched and such other relief as the Court deems proper.

## **FOURTH CAUSE OF ACTION – Collection of money**

1958.   Oriental incorporates by reference all previous paragraphs of the foregoing Complaint.

1959.   Oriental is at present the holder of the promissory notes executed by each of the Defendants (collectively all Promissory Notes referred herein as the "Promissory Notes").

1960.   Section 8 of the Promissory Notes outlines the circumstances under which the PPP Loan's maturity may be accelerated by Oriental, which includes the existence of "(a) any representation or warranty made in this Note [Promissory Note] or any certificate, financial statement, document (including without limitation, the application to obtain this loan or any document required by SBA with respect to it) or verbal communication submitted to Oriental by the Borrower or any guarantor which is proven to be false, deceitful, or intentionally fraudulent […]"

1961.   Also, Section 8(c) states that another Event of Default consists of "if the Borrower or any guarantor fails to comply with any other obligation assumed in relation to this Note, any document or contract executed in connection with this Note (including guarantees, if any)[…]"

1962.   In addition to the Events of Default that allows for the acceleration of the PPP loans' maturity, Section 9 of the Promissory Notes state that Oriental may also "(a) recover against all the present and future assets of the Borrower and/or any guarantor of the Borrower's obligations; and (b) exercise any other remedy in law or equity, without limitation or restriction of any kind."

1963.  As of the filing of the Complaint, each of the Defendants' PPP loans is in default and, accordingly, Oriental requests the Court to issue judgment ordering each Defendant to pay to Oriental the outstanding balance of each PPP loan, as described above.

1964.  Additionally, to the extent any of the PPP loans at issue in this case were forgiven by SBA, Oriental requests this Court to order Defendants to pay the loan balances that were forgiven as a consequence of Defendants' fraudulent acts.

**WHEREFORE**, Oriental, respectfully requests that this Court grant the present Complaint and, as a result thereof, enter judgment in its favor:

(i)      in an amount in excess of $10 million, trebled to an amount in excess of $30 million, pre-judgment interest, for their attorneys' fees and costs, the voiding of unlawful transfers, the disgorgement of all ill-gotten revenues, gross profits and earnings and any and all amounts by which the Defendants have been unjustly enriched;

(ii)     ordering each Defendant to repay the outstanding principal balance, plus interests, default interests, and attorney's fees due under each loan;

(iii)    awarding Oriental a reasonable amount for attorneys' fees and litigation expenses;

(iv)     awarding Oriental pre-judgment and post-judgment interests; and

(v)      granting such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED**.

In Guaynabo, Puerto Rico, this 29th day of November 2024.

**DELGADO & FERNÁNDEZ, LLC**
*Attorneys for Oriental Bank*
PO Box 11750
Fernández Juncos Station
San Juan, PR 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241

s/Alfredo Fernández Martínez
**ALFREDO FERNÁNDEZ MARTÍNEZ**
USDC-PR No. 210511
afernandez@delgadofernandez.com

s/ Pedro A. Hernández Freire
**PEDRO A. HERNÁNDEZ FREIRE**
USDC-PR No. 231702
phernandez@delgadofernandez.com

s/ Eduardo L. Hernández Freire
**EDUARDO L. HERNÁNDEZ FREIRE**
USDC-PR No. 305802
ehernandez@delgadofernandez.com