IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ORIENTAL BANK**<br>　Plaintiff<br><br>　　　　Vs.<br><br>**MANFRED PENTZKE LEMUS ET AL.**<br>　Defendant | **CIVIL NO. 24-CV-01550 MAJ** |

**MOTION FOR JOINDER OF MOTION TO DISMISS DOCKET NO. 168**

**TO THE HONORABLE COURT:**

**COMES NOW** Manuel L. Morales-Schmidt, Esq., legal representative for **CRYSTAL LEE SINGH-VARGAS**, and respectfully STATES, ALLEGES and PRAYS as follows:

1. On March 18, 2025, codefendant Stefania Velez-Echevarria filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 168).

2. Codefendant Velez-Echevarria argues that the complaint fails to satisfy the necessary requirements to establish any claims under the Racketeering Influenced and Corrupt Organizations (RICO) Act, wire fraud and breach of contract and as such does not survive the analysis under existing jurisprudence regarding Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. Defendant Singh-Vargas joins codefendant Velez-Echevarria in the arguments for dismissal of the complaint as stated in her motion at Docket No. 168 since those arguments apply equally to the allegations against Singh-Vargas contained in the complaint. In fact, Singh-Vargas name can be interchanged with Velez-Echevarria´s, with the exception of the amount of the loans,

so could most of the names of the other codefendants, such is the vague and general nature of the allegations contained in the complaint.

4. Defendant Singh-Vargas adopts by reference the motion to dismiss at Docket No. 168 based on Rule 10(c) of the Federal Rules of Civil Procedure. In addition, Defendant Singh Vargas argues as follows.

5. The general allegations against Defendant Singh-Vargas fail to establish a direct connection between her and the alleged offense. There is no specificity regarding the conspiracy with the other codefendants in the alleged scheme.

6. Moreover, the complaint fails to specify who submitted the allegedly fraudulent and falsified documents or who altered them. As previously stated, the allegations are so general in nature that the names of most of the codefendants´ names can be substituted in the allegations without altering them.

7. "Even at the pleading stage, civil RICO's direct relation requirement is rigorous and requires dismissal where substantial intervening factors attenuate the causal connection between the defendant's conduct and the plaintiff's injury." *Doe v. Trump Corp.*, 385 F. Supp. 3d 265, 276-77 (S.D.N.Y. 2019); *see Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992) (explaining that "the notion of proximate cause" entails "a demand for [*3] some direct relation between the injury asserted and the injurious conduct alleged"); *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 141 (2d Cir. 2018) ("[A] link that is too remote, purely contingent, or indirect is insufficient.")

8. A RICO claim, must be pleaded with heightened particularity under FRCP 9(b). *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011); *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir.2011). Allegations of fraud, like the ones made by Plaintiff, are subject to the

heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FRCP 9(b). For a claim for fraud or misrepresentation to survive the analysis, the pleader "must state the **who, what, where, and when** of the allegedly misleading representation with particularity." *Ezell v. Lexington Ins. Co.*, 926 F.3d 48, 51 (1st Cir. 2019) (emphasis supplied); *Kaufman v. CVS Caremark Corp.*, 836 F.3d 88, 91 (1st Cir. 2016); *Alt. Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004); *Summerhill v. Terminix, Inc., supra.*

9.  The RICO statute provides for civil action "[a]ny person injured in his business or property by reason of a violation of" the substantive provisions of the statute. 18 U.S.C. § 1964(c). Civil RICO claims "must be **particularly scrutinized** because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it." *Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12, 20 (1st Cir. 2000). (emphasis supplied) "[I]n cases alleging civil RICO violations, particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants." *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991). "Civil RICO is an unusually potent weapon— the litigation equivalent of a thermonuclear device. The very pendency of a RICO suit can be stigmatizing and its consummation can be costly." *Id.* Accordingly, "courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990).

10. The complaint is speculative in most of its allegations regarding Defendant Singh-Vargas alleging that there are inconsistencies with tax documents without any specification as to who produced those documents, or to the intent to defraud exhibited by the Defendant. Furthermore,

there is no allegation of a particular role played by the Defendant in the larger scheme or the loan approval process.

11. The complaint merely states that Singh-Vargas "knew or should have known" about the use of the fraudulent information or documents. Such broad and speculative allegations are insufficient to survive a challenge under FRCP 12(b)(6) as FRCP 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.". And, for a claim for fraud or misrepresentation to survive the analysis, the pleader "must state the **who, what, where, and when** of the allegedly misleading representation with particularity." *Ezell v. Lexington Ins. Co.*, *supra*.

**WHEREFORE**, undersigning attorney respectfully prays and requests that this Honorable Court take notice of this motion and allows Defendant Singh-Vargas to join the Motion to Dismiss at Docket No. 168 and grants the dismissal of the complaint therein requested.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 2th day of April 2025.

**I HEREBY CERTIFY** that on this same date, a true and exact copy of this document has been filed using the CM/ECF system and that all counsel of record will be served a copy of this motion.

S/*Manuel L. Morales Schmidt*
**Manuel L. Morales-Schmidt**
USDC-PR#301608
Urb. Sta. Cruz
Esteban Padilla #47 Ste. 1-A
Bayamón, P.R. 00961
Tel.: (787) 993-2109
Fax: (787) 946-1767
lcdo.manuelmorales@delgado-morales.com